**FILED**
**JANUARY 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 590**

**JUDGE MANNING**
**MAGISTRATE JUDGE KEYS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Defendants. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), complain of Defendants, Royal Appliance Mfg. Co., d/b/a TTI Floor Care North America, and TechTronics Industries Co. Ltd., as follows:

**Parties, Jurisdiction and Venue**

1. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. § 1338(a).

2. Black & Decker Inc. is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

3. Black & Decker (U.S.) Inc. is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland.

4.      Royal Appliance Mfg. Co., d/b/a TTI Floor Care North America ("Royal"), is an Ohio corporation having its principal place of business at 7005 Cochran Road, Glenwillow, Ohio. Royal designs, markets and sells floor care products, such as the Dirt Devil® hand-held vacuums accused of infringement in this action, throughout the United States and in this judicial District.

5.      TechTronics Industries Co. Ltd. ("TTI") is a Hong Kong corporation having its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong. TTI is the ultimate parent of Defendant Royal and is a designer and manufacturer of floor care products, including the accused hand-held vacuums sold under the Dirt Devil® brand name, which are imported, marketed and sold throughout the United States and in this judicial District.

6.      The Court has personal jurisdiction over each of the Defendants because, among other things, each transacts business in this District, at least by offering to sell, selling, importing and/or advertising the infringing vacuum products through retail stores and the Internet in such a way as to reach customers in Illinois and this judicial District.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**Patent Infringement**

8.      Black & Decker incorporates the allegations set forth in paragraphs 1-7 above.

9.      Black & Decker Inc. owns United States Patent No. 5,388,303, entitled "Vacuum Cleaner With Extendable Hose And Brush Disengagement," issued on February 14, 1995 ("the '303 patent").

10.     Black & Decker (U.S.) Inc. is the exclusive licensee under the '303 patent and has been directly injured by Defendants' infringing activities.

11. Black & Decker Inc. and Black & Decker (U.S.) Inc. have standing to sue for infringement of the '303 patent because they collectively own all right, title and interest in and to the '303 patent and the Black & Decker products covered by that patent, including the right to collect for past damages. Black & Decker Inc. and Black & Decker (U.S.) Inc. have each suffered injury from the Defendants' acts of patent infringement.

12. Defendants have infringed, and are now directly infringing the '303 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing vacuum products, including but not limited to the Dirt Devil® brand Platinum Force® (Model Nos. M08240 and M08240HD) and Power Reach® (Model Nos. M08245 and M08245X) hand-held vacuum products (the "Accused Products"). Defendants have also infringed the '303 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Products.

13. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

14. Defendants have been given actual notice of their infringement of the '303 patent, and Black & Decker has fully complied with the provisions of 35 U.S.C. § 287.

15. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful, deliberate and objectively reckless.

16. Defendants' infringing activities have injured and will continue to injure Black & Decker, unless and until this Court enters an injunction prohibiting further infringement and,

specifically, enjoining further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the claims of the '303 patent.

## Prayer for Relief

WHEREFORE, Black & Decker respectfully asks this Court to enter judgment against Defendants Royal and TTI, individually and jointly, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Black & Decker and against Royal and TTI;

B. An award of damages adequate to compensate Black & Decker for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. Increased damages as permitted under 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Black & Decker of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '303 patent; and,

F. Such other relief to which Black & Decker is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## Jury Demand

Black & Decker demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

___/s/ Raymond P. Niro, Jr._____
Raymond P. Niro, Jr.
Paul C. Gibbons
Robert A. Conley
Laura A. Kenneally
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Facsimile: (312) 236 3137
rnirojr@nshn.com; gibbons@nshn.com
conley@nshn.com; lkenneally@nshn.com

Attorneys for Black & Decker Inc. and Black & Decker (U.S.) Inc.

5