**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | |
| Plaintiffs, | CASE NO.:   08-CV-590 |
| v. | Judge Blanche M. Manning<br>Magistrate Judge Arlander Keys |
| ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD'S ANSWER AND AFFIRMATIVE DEFENSES AND ROYAL APPLIANCE MFG. CO.'S COUNTERCLAIMS**

Defendants Royal Appliance Mfg. Co. ("Royal") and Techtronic Industries Co. Ltd ("TTI") (collectively "Defendants") answer the allegations of plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Plaintiffs"), and assert affirmative defenses as set forth below.  Royal also asserts counterclaims as set forth below, solely on its own behalf.  To the extent that any response to the conclusory headings used in the Complaint or Plaintiffs' Prayer for Relief may be deemed required, Defendants deny any allegations that may be set forth in those headings or the Prayer for Relief.  Defendants deny any allegation not deemed to be addressed below, if any, to the extent that the allegation is deemed to require a response.

**Parties, Jurisdiction and Venue**

1.  Defendants admit the allegations.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

4.   Defendants admit that Royal is an Ohio corporation having a principal place of business at 7005 Cochran Road, Glenwillow, Ohio, and that Royal sells the Power Reach vacuum cleaner. Defendants deny the remainder of the allegations.

5.   Defendants admit that TTI is a Hong Kong corporation having a principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong. Defendants deny the remainder of the allegations.

6.   Defendants admit that this Court has personal jurisdiction over Royal but deny the remainder of the allegations.

7.   Defendants admit that venue is proper as to Royal but deny the remainder of the allegations.

## Patent Infringement

8.   Defendants incorporate the answers set forth in paragraphs 1-7 above.

9.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

10.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Black & Decker (U.S.) Inc. is the exclusive licensee under the '303 patent and therefore deny that allegation. Defendants deny that they have engaged in any infringing activities. Defendants deny the remainder of the allegations.

11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Black & Decker Inc.'s and Black & Decker (U.S.) Inc.'s ownership of the '303 patent and therefore deny the allegations. Defendants deny that they have engaged in any acts of infringement. Defendants deny the remainder of the allegations.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Denied.

16.  Denied.

**Affirmative Defenses**

Defendants assert the following affirmative defenses:

1.  Royal and TTI have not and do not infringe, directly or indirectly, actively induce others to infringe, or contribute to the infringement by others of any valid claim of the '303 patent.

2.  The claims of the '303 patent are invalid for failing to meet one or more of the statutory requirements 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

3.  Plaintiffs' claim for damages (to the extent Plaintiffs are entitled to damages) is limited because Plaintiffs failed to meet the statutory requirements of 35 U.S.C. § 287.

4.  Plaintiffs' claim for damages (to the extent Plaintiffs are entitled to damages) is limited by the statute of limitations as set forth in 35 U.S.C. § 286.

5.  Plaintiffs' claim for damages (to the extent Plaintiffs are entitled to damages) is barred in whole or in part by the doctrine of laches.

6.  Plaintiffs' claim for damages (to the extent Plaintiffs are entitled to damages) is barred in whole or in part by the doctrine of equitable estoppel.

**Affirmative Defense of Patent Unenforceability due to Inequitable Conduct**

7.  The '303 patent application was filed on April 4, 1994 as a divisional application of previously filed patent application 08/002,132 ("the '132 application"). The '132 application was filed on January 8, 1993 and issued as U.S. Patent No. 5,331,716 ("the '716 patent"). The '303 patent issued on February 14, 1995.

8.  On August 30, 1994, the patent examiner issued an office action rejecting all but one of the pending claims of the '303 patent application as being unpatentable under 35 U.S.C. §§ 102 and/or 103 in view of at least three prior art references that disclosed upright vacuum cleaners. The remaining claim, claim 3, was rejected for depending from a rejected claim.

9.  In an amendment dated October 20, 1994, the applicants attempted to overcome the rejection by amending the claims to include a limitation requiring that the "length of the axially extending upper surface of the housing is relatively larger than the distance between the

upper and lower housing surfaces." The applicants represented that this amendment allegedly "more clearly define[d] the present invention as it relates to a portable hand-held vacuum cleaner."

10. Applicants' statement that this amendment "define[d] the present invention as it relates to a portable hand-held vacuum cleaner," in fact does not define a "hand-held" vacuum cleaner, and is directly contradicted by prior art that the attorney who prosecuted the '303 patent application was aware of and had reviewed. Specifically, applicants and their prosecuting attorney were aware of at least U.S. Patent Nos. 2,335,031 ("the '031 patent"); 3,564,641 ("the '641 patent"); and 4,519,113 ("the '113 patent") (collectively referred to as "the Housing Limitation Prior Art") which all show vacuum cleaners that are not hand-held, but do have a housing where the "length of the axially extending upper surface of the housing is relatively larger than the distance between the upper and lower housing surfaces."

11. Upon information and belief, the applicants and prosecuting attorney were also aware of prior art canister style vacuums where the "length of the axially extending upper surface of the housing is relatively larger than the distance between the upper and lower housing surfaces" (collectively referred to as "the Canister Prior Art").

12. In view of the amendments, applicants then represented to the patent examiner that the claims were patentable over the prior art because "applicants are the first to obtain some of the benefits of an upright vacuum cleaner in a hand-held portable vacuum cleaner." Applicants provided no other basis for patentability of the amended claims over the prior art upright vacuum cleaners that formed the basis of the patent examiner's rejection.

13. Applicants' intentional statement that "applicants are the first to obtain some of the benefits of an upright vacuum cleaner in a hand-held portable vacuum cleaner" is directly contradicted by prior art that their attorney who prosecuted the '303 patent application was aware of and had reviewed. Upon information and belief, applicants were also aware of this prior art. Specifically, applicants and their attorney who prosecuted the '303 patent application were aware of at least four prior art references which directly contradicted their representation to the patent examiner in support of patentability. The prior art references are U.S. Patent Nos. 1,944,950 ("the '950 patent"); 4,644,605 ("the '605 patent"); 4,660,246 ("the '246 patent"); and 4,811,452 ("the '452 patent") (collectively referred to as "the Material Prior Art References").

14.     The '950 patent issued on January 30, 1934 and obtains some benefits of an upright vacuum cleaner in a hand-held vacuum. The '950 patent discloses a convertible vacuum cleaner to "very considerably reduce the expense to the average family of providing cleaning equipment both for the house and for the automobile, by providing a set of apparatus which the housewife can convert into either a floor or a hand type cleaner."

15.     The '605 patent issued on February 24, 1987 and obtains some benefits of an upright vacuum cleaner in a hand-held vacuum. The '605 patent is directed "to vacuum cleaners and more particularly to a vacuum cleaner convertible between an upright unit and a portable hand carried unit."

16.     The '246 patent issued on April 28, 1987 and obtains some benefits of an upright vacuum cleaner in a hand-held vacuum. The '246 patent is directed to a vacuum that can be converted "into an arrangement suitable for floor supported vacuuming; hand carried vacuum cleaning operation; or canister type vacuum cleaning via a flexible hose attachment."

17.     The '452 patent issued on March 14, 1989 and recognizes that past vacuums have obtained some benefits of an upright vacuum cleaner in a hand-held vacuum. The '452 patent recognizes that the '246 patent discloses a vacuum cleaner "convertible between upright and hand-held styles, with auxiliary cleaning available in either such configuration."

18.     The named inventors and the attorney who prosecuted the '716 patent are the same as the named inventors and attorney who prosecuted the '303 patent. Each of the Material Prior Art References was cited during the prosecution of the '716 patent in an information disclosure statement ("the '716 IDS") submitted to the PTO in February of 1993. In the '716 IDS, the prosecuting attorney provided a characterization of the content of several prior art references, including the '246 patents, and stated that he was "also aware of" other prior art including the '950, '605, and '452 patents. The '716 IDS identified over 60 prior art references, including the Housing Limitation Prior Art.

19.     The first office action mailed on August 30, 1994, during the prosecution of the '303 patent application, includes Form PTO-892 identifying the references cited by the patent examiner. Nine prior art references are identified in the Form PTO-892. The nine references cited in the Form PTO-892 includes five prior art references that were not included in the '716 IDS and four prior art references that were included in the '716 IDS. None of the Material Prior

5

Art References, the Housing Limitation Prior Art or the Canister Prior Art was identified in the Form PTO-892.

20. There is no indication in the first office action mailed on August 30, 1994 that the Material Prior Art References, the Housing Limitation Prior Art or the Canister Prior Art were considered by the patent examiner.

21. In view of their representation about the patentability of the amended claims over the prior art and despite their knowledge about the prior art, and its contents, and the absence of any indication that the examiner considered the Material Prior Art References, the Housing Limitation Prior Art or the Canister Prior Art in preparing the first office action, the applicants and prosecuting attorney did not submit or attempt to make the examiner aware of any of the Material Prior Art References, the Housing Limitation Prior Art, the Canister Prior Art or other prior art cited in the '716 IDS during the prosecution of the '303 patent application.

22. There is no evidence or record in the '303 patent file history indicating that the Material Prior Art References, the Housing Limitation Prior Art or the Canister Prior Art were ever considered by the patent examiner during the prosecution of the '303 patent application.

23. With the exception of the four of the references identified in the Form PTO-892, there is no evidence or record in the '303 patent file history indicating that the other prior art identified in the '716 IDS was ever considered by the patent examiner during the prosecution of the '303 patent application.

24. Upon information and belief, applicants' and their attorney's incorrect statements to the patent examiner during the prosecution of the '303 patent about the state of the prior art and/or the distinction made by the amendment were made with an intent to deceive the patent examiner.

25. Upon information and belief, applicants' and their attorney's failure to bring the Material Prior Art References, the Housing Limitation Prior Art or the Canister Prior Art to the attention of the patent examiner when they knew the examiner had not considered them was made with an intent to deceive the patent examiner.

26. The claims of the '303 patent are unenforceable.

## Prayer for Relief

WHEREFORE, Defendants pray for relief against Black & Decker Inc. and Black & Decker (U.S.) Inc., individually and jointly, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees and all persons in active concert or participation with them, as follows:

1. A dismissal of Plaintiffs' Complaint with prejudice;

2. A judgment that Defendants have not infringed, induced infringement or contributed to the infringement of any valid claim of the '303 patent;

3. A judgment that all of the claims of the '303 patent are invalid;

4. A judgment that the claims of the '303 patent are unenforceable;

5. A judgment that this is an exceptional case under 35 U.S.C. § 285 and for an award of Defendants' attorney fees and costs in this action; and

6. For any other relief that that Defendants are entitled under law, and any other further relief that this Court may deem just and proper.

## Royal's Counterclaims

1. Counterclaim plaintiff Royal is an Ohio corporation having a principal place of business at 7005 Cochran Road, Glenwillow, Ohio.

2. Plaintiffs' allege and on that basis Royal alleges that counterclaim defendant Black & Decker Inc. is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

3. Plaintiffs' allege and on that basis Royal alleges that counterclaim defendant Black & Decker (U.S.) Inc. is a Delaware corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland.

4. Plaintiffs' allege and on that basis Royal alleges that counterclaim defendants Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Counterclaim Defendants") collectively own all rights that may exist to U.S. Patent No. 5,388,303 ("the '303 patent").

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337(a), 1338(a) and 1367.

6. Personal jurisdiction is proper in this judicial district.

7. Venue is proper in this judicial district.

8. Counterclaim Defendants have alleged that Royal is infringing one or more of the claims of the '303 patent by the manufacture, use, sale, importation and/or offer for sale of vacuum products identified as Dirt Devil® brand Platinum Force® (Model Nos. M08240 and M08240HD) and Power Reach® (Model Nos. M08245 and M08245X) (collectively referred to as the "Accused Products"), by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Products.

9. Counterclaim Defendants are seeking damages from Royal for the alleged infringement of the '303 patent.

### First Counterclaim for Declaration of Noninfringement

10. Royal realleges and incorporates by reference the allegations set forth in paragraphs 1-9 above.

11. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

12. Royal has not and does not directly infringe, contributorily infringe or actively induce others to infringe any valid claim of the '303 patent by the manufacture, use, sale, importation and/or offer for sale of the Accused Products or any other products.

### Second Counterclaim for Declaration of Patent Invalidity

13. Royal realleges and incorporates by reference the allegations set forth in paragraphs 1-12 above.

14. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

15. The claims of the '303 patent are invalid for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.,* including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

### Third Counterclaim for Declaration of Patent Unenforceability

16. Royal realleges and incorporates by reference the allegations set forth in paragraphs 1-16 above.

17. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

18. Royal realleges and incorporates by reference the allegations set forth in paragraphs 7-25 of the Affirmative Defense of Patent Unenforceability due to Inequitable Conduct.

19. The claims of the '303 patent are unenforceable.

### Prayer for Relief

WHEREFORE, Royal prays for relief against Black & Decker Inc. and Black & Decker (U.S.) Inc., individually and jointly, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees and all persons in active concert or participation with them, as follows:

1. For a declaration that Royal does not infringe any valid claim of the '303 patent;

2. For a declaration that the claims of the '303 patent are invalid;

3. For a declaration that the claims of the '303 patent are unenforceable;

4. For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of Royal's attorney fees and costs in this action; and

5. For any other relief that that Royal is entitled under law, and any other further relief that this Court may deem just and proper.

### Demand for Jury Trial

Pursuant to FED. R. CIV. P. 38(b), Defendants hereby demand a trial by jury of all issues so triable in this action.

Dated:  March 31, 2008

Respectfully submitted,

/s/ Manish K. Mehta

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL  60611
Tel:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD'S ANSWER AND AFFIRMATIVE DEFENSES AND ROYAL APPLIANCE MFG. CO.'S COUNTERCLAIMS is being served on the 31st day of March 2008, to the following attorneys of record in the manner indicated.

Via filing with the Clerk of the Court using the Case Management/Electronic Case Filing ("CM/ECF") system:

> Raymond P. Niro, Jr.
> Paul C. Gibbons
> Robert A. Conley
> Laura A. Kenneally
> NIRO SCAVONE, HALLER & NIRO
> 181 West Madison, Suite 4600
> Chicago, Illinois 60602-4515
> Tel: 312-236-0733
> Fax: 312-236-3137
>
> Attorneys for Plaintiffs
>
>
> /s/ Manish K. Mehta
> Manish K. Mehta
> BRINKS HOFER GILSON & LIONE