**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | |
| Plaintiffs, | CASE NO.:      08-CV-590 |
| v. | Judge Blanche M. Manning |
| ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD., | Magistrate Judge Arlander Keys |
| Defendants. | |

**DEFENDANTS' MOTION TO STAY PENDING THE OUTCOME OF THE REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,388,303**

Royal Appliance Mfg. Co. ("Royal") and Techtronic Industries Co. Ltd. (TTI") (collectively referred to as "Defendants"), by and through their undersigned attorneys, hereby move to stay this action brought by Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively referred to as "Plaintiffs"), for alleged infringement of U.S. Patent No. 5,388,303 (the "'303 Patent). Within the next 30 days, Royal intends to file a request for reexamination of the '303 Patent with the United States Patent and Trademark Office ("PTO"). The law requires that the request for reexamination will be acted upon with "special dispatch," and an order granting or denying the request will issue within 90 days of the filing of the request. Twenty-five years of statistical information from the PTO indicates that requests for reexamination are granted over 90% of the time and the claims are either modified or cancelled in 74% of the reexamination proceedings. It is likely that these numbers will increase due to the recent Supreme Court ruling in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007) concerning the obviousness standard. A stay is in the interests of judicial economy and will contribute to the preservation of resources by all of the parties involved. Indeed, a stay pending the outcome of the reexamination proceedings may totally eliminate the need for a trial.

A stay is proper under the circumstances of this case. After all, this case is in its initial stages. Plaintiffs filed suit against Defendants on January 28, 2008, nearly three years after

Plaintiffs failed to respond to Royal's letter in February 2005 concerning the '303 patent and the products accused of infringement in this case.  Royal also filed counterclaims.  The Defendants deny that the '303 Patent is infringed and allege that the claims of the '303 Patent are invalid and are unenforceable.  Royal's counterclaims make similar allegations.  The Plaintiffs have yet to respond to Royal's counterclaims.  The initial status hearing in this case is set for April 10, 2008.  There has been no other activity in this case and no scheduling order has been set.

A stay pending the outcome of the reexamination will avoid the risk of unnecessary discovery and litigation, will simplify the issues for trial, should one be required, and will not unduly prejudice the Plaintiffs.  Indeed, any consequence resulting from a stay is insignificant and trumped by the effects of Plaintiffs' over three-year delay in filing this action.

For all these reasons and the reasons set forth in the accompanying Memorandum in Support hereof, the Defendants respectfully request this Court to grant Defendants' Motion to Stay Pending the Outcome of the Request for Reexamination of U.S. Patent No. 5,388,303.

Dated:  April 7, 2008

Respectfully submitted,

/s/ Manish K. Mehta

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL  60611
Tel:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing DEFENDANTS' MOTION TO STAY PENDING THE REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,388,303 is being served on the 7th day of April 2008, to the following attorney of record in the manner indicated.

Via filing with the Clerk of Court using the Case Management/electronic Case Filing ("CM/ECF") system:

>Raymond P. Niro
>Niro, Scavone, Haller & Niro
>181 W. Madison Street – Suite 4600
>Chicago, IL    60602-4515
>
>Attorney for Plaintiffs, Black & Decker Inc.
>and Black & Decker (U.S.) Inc.
>
>
>/s/ Manish K. Mehta
>BRINKS HOFER GILSON & LIONE