UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER, INC. and BLACK & DECKER (U.S.), INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO., LTD. <br><br> Defendants. | Civil Action No. 1:08-cv-00590 <br> Judge Manning <br> Magistrate Judge Keys |

**ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD.'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING THE OUTCOME OF THE REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,388,303**

Gary M. Ropski, Esq.
Robert S. Mallin, Esq.
Manish K. Mehta, Esq.
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611-5599
Telephone:   312-321-4200
Facsimile:   312-321-4299
gropski@usebrinks.com
rmallin@usebrinks.com
mmehta@usebrinks.com

Attorneys for:
ROYAL APPLIANCE MFG. CO. and
TECHTRONIC INDUSTRIES CO., LTD.

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| | A. THIS CASE IS IN ITS EARLIEST STAGES | 1 |
| | B. PLAINTIFFS DELAYED IN BRINGING THIS LAWSUIT FOR MANY YEARS | 2 |
| | C. ROYAL PLANS TO FILE A REQUEST FOR REEXAMINATION WITHIN 30 DAYS | 2 |
| III. | STANDARD FOR A STAY PENDING REEXAMINATION PROCEEDINGS | 3 |
| IV. | A STAY PENDING THE OUTCOME OF THE PTO'S REEXAMINATION OF THE '303 PATENT IS WARRANTED | 4 |
| | A. THE LITIGATION IS IN ITS PRELIMINARY STAGES | 5 |
| | B. A STAY WOULD PREVENT, RATHER THAN CAUSE, UNDUE PREJUDICE OR DISADVANTAGE TO THE PARTIES | 6 |
| |     1. Plaintiffs Will Not Be Prejudiced By A Stay | 6 |
| |     2. Defendants Will Be Unduly Prejudiced If A Stay Is Denied | 7 |
| | C. A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND POSSIBLY ELIMINATE NEED FOR FURTHER LITIGATION | 8 |
| V. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Cases**

*Bausch & Lomb, Inc. v. Alcon Labs., Inc.*,
  914 F. Supp. 951 (W.D.N.Y. 1996) .................................................................................. 8

*Broadcast Innovation, LLC v. Charter Commc'n, Inc.*,
  No. 03-CV-2223-ABJ-BNB, 2006 WL 1897165 (D. Colo. July 11, 2006) ................ 4, 7, 9

*Clintec Nutrition Co. v. Abbott Labs.*, No. 94 C 3152, 1995 WL 228988
  (N.D. Ill. April 14, 1995) .................................................................................................. 7

*E.I. duPont & Co. v. Phillips Pet. Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988). ...................... 9

*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, No. 85 C 7565, 1987 WL 6314
  (N.D. Ill. Feb. 2, 1987) ........................................................................................... 3, 5, 7, 9

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ........................................................................................ 3

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983) .................................................................................... 3, 8

*Hamilton Indus., Inc. v. Midwest Folding Prods. Mfg. Corp.*, No. 89 C 8696,
  1990 WL 37642 (N.D. Ill. March 20, 1990) .................................................................. 3, 4

*Hewlett-Packard Co. v. Acuson Corp.*,
  No. C-93-0808 MHP, 1993 WL 149994, (N.D. Cal. May 5, 1993). ................................. 7

*In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022,
  1023 (N.D. Cal. 2005) ...................................................................................................... 3

*In re Trans Texas Holdings Corp.*,
  498 F.3d 1290 (Fed. Cir. 2007) ........................................................................................ 8

*Ingro v. Tyco Indus., Inc.*,
  No. 84 C 10844, 1985 WL 1649, (N.D. Ill. May 31, 1985); ............................................. 7

*Jens Erik Sorensen, as Trustee of Sorensen Research and Dev. Trust v. The
  Black & Decker Corp. et al.*,
  Case No. 06 cv 1572 BTM (CAB) at 9 (S.D. Cal. Sept. 10, 2007) ............................ 5, 6, 9

*KSR Int'l Co. v. Teleflex Inc.*,
  127 S. Ct. 1727 (2007) ..................................................................................................... 9

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
  No. C 06-2252 SBA, 2007 WL 627920, (N.D. Cal. Feb. 26, 2007) .............................. 6, 7

*Photoflex Prods., Inc. v. Circa 3 LLC*,
  No. C 04-03715 JSW, 2006 WL 1440363 (N.D. Cal. May 24, 2006) .......................... 3, 4, 6

*Predicate Logic Inc. v. Distributive Software, Inc.*,
  Case No. 01 cv 1951 (BTM) (CGA), Doc. #126 (S.D. Cal. Nov. 14, 2002) ....................... 6

*Tap Pharma. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL
  422697 (N.D. Ill. March 3, 2004) ............................................................... 4, 6, 7

**Statutes**

35 U.S.C. § 303 ........................................................................................... 5

35 U.S.C. § 305 ........................................................................................... 5

**Other Authorities**

H.R. REP. NO. 96-1307 pt. 1
  (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460-6463 ............................................ 9

I.      INTRODUCTION

Royal Appliance Mfg. Co. ("Royal") and Techtronic Industries Co. Ltd. ("TTI") (collectively "Defendants") jointly move for a stay of this lawsuit pending the outcome of a request for reexamination of U.S. Patent No. 5,388,303 ("the '303 patent") that Royal intends to file with the United States Patent and Trademark Office ("the PTO") within the next 30 days. The law requires that the request for reexamination will be acted upon with "special dispatch," and an order granting or denying the request will issue within 90 days of the filing of the request. A stay pending the outcome of the reexamination proceeding is particularly warranted because this case is still in its very early stages; Black & Decker, Inc. and Black & Decker (U.S.) Inc. ("Plaintiffs") will not be prejudiced in any way; and a stay will simplify the issues in question and streamline the trial. Indeed, the outcome of the reexamination proceeding may make a trial unnecessary. Overall, a stay pending the outcome of the PTO's '303 patent reexamination proceeding will conserve judicial resources as well as the resources of the parties and is appropriate here.

II.     BACKGROUND

A.      THIS CASE IS IN ITS EARLIEST STAGES

On January 28, 2008, Plaintiffs filed this patent infringement lawsuit against Royal and TTI. Plaintiffs allege that at least one of the claims of the '303 patent, which issued on February 14, 1995, is infringed by Royal's Platinum Force and Power Reach vacuums. On March 31, 2008, Defendants filed their answer to the complaint and affirmative defenses. Royal also filed counterclaims. The Defendants deny that the '303 patent is infringed, allege that the claims of the '303 patent are invalid, allege that the '303 patent is unenforceable as a result of inequitable conduct, and are asserting affirmative defenses equitable defenses of laches and equitable

1

estoppel. Royal's counterclaims make similar allegations. Plaintiffs have not yet responded to Royal's counterclaims. The initial status hearing in this case is set for April 10, 2008. There has been no other activity in this case and no schedule has been set.

### B. PLAINTIFFS DELAYED IN BRINGING THIS LAWSUIT FOR MANY YEARS

Nearly four years before filing this lawsuit, on March 1, 2004, Plaintiffs sent a letter to Royal about the '303 patent (Ex.1). In that letter, Plaintiffs alleged that Royal's Platinum Force and Power Reach vacuums, which are accused of infringement in this lawsuit, "may be covered by the '303 patent" (Ex. 1). During the remainder of 2004, the parties exchanged correspondence about some of Royal's reasons why the '303 patent claims do not cover the Platinum Force and Power Reach vacuums; settlement offers and counteroffers; the fact that Plaintiffs did not sell or market a commercial product embodying the claims of the '303 patent in 2004; and whether Plaintiffs would produce certain information and documents relating to marking of a product it had sold in the past (see collection of correspondence at Ex. 2). The last correspondence occurred on February 18, 2005, when Royal's counsel sent Plaintiffs' counsel a letter about Plaintiffs' marking of its prior commercial product (Ex. 3). Plaintiffs never responded. Nearly three years after the February 18, 2005 letter, Plaintiffs filed this lawsuit.

### C. ROYAL PLANS TO FILE A REQUEST FOR REEXAMINATION WITHIN 30 DAYS

While preparing its answer, Royal became aware of prior art not considered by the patent examiner during the prosecution of the '303 patent application that invalidates the '303 patent claims. As a result, Royal intends to file a request for reexamination of the claims of the '303 patent in the PTO. Royal intends to file the request within the next 30 days. This means that the PTO will decide if there are substantial new questions of patentability, and make a decision about the request, no later than early August.

2

### III. STANDARD FOR A STAY PENDING REEXAMINATION PROCEEDINGS

Courts have the inherent power and discretion to stay litigation proceedings pending the conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Indeed, there is a liberal policy in favor of granting motions to stay litigation pending the outcome of PTO reexamination proceedings. *Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *1-2 (N.D. Cal. May 24, 2006); *See also Hamilton Indus., Inc. v. Midwest Folding Prods. Mfg. Corp.*, No. 89 C 8696, 1990 WL 37642, at *1 (N.D. Ill. March 20, 1990) (discussing Congress' intention that courts liberally grant stays pending the outcome of reexamination proceedings). A stay is particularly justified where, as here, "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomm. Tech., LLC, Patent Litig*., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *See Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, No. 85 C 7565, 1987 WL 6314, at *4 (N.D. Ill. Feb. 2, 1987). Indeed, with respect to patent validity, the Federal Circuit has recognized that the reexamination procedure serves to "eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp*., 705 F.2d 1340, 1342 (Fed. Cir. 1983).

Several additional benefits associated with staying litigation pending the PTO's resolution of reexamination proceedings have been recognized:

    1. All prior art presented to the court will have been first considered by the PTO, with its particular expertise;

    2. Many discovery problems relating to prior art can be alleviated by the PTO examination;

3

      3.      In those cases resulting in effective invalidity of the asserted claims, the suit will likely be dismissed;

      4.      The outcome of the reexamination may encourage a settlement without the further use of the court;

      5.      The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;

      6.      Issues, defenses, and evidence will be more easily limited in pretrial conferences after reexamination; and

      7.      The cost will likely be reduced both for the parties and the court.

*Broadcast Innovation, LLC v. Charter Commc'n, Inc.*, No. 03-CV-2223-ABJ-BNB, 2006 WL 1897165, at *3 (D. Colo. July 11, 2006); *Hamilton Indus., Inc.*, 1990 WL 37642, at *1-2.

Courts generally consider three factors in determining whether to grant a stay pending reexamination by the PTO: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question. *Photoflex Prods., Inc.*, 2006 WL 1440363, at *1; *Tap Pharma. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. March 3, 2004). All three factors heavily favor a stay in this case.

## IV. A STAY PENDING THE OUTCOME OF THE PTO'S REEXAMINATION OF THE '303 PATENT IS WARRANTED

A stay in this case is particularly appropriate for at least the following reasons: (1) this case is in its earliest stages and the Motion is timely; (2) Plaintiffs will not be prejudiced; (3) a stay will simplify the issues for trial; and (4) a stay will reduce the burden of litigation on the parties as well as the Court.

A.     **THE LITIGATION IS IN ITS PRELIMINARY STAGES**

The first factor weighs strongly in favor of a stay. This case was filed less than three months ago. Defendants filed their answer on March 31, 2008. Royal filed its counterclaims on the same day. Plaintiffs have not yet responded to the counterclaims. The first status hearing is set for April 10, 2008. There is no deadline set for the close of fact or expert discovery, no pretrial deadlines and no trial dates. Indeed, no schedule of any sort has been set. Accordingly, this case has not "substantially progressed" and a stay is appropriate. *See Emhart Indus., Inc.*, 1987 WL 6314, at *3.

Further, this Motion is timely. Royal intends to file a request for reexamination of all of the claims of the '303 patent by May 9, 2008, within 30 days of the status hearing on April 10, 2008. The PTO is required to conduct all reexamination proceedings with "special dispatch," 35 U.S.C. § 305, and will determine *no later* than August 9, 2008 (three months from the latest expected request for reexamination filing date) whether there is a substantial new question of patentability affecting the claims of the '303 patent. 35 U.S.C. § 303. There is a high likelihood that the PTO will grant the request for reexamination. According to recent PTO data, the PTO grants over 90% of all requests for reexamination (Ex. 4).

Ordering a stay at the present time will effectively eliminate an enormous potential waste of resources for the parties as well as the Court. Indeed, at the very minimum, the "PTO's expert evaluation is likely to be of assistance not only as to the issues of validity, but its understanding of the claims is also likely to aid this Court in the preliminary process of claim construction." *Jens Erik Sorensen, as Trustee of Sorensen Research and Dev. Trust v. The Black & Decker Corp. et al.*, Case No. 06 cv 1572 BTM (CAB) at 9 (S.D. Cal. Sept. 10, 2007) (the Court stayed

5

the case pending the outcome of a request for reexamination less than three months before a scheduled claim construction hearing) (Ex. 5).[1]

### B.  A STAY WOULD PREVENT, RATHER THAN CAUSE, UNDUE PREJUDICE OR DISADVANTAGE TO THE PARTIES

#### 1.  Plaintiffs Will Not Be Prejudiced By A Stay

Plaintiffs will likely argue that they will be prejudiced by a stay due to the length of a typical reexamination proceeding, which is approximately 17-22 months (Ex. 4).  This argument, however, lacks merit.

Courts have recognized that the delay inherent to the reexamination process does not constitute, by itself, undue prejudice.  *See e.g., Photoflex Prods.,* 2006 WL 1440363, at *2; *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.,* No. C 06-2252 SBA, 2007 WL 627920, at *3 (N.D. Cal. Feb. 26, 2007).  Significantly, the alleged prejudice of having to wait for resolution of a reexamination proceeding "is not a persuasive reason to deny a motion to stay." *Predicate Logic Inc. v. Distributive Software, Inc.,* Case No. 01 cv 1951 (BTM) (CGA), Doc. #126 at 4-5 (S.D. Cal. Nov. 14, 2002).  (Ex. 7).  Moreover, some delay in the litigation "is more than off-set by increased certainty of whether [the '303 patent] will survive reexamination and whether there will be any need for litigation."  *Nanometrics*, 2007 WL 627920, at *3; *see Tap Pharma. Prods., Inc.*, 2004 WL 422697, at *1.

Further, a stay would in no way prejudice Plaintiffs' claim for relief.  Plaintiffs did not bring this lawsuit until almost three years after the last correspondence from Royal in February

---

[1] In the *Sorensen* case, Black & Decker Inc. and Black & Decker (U.S.) Inc., who are the Plaintiffs in this case, moved for a stay pending the outcome of a request for reexamination proceedings.  In fact, the declaration in support of the motion was filed by Plaintiffs' lead counsel in this case, Raymond Niro Jr.  The proceedings in the *Sorensen* case were well-advanced compared to the proceedings in this case.  The motion, memorandum in support and declaration with exhibits are attached hereto at Ex. 6.

6


2005, and did not even bother to respond to that letter. Under these circumstances, for Plaintiffs to argue that a delay from an early-filed request for reexamination will result in prejudice is unbelievable.[2] *See Hewlett-Packard Co. v. Acuson Corp.,* No. C-93-0808 MHP, 1993 WL 149994, at *2-3 (N.D. Cal. May 5, 1993).

Rather than prejudicing any party, the timeliness of this Motion has the potential to benefit all parties by preventing the unnecessary expenditure of resources. As stated by the court in *Broadcast Innovation*,

> [i]f the PTO does not invalidate or otherwise alter the claims of the [patent], the Plaintiffs' legal remedy remains unaffected . . . . Moreover, if the claims are narrowed, both sets of parties will have benefited by avoiding the needless waste of resources before this Court, and again, the Plaintiffs will be able to pursue their claim for money damages at trial. Finally, if the claims are strengthened, the Plaintiffs' position will be as well, and their likelihood of monetary damages will increase.

*Broadcast Innovation,* 2006 WL 1897165, at *11; *see Tap Pharma. Prods., Inc.*, 2004 WL 422697, at *2.

### 2. Defendants Will Be Unduly Prejudiced If A Stay Is Denied

In contrast, Defendants face substantial prejudice if this Court denies this Motion for a stay. As the Federal Circuit has held, the PTO is not bound by decisions of this Court when conducting its reexamination proceedings. *In re Trans Texas Holdings Corp.*, 498 F.3d 1290,

---

[2] Similarly, any attempt by Plaintiffs to argue prejudice due to a delay in possibly obtaining an injunction is also belied by the three-year delay in bringing suit, their failure to request a preliminary injunction, and their documented willingness to grant a license. *See Ingro v. Tyco Indus., Inc.*, No. 84 C 10844, 1985 WL 1649, at *3 (N.D. Ill. May 31, 1985); *Emhart Indus., Inc.*, 1987 WL 6314, at *2. These acts are inconsistent with a showing of irreparable harm. Likewise, a delay in collecting monetary damages is not a basis for denying a motion to stay. *See, e.g., Nanometrics, Inc.*, 2007 WL 627920, at *3-4; *Clintec Nutrition Co. v. Abbott Labs.*, No. 94 C 3152, 1995 WL 228988, at *3 (N.D. Ill. April 14, 1995).

1296-98 (Fed. Cir. 2007). If this case proceeds concurrently with the reexamination proceeding, not only will Defendants be forced to expend unnecessary resources, but there is also a risk that Defendants may be ordered to pay damages for infringement of an asserted claim that the PTO later determines is invalid.

Substantial prejudice could therefore result, since Defendants may not be able to recover such damages, or be put back in the same position as it was prior to the suit, after the PTO concludes that the asserted claim is invalid. *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996). A stay will ensure that this highly prejudicial scenario does not occur.

### C. A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND POSSIBLY ELIMINATE NEED FOR FURTHER LITIGATION

A stay will significantly simplify the issues in question and ensure that any judicial and party resources are spent only if trial is *necessary*. "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of [the issue of invalidity] by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould*, 705 F.2d at 1342. Additional benefits of staying the litigation pending the PTO's reexamination proceeding include:

1.   Many discovery problems relating to prior art can be alleviated by the PTO examination;

2.   The outcome of the reexamination may encourage a settlement without the further use of the Court's time and resources;

3.   The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;[3]

---

[3] Importantly, the reexamination proceeding is part of a patent's file history and statements made during

8

  4. Issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination; and

  5. The cost will likely be reduced both for the parties and the Court.

*Broadcast Innovation*, 2006 WL 1897165, at *3 (citing *Emhart Indus., Inc.*, 1987 WL 6314, at *2). All of these benefits apply here.[4]

## V. CONCLUSION

When it provided for reexamination proceedings, Congress explained that, "it is anticipated that these measures provide a useful and necessary alternative for challengers and patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." H.R. REP. NO. 96-1307 pt. 1, at 4 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460-6463. There could hardly be a more appropriate case than this one in which to allow this alternative process to play out. Given that this case is less than three months old, a stay has the potential to prevent the unnecessary expenditure of significant Court and party resources. A stay would benefit, rather than prejudice, the parties. For the foregoing reasons, this Court should

---

the reexamination proceeding must be considered during claim interpretation. *E.I. duPont & Co. v. Phillips Pet. Co.,* 849 F.2d 1430, 1439 (Fed. Cir. 1988). Therefore, it is highly probably that the parties (and possibly this Court) will need to relitigate and reconsider issues in view of the reexamination proceedings if this case is not stayed.

[4] Presently, over 90% of the requests for reexamination are granted (Ex. 4). Statistics show the validity of all claims is confirmed by the PTO in only 26% of the reexamination proceedings. *Id*. That percentage may decrease in view of the Supreme Court's recent decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), concerning the standard for establishment of nonobviousness. In fact, Plaintiffs recognized this same possibility when they argued in favor of staying the *Sorensen* case (Ex. 6, Memorandum at 9).

9

order this case stayed pending the filing of the request for reexamination of the '303 patent and the PTO's completion of the reexamination proceeding.

           Respectfully submitted,

           /s/Manish K. Mehta
           Gary M. Ropski, Esq.
           Robert S. Mallin, Esq.
           Manish K. Mehta, Esq.
           BRINKS HOFER GILSON & LIONE
           NBC Tower, Suite 3600
           455 N. Cityfront Plaza Drive
           Chicago, IL 60611-5599
           Telephone:    312-321-4200
           Facsimile:    312-321-4299
           gropski@usebrinks.com
           rmallin@usebrinks.com
           mmehta@usebrinks.com

           Attorneys for:
           ROYAL APPLIANCE MFG. CO. and
           TECHTRONIC INDUSTRIES CO., LTD.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING THE OUTCOME OF THE REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,388,303 is being served on the 7th day of April 2008, to the following attorney of record in the manner indicated.

Via filing with the Clerk of Court using the Case Management/electronic Case Filing ("CM/ECF") system:

>Raymond P. Niro
>Niro, Scavone, Haller & Niro
>181 W. Madison Street – Suite 4600
>Chicago, IL   60602-4515
>
>Attorney for Plaintiffs, Black & Decker Inc.
>and Black & Decker (U.S.) Inc.
>
>
>/s/Manish K. Mehta
>BRINKS HOFER GILSON & LIONE