# Exhibit 1

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

——

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

March 1, 2004

DAVID J. SHEIKH
VASILIOS D. DOSSAS
ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK

**Via Federal Express**

Mr. Michael J. Merriman
Chief Executive Officer
Royal Appliance Mfg. Co.
7005 Cochran Road
Glenwillow, Ohio 44139-4303

Re:   Black & Decker U.S. Patent No. 5,388,303

Dear Mr. Merriman:

We represent Black & Decker in the licensing and enforcement of its patent rights, including U.S. Patent No. 5,388,303 (the "'303 patent") issued on February 14, 1995, entitled "Vacuum Cleaner With Extendable Hose And Brush Disengagement."

We have carefully analyzed the '303 patent and file history, along with Royal's Platinum Force and Power Reach hand vacuums. Based upon our review of these Royal products, we believe the Platinum Force and Power Reach hand vacuums may be covered by the '303 patent.

We are prepared to cooperate fully in facilitating your evaluation of the '303 patent and its application to Royal's Platinum Force and Power Reach hand vacuums. Please let us know if there is any specific feature that you believe should be addressed in detail and we will promptly respond to your request.

Because of the importance to Black & Decker of resolving this matter, a timely response from you or your patent counsel would be appreciated. To that end, we welcome telephone inquiries or an early personal meeting. We also look forward to your prompt reply.

Sincerely,

Paul C. Gibbons

PCG/mm
cc:   John D. Del Ponti

# Exhibit 2

# FAY. SHARPE. FAGAN. MINNICH & McKEE. LLP

### PATENT TRADEMARK AND COPYRIGHT LAW

### 1100 SUPERIOR AVENUE

### SEVENTH FLOOR

### CLEVELAND. OHIO 44114-2579

### TELEPHONE (216) 861-5582

### FAX (216) 241-1666

### E-MAIL: fs@faysharpe.com

MARK E. BANDY
JOSEPH D. DREHER
CHRISTOPHER B. FAGAN
JUDE A. FRY
STEVEN M. HAAS
MICHAEL E. HUDZINSKI
RICHARD M. KLEIN
THOMAS E. KOCOVSKY, JR
SANDRA M. KOENIG
SCOTT A. McCOLLISTER
JAMES W. McKEE
JAY F. MOLDOVANYI

PHILIP J. MOY, JR.
TIMOTHY E. NAUMAN
PATRICK R. ROCHE
MARK S. SVAT
BRIAN E. TURUNG
ROBERT V. VICKERS

OF COUNSEL

E. KENT DANIELS, JR.
RICHARD J. MINNICH
THOMAS E. YOUNG

ALAN C. BRANDT
JOHN P. CORNELY
MATTHEW P. DUGAN
PATRICK D. FLOYD
COLLEEN FLYNN GOSS
KARL W. HAUBER
ERIK J. OVERBERGER
SUE ELLEN PHILLIPS
JAMES E. SCARBROUGH
ANN M. SKERRY, PH.D.
SCOTT M. SLABY

GREGORY S. VICKERS
JOSEPH E. WATERS
JONATHAN A. WITHROW
JOHN S. ZANGHI

REGISTERED PATENT AGENTS

ROBERT M. SIEG, PH.D.
THOMAS TILLANDER
MARINA V. ZALEVSKY

ALBERT P. SHARPE, III
1959-2001

April 5, 2004

Patrick R. Roche
proche@faysharpe.com

Mr. Paul C. Gibbons
Niro, Scavone, Haller & Niro
181 West Madison Street – Suite 4600
Chicago, Illinois 60602

**VIA FACSIMILE**
**(312.236.3137 – 1 page)**

Re:   Black & Decker U.S. Patent No. 5,388,303
      Our Reference:  RYLZ 3 01103

Dear Mr. Gibbons:

We represent Royal Appliance Mfg. Co. in its patent matters.  Your letter of March 1, 2004 to Michael Merriman has been referred to our office.  We are investigating the matter and upon conclusion of the discussions with Royal of our findings, we will be back in touch with you.

Please accommodate us a few weeks.

Very truly yours,

FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP

Patrick R. Roche

PRR:ct
cc:   Royal Appliance Mfg. Co.

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

——

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

April 27, 2004

DAVID J. SHEIKH
VASILIOS D. DOSSAS
ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK

**Via Federal Express**

Mr. Michael J. Merriman
Chief Executive Officer
Royal Appliance Mfg. Co.
7005 Cochran Road
Glenwillow, Ohio 44139-4303

Re:    Black & Decker U.S. Patent No. 5,388,303

Dear Mr. Merriman:

On March 1, 2004, we wrote to you concerning Black & Decker's U.S. Patent No. 5,388,303. Our letter included the identification of Royal's Platinum Force and Power Reach hand vacuums which we believe are covered by the claims of the '303 patent based upon our analysis of those products. In turn, we asked Royal to evaluate the '303 patent and its application to the Royal hand vacuums we identified. Unfortunately, we have not yet received the courtesy of a response.

As you can appreciate, Black & Decker considers its patent and other intellectual property rights essential to its on-going success. In the interest of attempting to avoid the enormous expense and risk which comes with litigation, however, we would like to discuss reaching an amicable resolution with Royal regarding those products we believe are covered by the '303 patent.

In that regard, and as indicated previously, Black & Decker is prepared to assist Royal in its evaluation of the '303 patent and address any questions which may arise as a result of your investigation. Please let us know when you have concluded your review of the '303 patent. I look forward to your response.

Sincerely,

Paul C. Gibbons

PCG/mm
cc:    John D. Del Ponti

# FAY, SHARPE, FAGAN, MINNICH & MCKEE, LLP
## 1100 SUPERIOR AVENUE, SEVENTH FLOOR
### CLEVELAND, OHIO 44114-2518
### Telephone: (216) 861-5582
### Facsimiles: (216) 241-1666 and (216) 241-5147

## Please call us immediately at (216) 861-5582 if this transmission is incomplete or illegible.

DATE:            April 29, 2004

ATTENTION:       Paul C. Gibbons

TO:              Niro, Scavone, Haller & Niro

FACSIMILE NO.:   1.312.236.3137

FROM:            Patrick R. Roche

RE:              Black & Decker U.S. Patent No. 5,388,303

Total Number of Pages (including this cover sheet)  2

Dear Mr. Gibbons:

With reference to your letter dated April 27, 2004 to Mr. Merriman at Royal Appliance Mfg. Co., attached is a copy of our letter dated April 5, 2004 to you. We expect to get back to you shortly.

Patrick R. Roche

The documents accompanying this facsimile transmission include information from the firm of Fay, Sharpe, Fagan, Minnich & McKee, LLP that might be legally privileged and/or confidential. The information is intended for the use of only the individual or entity named on this cover sheet. If you are not the intended recipient, any disclosure, copying, or distribution of these documents, or the taking of any action based on the contents of this transmission, is prohibited. If you have received this transmission in error, these documents should be returned to this firm as soon as possible, and we ask that you notify us immediately by telephone so we can arrange for their return to us without cost to you.

L:\CNT\DATA\PRR\000\FAXES\FORM.FAX

# FAX TRANSMITTAL SHEET

# NIRO SCAVONE HALLER & NIRO

181 W. MADISON, STE. 4600
Chicago, IL 60602
(312) 236-0733

*Date:*                           *April 29, 2004*

*Fax to:*                         *Patrick R. Roche*

*Recipient's Fax:*                *216-241-1666*

*From:*                           *Paul C. Gibbons*

*Number of pages:*                2
*(including transmittal sheet)*

*Comments:*

*IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL Mary Martin - -*
*312/236-0733.*

## CONFIDENTIALITY NOTICE

*This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.*

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

——

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

DAVID J. SHEIKH
VASILIOS D. DOSSAS
ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK

April 29, 2004

**Via Facsimile: (216) 241-1666**

Mr. Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Ave., 7th Floor
Cleveland, OH 44114-2518

Re:   Black & Decker U.S. Patent No. 5,388,303

Dear Mr. Roche:

Thank you for your fax this morning. The April 5 letter you attached was never received by us, necessitating my April 27 letter to Mr. Merriman.

In your April 5 letter you apparently asked for the accommodation of a few weeks. Almost four weeks have passed in the interim. When do you think you will be in a position to respond?

I look forward to your timely response.

Sincerely,

Paul C. Gibbons

PCG/mm
cc:   John D. Del Ponti

# FAY. SHARPE. FAGAN. MINNICH & McKEE. LLP

PATENT TRADEMARK AND COPYRIGHT LAW

1100 SUPERIOR AVENUE

SEVENTH FLOOR

CLEVELAND, OHIO 44114-2579

TELEPHONE (216) 861-5582

FAX (216) 241-1666

E-MAIL: fs@faysharpe.com

MARK E. BANDY
JOSEPH D. DREHER
CHRISTOPHER B. FAGAN
JUDE A. FRY
STEVEN M. HAAS
MICHAEL E. HUDZINSKI
RICHARD M. KLEIN
THOMAS E. KOCOVSKY, JR.
SANDRA M. KOENIG
SCOTT A. McCOLLISTER
JAMES W. McKEE
JAY F. MOLDOVANYI

PHILIP J. MOY, JR.
TIMOTHY E. NAUMAN
PATRICK R. ROCHE
MARK S. SVAT
BRIAN E. TURUNG
ROBERT V. VICKERS

Of Counsel

E. KENT DANIELS, JR.
RICHARD J. MINNICH
THOMAS E. YOUNG

ALAN C. BRANDT
JOHN P. CORNELY
MATTHEW P. DUGAN
PATRICK D. FLOYD
COLLEEN FLYNN GOSS
KARL W. HAUBER
ERIK J. OVERBERGER
SUE ELLEN PHILLIPS
JAMES E. SCARBROUGH
ROBERT A. SIDOTI
ANN M. SKERRY, PH.D.
SCOTT M. SLABY

GREGORY S. VICKERS
JOSEPH E. WATERS
JONATHAN A. WITHROW
JOHN S. ZANGHI

REGISTERED PATENT AGENTS
ROBERT M. SIEG, PH.D.
THOMAS TILLANDER
GUOSHENG WANG, PH.D.
JEFFREY N. ZAHN
MARINA V. ZALEVSKY

ALBERT P. SHARPE, III
1959-2001

jmoldovanyi@faysharpe.com
Direct Dial (216) 363-9127

June 1, 2004

Paul C. Gibbons, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street - Suite 4600
Chicago, Illinois 60602

Re:    Black & Decker U.S. Patent No. 5,388,303

Dear Mr. Gibbons:

Further to our letter of April 5, 2004, we have now had an opportunity to review the file history of the Black & Decker 5,388,303 patent (the '303 patent). As a result of that review, Royal responds as follows to your letter of March 1, 2004.

In our view, the Royal Platinum Force and Power Reach hand vacuums do not infringe the claims of the '303 patent. Initially, we note that the Royal products do not have a hose located on an exterior of the housing with a first end of the hose being connected to an intake section of the housing. In the Royal hand vacuums, a first end of the hose is connected to a suction nozzle, which is not part of the housing. Rather, the suction nozzle is spaced from the housing so that it can be used in a manner physically separated from the housing.

This is in contrast to the vacuum cleaner claimed in the '303 patent in which the suction nozzle or intake section is part of the housing. In this connection, it is stated in the '303 patent's specification that:

"(t)he bottom housing 26 also forms part of a nozzle 38 at the intake section 32 that the front end of the hose 22 is connected to. The top housing 28 also forms part of the nozzle 38...The nozzle 38 forms a

Paul C. Gibbons, Esq.
June 1, 2004
Page 2

conduit to the interior of the intake section 32...The top housing 28 also includes a second nozzle 42 located proximate the rear end 36 of the housing that the second end of the hose 22 is connected to." (see column 3, lines 6-16).

Further, it is stated that:

"The housing members 26a, 26b and 28 and handle 30 form a unitary substantially rigid housing." (see column 2, line 68 to column 3, line 2)

The Royal hand vacuums also have a unitary housing, with an inlet of the housing being located at a rear end thereof. The Royal design thus has the "second nozzle" mentioned in the '303 patent. That "nozzle" is connected to a second end of the Royal hose. The first end of Royal's hose is connected to a suction nozzle, which is a separate element and not part of the housing. In fact, the Royal suction nozzle is employed separately from the housing, which is the reason the Power Reach nozzle is so called. The Platinum Force hand vac has the same design. Thus, unlike the vacuum cleaner which is claimed in Black & Decker's '303 patent, there is no "intake section of the housing" in the Royal hand vacs.

If anything can be termed the "intake section of the housing" in the Royal designs, it would have to be the portion which is termed in the '303 patent's claims as "a second end connected to the source of vacuum". As mentioned, this portion is identified as the "second nozzle 42" in the specification of the '303 patent. In sum, the Royal designs, which employ a freely movable suction nozzle that is a separate element from the housing, have a significantly different design than the subject matter claimed in the '303 patent including "an intake section of the housing".

Moreover, the "means" for allowing removal of the first end of the hose from the intake section is somewhat different in the Royal hand held vacuums than the "means" which is taught in the '303 patent. The Royal device uses a sleeve to which a hose is releasably attached via a rotatable cuff. In contrast, the '303 patent teaches a front cuff 92 which is snap fit onto a collar 40 of nozzle 38 (see column 6, lines 23-27). Alternatively, a latch 41 (such as a leaf spring) could be used to prevent the cuff from disconnecting from the nozzle (see column 6, lines 23-27). Significantly, there is no teaching or disclosure of a rotatable cuff in the '303 patent. Therefore, the rotatable cuff employed in the Royal hand vacs is outside the scope of claim coverage of the "means" which is recited in the claims of the '303 patent.

Paul C. Gibbons, Esq.
June 1, 2004
Page 3

In addition, the Royal devices do not have a hose with "a relatively compact free-standing arch shape when connected between the intake section and the source of vacuum" as recited in claim 1 of the '303 patent. In the Royal hand vacuums, the hose is not "relatively compact", since it extends the entire length of the hand held vacuum cleaner. This is in contrast to the relatively compact shape of the hose which is claimed in the Black & Decker '303 patent and is disclosed in the drawings thereof.

For all these reasons, the Royal hand held vacuums are not covered by claim 1 of the '303 patent. Similarly, dependent claims 2-6 and 11, since they depend from claim 1, are also avoided by the Royal designs.

Independent claim 7 similarly recites "an intake section of the housing". As mentioned above, the Royal hand vacuums do not have an intake section of the housing, other than having a second end of the hose being connected to a source of vacuum contained within the housing. In addition, the "means" for allowing removal of the first end of the hose is different in the Royal design, as discussed above.

Moreover, claim 7 recites a "means for automatically stopping the brush from being driven when the first end of the hose is removed from the intake section." In the Royal Power Reach hand vacuum, the brush is turbine driven. It is not driven by an electric motor. Therefore, it is the absence of a suction being drawn through the nozzle which stops rotation of the brush. This is in contrast with the "means" disclosed in the Black & Decker '303 patent, wherein a belt shifter is employed to stop rotation of the brush roll 24 when the hose 22 is detached. The belt shifter mechanism is described in detail in column 7 of the '303 patent. Such a "means for automatically stopping the brush" is vastly different from the ceasing of a suction airflow to stop an air turbine driving the brush roll, as employed in the Royal Power Reach hand vacuum. Thus, this Royal device is outside the scope of the language of claim 7.

In the Royal Platinum Force hand vacuum, an electrified hose is used. When the hose is disconnected from the nozzle head, power is cut off to a brush roll motor held in the nozzle head, thereby stopping further rotation of the brush roll. This design is, again, vastly different from the "means" recited in claim 7 of the '303 patent, and is outside the scope thereof.

As a result, it is our opinion that the Royal designs avoid claim 7 of the '303 patent. Since claim 7 is avoided, so are its dependent claims 8, 9 and 12.

As to claim 10, the Royal hand vacuums do have a "unitary rigid portable hand held housing" as recited in that claim. But, the intake section is not formed by the

Paul C. Gibbons, Esq.
June 1, 2004
Page 4

unitary rigid portable hand held housing. As discussed above, in the Royal design, the intake section or suction nozzle is a separate element apart from the unitary housing. A hose is needed to operatively connect the suction nozzle to the housing. Therefore, claim 10 is also avoided by the Royal designs.

Since claim 10 is avoided, so is its dependent claim 13.

After a review of the foregoing, we trust you will agree that the two Royal hand held vacuum designs discussed herein avoid all of the claims of the Black & Decker '303 patent.

Very truly yours,

FAY, SHARPE, FAGAN,
MINNICH & McKee, LLP

Patrick R. Roche

PRR/JFM/kan

cc: Royal Appliance Mfg. Co.

N:\RYLZ\301103\KAN0001583V001.doc

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE

181 WEST MADISON STREET- SUITE 4600

CHICAGO, ILLINOIS 60602-4515

——

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

DAVID J. SHEIKH
VASILIOS D. DOSSAS
ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK

### Communication Pursuant to Rule 408, Fed.R.Evid.

August 18, 2004

**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2518

Re:   Black & Decker U.S. Patent No. 5,388,303

Dear Pat:

Thanks for your voice message last week.  As you requested, Black & Decker makes the following written settlement proposal.

Black & Decker is willing to grant Royal a full release for the past and a non-exclusive license going forward under its '303 patent for both the Royal Platinum Force and Power Reach products. Black & Decker proposes a lump sum of $750,000 for the release and a royalty of 9% for all future sales. Black & Decker feels that this is fair and reasonable, given its solid position on infringement and the license rates granted on comparable patents in the past. For example, in a case against Porter Cable, a jury found a reasonable royalty of 18%, and we obtained royalties exceeding defendant's sales price in other patent litigation.

After reviewing your June 1 letter in considerable detail, we can state that Black & Decker strongly disagrees with your basis for noninfringement. It seems Royal's arguments rely more on semantics than any real functional differences, such as your assertion that the "suction nozzle" is a separate component "which is not part of the housing," even when entirely connected together.

Nonetheless, Black & Decker has no intention of initiating any litigation against Royal at this time. Instead, Black & Decker would like to focus its efforts toward negotiating an amicable solution. We look forward to your earliest possible response.

Sincerely,

Raymond P. Niro, Jr.

RPNjr/sls

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

DAVID J. SHEIKH
VASILIOS D. DOSSAS
ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK

**Communication Pursuant to Rule 408, Fed.R.Evid.**

September 15, 2004

**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2518

   Re:   <u>Black & Decker U.S. Patent No. 5,388,303</u>

Dear Pat:

   It has been nearly one month since we sent you the attached settlement proposal.  Please provide us with Royal's earliest possible response.  Thanks for your cooperation.

   Sincerely,

   Raymond P. Niro, Jr.

RPNjr/sls

## NIRO, SCAVONE, HALLER & NIRO

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE

DAVID J. SHEIKH
VASILIOS D. DOSSAS
ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK

**Communication Pursuant to Rule 408, Fed.R.Evid.**

August 18, 2004

**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2518

Re:    Black & Decker U.S. Patent No. 5,388,303

Dear Pat:

Thanks for your voice message last week. As you requested, Black & Decker makes the following written settlement proposal.

Black & Decker is willing to grant Royal a full release for the past and a non-exclusive license going forward under its '303 patent for both the Royal Platinum Force and Power Reach products. Black & Decker proposes a lump sum of $750,000 for the release and a royalty of 9% for all future sales. Black & Decker feels that this is fair and reasonable, given its solid position on infringement and the license rates granted on comparable patents in the past. For example, in a case against Porter Cable, a jury found a reasonable royalty of 18%, and we obtained royalties exceeding defendant's sales price in other patent litigation.

After reviewing your June 1 letter in considerable detail, we can state that Black & Decker strongly disagrees with your basis for noninfringement. It seems Royal's arguments rely more on semantics than any real functional differences, such as your assertion that the "suction nozzle" is a separate component "which is not part of the housing," even when entirely connected together.

Nonetheless, Black & Decker has no intention of initiating any litigation against Royal at this time. Instead, Black & Decker would like to focus its efforts toward negotiating an amicable solution. We look forward to your earliest possible response.

Sincerely,

Raymond P. Niro, Jr.

RPNjr/sls

# FAY, SHARPE, FAGAN, MINNICH & McKEE, LLP

### PATENT TRADEMARK AND COPYRIGHT LAW

1100 SUPERIOR AVENUE

SEVENTH FLOOR

CLEVELAND, OHIO 44114-2579

TELEPHONE (216) 861-5582

FAX (216) 241-1666

WEB: www.faysharpe.com

MARK E. BANDY
JOSEPH D. DREHER
CHRISTOPHER B. FAGAN
JUDE A. FRY
STEVEN M. HAAS
MICHAEL E. HUDZINSKI
RICHARD M. KLEIN
THOMAS E. KOCOVSKY, JR.
SANDRA M. KOENIG
SCOTT A. MCCOLLISTER
JAMES W. MCKEE
JAY F. MOLDOVANYI

PHILIP J. MOY, JR.
TIMOTHY E. NAUMAN
PATRICK R. ROCHE
MARK S. SVAT
BRIAN E. TURUNG
ROBERT V. VICKERS

OF COUNSEL

E. KENT DANIELS, JR.
RICHARD J. MINNICH
THOMAS E. YOUNG

ALAN C. BRANDT
JOHN P. CORNELY
MATTHEW P. DUGAN
PATRICK D. FLOYD
COLLEEN FLYNN GOSS
KARL W. HAUBER
ERIK J. OVERBERGER
SUE ELLEN PHILLIPS
JAMES E. SCARBROUGH
ROBERT A. SIDOTI
ANN M. SKERRY, PH.D.
SCOTT M. SLABY

GREGORY S. VICKERS
JOSEPH E. WATERS
JONATHAN A. WITHROW
JOHN S. ZANGHI

REGISTERED PATENT AGENTS
ROBERT M. SIEG, PH.D.
THOMAS TILLANDER
GUOSHENG WANG, PH.D.
JEFFREY N. ZAHN
MARINA V. ZALEVSKY

ALBERT P. SHARPE, III
1959-2001

**VIA FACSIMILE**

October 4, 2004

Patrick R. Roche
proche@faysharpe.com

Raymond Niro, Jr., Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois 60602-4515

Re:   Black & Decker U.S. Patent No. 5,388,303
      Our Reference   RYLZ 3 01103

Dear Ray:

Your letter of August 18, 2004 and reminder of September 15, 2004 have been shared with Royal Appliance Mfg. Co. Unfortunately, Royal believes your settlement offer is completely unrealistic.

Royal maintains its position of non-infringement. Further, it is our understanding that Black & Decker has never sold a product protected by this patent. Accordingly, in view of its firm belief of no liability, and the fact that only a "paper" patent is involved, Royal is only willing to offer a modest settlement amount to end the matter. We have been authorized to offer $50,000 as a lump sum payment for a fully paid up license.

Very truly yours,

FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP

Patrick R. Roche

PRR:ct
cc:    Royal Appliance Mfg. Co.

L:\CNT\CNT\DATA\PRR\2004 misc\Black and Decker ltr.doc

**NIRO, SCAVONE, HALLER & NIRO**
**181 WEST MADISON STREET - SUITE 4600**
**CHICAGO, ILLINOIS 60602-4515**
**TELEPHONE NO. (312) 236-0733**
**FACSIMILE NO. (312) 236-3137**

TO:      Pat Roche

FROM:    Raymond Niro Jr.

DATE:    October 22, 2004          TIME:      10:43 am

TOTAL NUMBER OF PAGES (including cover page): ___4___. If you do not receive all of the

pages, please call (312) 236-0733 and ask for Susan Swierk.

**COMMENTS:**


**The enclosed facsimile may contain confidential information and is intended only for**

**the named recipient.** If this facsimile has been sent to you in error, please contact Susan Swierk

immediately.

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

———

**Communication Pursuant to Rule 408, Fed.R.Evid.**

October 22, 2004

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

**Email: proche@faysharpe.com**
**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio 44114-2518

    Re:    <u>Black & Decker U.S. Patent No. 5,388,303</u>

Dear Pat:

    We have reviewed your letter of October 4, 2004. Black & Decker rejects Royal's offer of $50,000 for a fully paid-up license.

    Your proposal is based on Royal's "firm belief" in its position of noninfringement. Black & Decker has an equally firm belief that Royal is liable for infringing its '303 patent. Perhaps we will not be able to convince each other of our respective positions on the merits, but it is hard to believe that Royal is assessing no risk of liability, particularly given the strength of the '303 patent and the clear read on Royal's products.

    Royal also contends (mistakenly) that Black & Decker has never sold a product covered by the '303 patent, and "the fact that only a 'paper' patent is involved" justifies such a minimal settlement offer. First, Black & Decker did commercialize its '303 patent (see attached photos). Second, there is no case law supporting your position that patent infringement is somehow acceptable provided that only a so-called "paper" patent is involved. Royal's proposal is therefore premised on two incorrect assumptions.

    In addition, Royal's offer does not account for the substantial volume of sales of the accused Platinum Force and Power Reach products, which we understand would range in the tens of millions of dollars for the past and future. The potential exposure to Royal far exceeds the amount that Black & Decker is currently offering in settlement.

Patrick R. Roche
October 22, 2004
Page 2
**Rule 408, Fed.R.Evid.**

     With that in mind, Black & Decker remains interested in focusing its efforts toward reaching an amicable solution, rather than having the dispute decided through litigation. Therefore, to conclude this matter without any further expenditure of time and resources, Black & Decker has authorized us to reduce its offer to $500,000 for the past and a 5% royalty going forward. Again, this proposal will only be acceptable to Black & Decker only if we can reach a quick resolution.

     We look forward to your prompt response.

               Sincerely,

               Raymond /sls

               Raymond P. Niro, Jr.

RPNjr/sls
Enclosures





**NIRO, SCAVONE, HALLER & NIRO**
**181 WEST MADISON STREET - SUITE 4600**
**CHICAGO, ILLINOIS 60602-4515**
**TELEPHONE NO. (312) 236-0733**
**FACSIMILE NO. (312) 236-3137**

TO:        Pat Roche

FROM:      Raymond Niro Jr.

DATE:      November 18, 2004          TIME:        1:14 pm

TOTAL NUMBER OF PAGES (including cover page): ____2____. If you do not receive all of the

pages, please call (312) 236-0733 and ask for Susan Swierk.

**COMMENTS:**

**The enclosed facsimile may contain confidential information and is intended only for**

**the named recipient.** If this facsimile has been sent to you in error, please contact Susan Swierk

immediately.

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET - SUITE 4600

CHICAGO, ILLINOIS 60602 - 4515

———

TELEPHONE (312) 236 - 0733

FACSIMILE (312) 236 - 3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

## Communication Pursuant to Rule 408, Fed.R.Evid.

November 18, 2004

**Email: proche@faysharpe.com**
**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2518

Re:    Black & Decker U.S. Patent No. 5,388,303

Dear Pat:

Please provide Royal's earliest possible response to my October 22, 2004 letter.  Black & Decker has indicated that it would like us to expedite our settlement.  Thanks.

Sincerely,

Raymond P. Niro, Jr.

RPNjr/sls

# FAY, SHARPE, FAGAN, MINNICH & McKEE, LLP

PATENT TRADEMARK AND COPYRIGHT LAW

1100 SUPERIOR AVENUE

SEVENTH FLOOR

CLEVELAND, OHIO 44114-2579

TELEPHONE (216) 861-5582

FAX (216) 241-1666

WEB: www.faysharpe.com

December 2, 2004

MARK E. BANDY
JOSEPH D. DREHER
CHRISTOPHER B. FAGAN
JUDE A. FRY
STEVEN M. HAAS
MICHAEL E. HUDZINSKI
RICHARD M. KLEIN
THOMAS E. KOCOVSKY, JR.
SANDRA M. KOENIG
SCOTT A. McCOLLISTER
JAMES W. McKEE
JAY F. MOLDOVANYI

PHILIP J. MOY, JR.
TIMOTHY E. NAUMAN
PATRICK R. ROCHE
MARK S. SVAT
BRIAN E. TURUNG
ROBERT V. VICKERS

OF COUNSEL

E. KENT DANIELS, JR.
RICHARD J. MINNICH
THOMAS E. YOUNG

ALAN C. BRANDT
JOHN P. CORNELY
MATTHEW P. DUGAN
PATRICK D. FLOYD
COLLEEN FLYNN GOSS
KARL W. HAUBER
ERIK J. OVERBERGER
SUE ELLEN PHILLIPS
JAMES E. SCARBROUGH
ROBERT A. SIDOTI
ANN M. SKERRY, PH.D.
SCOTT M. SLABY

GREGORY S. VICKERS
JOSEPH E. WATERS
JONATHAN A. WITHROW
JOHN S. ZANGHI

REGISTERED PATENT AGENTS

ROBERT M. SIEG, PH.D.
THOMAS TILLANDER
GUOSHENG WANG, PH.D.
JEFFREY N. ZAHN
MARINA V. ZALEVSKY

ALBERT P. SHARPE, III
1959-2001

Patrick R. Roche
proche@faysharpe.com

Raymond P. Niro, Jr., Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois 60602-4515

> Re:   Black & Decker U.S. Patent No. 5,388,303
>       Our Reference: RYLZ 3 01103

Dear Ray:

Responsive to your letter of October 22, 2004, Royal was a little surprised that Black & Decker had in fact commercialized a product under the '303 patent. Since that time our efforts to locate any of the product have been unsuccessful, and so now we are asking for your help.

We do not dispute your point concerning "paper" patents. On the other hand, we are more interested in its evidentiary relevance to a royalty rate determination. Accordingly, when was the last time Black & Decker sold any of its COLLECTOR product? We know that the registration was canceled in 2001. Could you give us an indication of the sale value. Was the product sold with the appropriate constructive notice patent markings? We wonder if there is a decent argument that the Royal sales prior to the date of your actual notice letter are exempt. Lastly, are there any licenses under the patent?

Very truly yours,

FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP

Patrick R. Roche

PRR:ct
cc:    Royal Appliance Mfg.

N:\RYLZ\301103\CNT0001456V001.doc

## NIRO, SCAVONE, HALLER & NIRO
### 181 WEST MADISON STREET - SUITE 4600
### CHICAGO, ILLINOIS 60602-4515
### TELEPHONE NO. (312) 236-0733
### FACSIMILE NO. (312) 236-3137

TO:      Pat Roche

FROM:    Raymond Niro Jr.

DATE:     December 16, 2004      TIME:     10:32 am

TOTAL NUMBER OF PAGES (including cover page): ___**2**___. If you do not receive all of the

pages, please call (312) 236-0733 and ask for Susan Swierk.

**COMMENTS:**

**The enclosed facsimile may contain confidential information and is intended only for
the named recipient.** If this facsimile has been sent to you in error, please contact Susan Swierk
immediately.

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

**Communication Pursuant to Rule 408, Fed.R.Evid.**

December 16, 2004

**Email: proche@faysharpe.com**
**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2518

Re:   Black & Decker U.S. Patent No. 5,388,303

Dear Pat:

As indicated previously in my voice message, we are in the process of gathering the documents and information referenced in your December 2, 2004 letter.  We have requested information from you as well, including past sales volumes and projections for the accused products, profit margins and the like.  This can certainly be handled under an appropriate confidentiality agreement.

Please let me know when you are ready to exchange this information, so that we can progress with the settlement discussions.

Sincerely,

Raymond P. Niro, Jr.

RPNjr/sls

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

**Communication Pursuant to Rule 408, Fed.R.Evid.**

January 13, 2005

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

**Email: proche@faysharpe.com**
**Facsimile: (216) 241-1666**

Patrick R. Roche
Fay, Sharpe, Fagan, Minnich & McKee
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2518

Re:    Black & Decker U.S. Patent No. 5,388,303

Dear Pat:

Please provide your response to our letter of December 16, 2004.  Black & Decker would like to expedite our settlement discussions if possible.

Sincerely,

Raymond /sls

Raymond P. Niro, Jr.

RPNjr/sls

# Exhibit 3

# FAY, SHARPE, FAGAN, MINNICH & McKEE, LLP

### PATENT TRADEMARK AND COPYRIGHT LAW

MARK E. BANDY
JOHN P. CORNELY
JOSEPH D. DREHER
JUDE A. FRY
STEVEN M. HAAS
MICHAEL E. HUDZINSKI
RICHARD M. KLEIN
THOMAS E. KOCOVSKY, JR.
SANDRA M. KOENIG
SCOTT A. McCOLLISTER
JAMES W. McKEE
JAY F. MOLDOVANYI
PHILIP J. MOY, JR.
TIMOTHY E. NAUMAN

PATRICK R. ROCHE
JAMES E. SCARBROUGH
ANN M. SKERRY, PH.D.
MARK S. SVAT
BRIAN E. TURUNG
GREGORY S. VICKERS
ROBERT V. VICKERS

OF COUNSEL

E. KENT DANIELS, JR.
CHRISTOPHER B. FAGAN
RICHARD J. MINNICH
THOMAS E. YOUNG

1100 SUPERIOR AVENUE

SEVENTH FLOOR

CLEVELAND, OHIO 44114-2579
———
TELEPHONE (216) 861-5582

FAX (216) 241-1666

WEB: www.faysharpe.com

ALAN C. BRANDT
MATTHEW P. DUGAN
PATRICK D. FLOYD
COLLEEN FLYNN GOSS
KARL W. HAUBER
ERIC M. HIGHMAN
ERIK J. OVERBERGER
SUE ELLEN PHILLIPS
ROBERT A. SIDOTI
SCOTT M. SLABY
JOSEPH E. WATERS
JONATHAN A. WITHROW
JEFFREY N. ZAHN
MARINA V. ZALEVSKY

JOHN S. ZANGHI

REGISTERED PATENT AGENTS
KEVIN M. DUNN
ROBERT M. SIEG, PH.D.
THOMAS TILLANDER
ALEX P. TSAROUHAS
GUOSHENG WANG, PH.D.

ALBERT P. SHARPE, III
1959-2001

February 18, 2005

Patrick R. Roche
proche@faysharpe.com

Raymond P. Niro, Jr., Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois 60602-4515

Re:    Black & Decker U.S. Patent No. 5,388,303
       Our Reference:  RYLZ 3 01103

Dear Ray:

I am sorry for the delay in getting back to you. Royal is reluctant to supply the requested past sales information until it is convinced it is relevant. We need some information from you evidencing that B&D complied with the proper notice provisions regarding patent marking on the COLLECTOR product. Royal has finally been able to obtain a sample of the product and it lacks a marking of the patent number. Please provide us with appropriate evidence of those COLLECTOR products that were sold after the patent issued having the required patent number marking.

We know the COLLECTOR had a relatively brief product life and believe a substantial portion of this life existed after the patent issued, and so we will also require your assurances that most of the products sold after the patent issue date included the patent number marking.

As this is not confidential information to B&D, we do not appreciate why this request should be treated by you as requiring a corresponding exchange of Royal confidential information.

Raymond P. Niro, Jr., Esq.
February 18, 2005
Page 2


We look forward to hearing from you at your convenience.

Very truly yours,

FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP

Patrick R. Roche

PRR:ct
cc:    Royal Appliance Mfg. Co.


N:\RYLZ\301103\CNT0001748V001.doc

# Exhibit 4



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.go

*Ex Parte* Reexamination Filing Data - June 30, 2006

1.  Total requests filed since start of ex parte reexam on 07/01/81 ......................................8084

    a.  By patent owner                      3313    41%
    b.  By other member of public            4606    57%
    c.  By order of Commissioner              165     2%

2.  Number of filings by discipline

    a.  Chemical Operation                   2496    31%
    b.  Electrical Operation                 2608    32%
    c.  Mechanical Operation                 2980    37%

3.  Annual Ex Parte Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 340 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | | |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | | |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
| 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4.  Number known to be in litigation........................................................1895    23%

5.  Determinations on requests.............................................................................7852

    a.  No. granted .......................................................... 7160 ................... 91%

        (1)  By examiner                             7054
        (2)  By Director (on petition)                106

    b.  No. denied ........................................................... 692 ..................... 9%

        (1)  By examiner                              657
        (2)  Order vacated                            35

6.  Total examiner denials (includes denials reversed by Director)......................................763

    a.  Patent owner requester                                        430       56%
    b.  Third party requester                                            333       44%

7.  Overall reexamination pendency  (Filing date to certificate issue date)

    a.  Average pendency                      22.8  (mos.)
    b.  Median pendency                        17.6  (mos.)

8.  Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a.  All claims confirmed | 23% | 29% | 13% | 26% |
| b.  All claims cancelled | 7% | 12% | 19% | 10% |
| c.  Claims changes | 70% | 59% | 68% | 64% |

9.  Total ex parte reexamination certificates issued (1981 - present)...................................5433

    a.  Certificates with all claims confirmed                  1410    26%
    b.  Certificates with all claims canceled                  554    10%
    c.  Certificates with claims changes                    3469    64%

10. Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a.  Certificates _ PATENT OWNER REQUESTER.....................................................2360

        (1)  All claims confirmed                 543    23%
        (2)  All claims canceled                 174     7%
        (3)  Claim changes                    1643    70%

    b.  Certificates _ 3rd PARTY REQUESTER................................................................2934

        (1)  All claims confirmed                 849    29%
        (2)  All claims canceled                 353    12%
        (3)  Claim changes                    1732    59%

    c.  Certificates _ COMM'R INITIATED REEXAM ....................................................139

        (1)  All claims confirmed                  18    13%
        (2)  All claims canceled                 27    19%
        (3)  Claim changes                     94    68%

# Exhibit 5

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JENS ERIK SORENSEN, as Trustee of          CASE NO. 06cv1572 BTM (CAB)
     SORENSEN RESEARCH AND
12   DEVELOPMENT TRUST,                          **ORDER:**

13                              Plaintiff,       **(1) DENYING PLAINTIFF'S MOTION
                                                 FOR RECONSIDERATION OF
14                                               DENIAL OF OBJECTIONS TO
                                                 MAGISTRATE JUDGE'S ORDER OF
15                                               APRIL 9, 2007 AS MOOT [Doc.
                                                 #163];**
16          vs.
                                                 **(2) GRANTING DEFENDANTS'
17                                               MOTION FOR RECONSIDERATION
                                                 OF THE COURT'S JUNE 20, 2007
18                                               ORDER RE BIFURCATION [Doc.
                                                 #171];**
19
20   THE BLACK AND DECKER                        **(3) GRANTING IN PART AND
     CORPORATION, et al.                         DENYING IN PART DEFENDANTS'
21                                               MOTION TO STAY [Doc. #178];**

22                              Defendants.      **and**

23                                               **(4) DENYING PLAINTIFF'S MOTION
                                                 FOR PARTIAL SUMMARY
24                                               JUDGMENT AS PREMATURE [Doc.
                                                 #204]**

25   **I.      Motion for Reconsideration of Denial of Objections to Magistrate Judge's Order**

26          On April 9, 2007, Magistrate Judge Bencivengo issued an order in which she granted

27   in part and denied in part Plaintiff's motion to compel further responses to discovery.  In

28   accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Plaintiff filed an

                                        1

1    objection to that ruling, arguing that it was both clearly erroneous and contrary to law.  In an
2    order entered June 14, 2007, the Court overruled Plaintiff's objection without prejudice. The
3    Court found that the Magistrate Judge's determinations regarding the Black & Decker
4    Defendants' waiver of the attorney-client privilege, and the applicability of Patent Local Rule
5    2.5(d), were neither clearly erroneous nor contrary to law, on the record before the Court.
6    However, the Court was unable to determine at that time whether, and to what extent, the
7    Black & Decker Defendants ("B&D") intended to rely upon the death of Dennis Dearing to
8    provide the requisite showing of prejudice in support of any laches and/or equitable estoppel
9    defenses. Therefore, Plaintiff was granted leave to serve an interrogatory upon B&D, which
10   stated: "Set forth, in detail, all prejudice to Defendants that resulted from the death of Dennis
11   Dearing in regard to this case."  To the extent Plaintiff believed that B&D's response to the
12   interrogatory indicated that this Court's determination regarding waiver of the attorney-client
13   privilege was in error, it was invited to move for reconsideration of the decision at that time.

14        On July 11, 2007, B&D responded to Plaintiff's interrogatory setting forth the prejudice
15   that resulted from the death of its former in-house counsel Dennis Dearing. The prejudice
16   identified included the inability to have Mr. Dearing testify regarding his communications in
17   the mid-1990s pertaining to Mr. Jens Ole Sorensen's claims of infringement of the '184
18   Patent. These communications included discussions directly with Mr. Sorensen and his
19   representatives, as well as with John Schiech, Black & Decker's business manager
20   responsible for making all decisions concerning the matter. B&D also indicated that it was
21   prejudiced because it could not present Mr. Dearing as a witness to defend against Plaintiff's
22   charge of willful infringement.

23        On July 12, 2007, Plaintiff filed the present motion to reconsider this Court's previous
24   ruling on the basis of the new evidence presented in B&D's interrogatory response. The
25   motion was calendared for hearing, without oral argument, on August 10, 2007. However,
26   while the motion was pending, Magistrate Judge Bencivengo reconsidered her earlier ruling
27   in light of B&D's interrogatory response. On August 3, 2007, Judge Bencivengo issued her
28   "Order Following Discovery Conference on July 26, 2007" in which she ruled:

1

2

3

4

> Since the defendant is affirmatively relying upon the death of Mr. Dearing to support its defense of laches, the plaintiff is entitled to review Mr. Dearing's files that still exist and reflect his personal thoughts and impressions, so plaintiff may respond to defendant's claim of lost evidence. Defendant was therefore ordered to produce any withheld documents reflecting Mr. Dearing's work product on this matter.

5  [Doc. #177 at ¶ 8.] Judge Bencivengo stayed production of Mr. Dearing's work product for

6  30 days in order to give B&D an opportunity to appeal the order. B&D has just taken that

7  opportunity and filed a motion for reconsideration on September 4, 2007 [Doc. #240]. B&D's

8  motion is calendared for hearing by this Court on November 2, 2007.

9  In light of Judge Bencivengo's more recent order requiring production of Mr. Dearing's

10  privileged documents, and the now-pending motion for reconsideration of that order, the

11  Court finds moot Plaintiff's motion for reconsideration of its previous order overruling

12  Plaintiff's objection to Judge Bencivengo's April 9, 2007 order. The Court finds that this

13  entire issue will be addressed, upon a complete and updated record that includes Judge

14  Bencivengo's August 3, 2007 order, in the Court's forthcoming decision on B&D's pending

15  motion for reconsideration. Accordingly, Plaintiff's motion is **DENIED** without prejudice as

16  moot.

17

18  **II.    Motion for Reconsideration of Bifurcation**

19  On June 13, 2007, the Court held a hearing on B&D's motion for summary judgment

20  of laches. The Court denied B&D's motion at that hearing and discussion then ensued over

21  the possibility of setting an expedited bench trial on B&D's equitable defenses of laches and

22  estoppel. At B&D's urging, the Court and the parties agreed to schedule this bench trial

23  beginning on December 17, 2007. In a June 20, 2007 written order confirming the Court's

24  decision from the June 13 hearing, the Court explained that the trial of equitable defenses

25  could be bifurcated from the rest of the trial proceedings relating to infringement. [Doc. #147

26  at 2-3.] Citing the Ninth Circuit case of Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir.

27  2001), the Court explained that, in deciding these equitable defenses, it would need to

28  determine whether there has been any showing of willful infringement on the part of

1   Defendants that would act as a "counterdefense" to laches. The Court invited any party to

2   make a motion for reconsideration of the decision to bifurcate the equitable portion of the trial

3   if they felt that the Court's determination of the willfulness issue presented a problem for any

4   subsequent jury trial proceedings.

5       On July 20, 2007, B&D accepted the Court's invitation and filed a motion for

6   reconsideration of bifurcation. [Doc. #171.] B&D explained that it had not appreciated that

7   the Court itself would need to make a finding on willfulness, without the aid of a jury, in any

8   bifurcated trial on equitable defenses. In light of this realization, and its desire to retain its

9   full rights to a jury determination on willfulness, B&D withdrew its request for an expedited

10  bench trial on its equitable defenses.

11      Plaintiff has opposed B&D's motion for reconsideration arguing that there is no

12  authority establishing any right to a jury trial on willfulness and, to the extent such a right

13  exists, B&D has waived its rights by continually requesting that the Court schedule a short

14  bench trial on laches before proceeding with the rest of the action.

15      The Court finds that the right to a jury trial on willfulness exists in a patent action that

16  will be tried to a jury. See, e.g., Richardson v. Suzuki Motor Co., 886 F.2d 1226, 1250 (Fed.

17  Cir. 1989). Having considered the submissions of the parties and the record of these

18  proceedings, the Court does not find that B&D has knowingly waived its right to a jury trial

19  on willfulness. Moreover, the early bifurcated trial on equitable defenses was scheduled by

20  this Court in an effort to accommodate B&D's request for an early determination of laches,

21  which it argued, if found, would greatly expedite the conclusion of this matter. Having

22  recognized that a laches determination requires that this Court determine, before any jury

23  has considered the question, whether Defendants willfully infringed Plaintiff's patent, B&D

24  has withdrawn its request. The Court sees no reason to push ahead with a bifurcated trial

25  despite B&D's express wishes.

26      The Court's recognition of the practical ramifications of the intertwinement of

27  willfulness in any laches determination was the impetus for the Court's invitation to

28  reconsider in its June 20, 2007 order. Having considered B&D's submission, which was

4

1 | based upon the exact issues identified in this Court's own order, the Court hereby **GRANTS**

2 | B&D's motion. The bifurcated bench trial on equitable defenses previously scheduled for

3 | December 17, 2007 is hereby **VACATED**, along with all pretrial proceedings associated with

4 | it, including the November 26, 2007 pretrial conference.

5 |

6 | **III.    Motion to Stay Litigation Pending Reexamination**

7 | On August 3, 2007, all Defendants jointly filed a motion for a stay of these

8 | proceedings. Defendants' motion is based on B&D's pending request for reexamination of

9 | Plaintiff's '184 Patent, which was filed with the U.S. Patent and Trademark Office ("PTO") on

10 | July 30, 2007. The request for reexamination challenges, *inter alia*, all 5 claims of the '184

11 | Patent that are asserted in the present litigation. The challenge is based on a number of

12 | prior art references, almost all of which were apparently not considered by the PTO in the

13 | prosecution of the '184 Patent.

14 | Courts have inherent power to stay an action pending conclusion of PTO

15 | reexamination proceedings. Ethicon, Inc. v. Quigg, 849 F.2d 1422,1426-27 (Fed. Cir. 1988).

16 | The decision whether to grant or deny a motion to stay proceedings pending PTO

17 | reexamination rests within the sound discretion of the court. See, e.g., Photoflex Products,

18 | Inc. v. Circa 3 LLC, No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal.

19 | May 24, 2006). There is a "liberal policy" in favor of granting motions to stay pending the

20 | outcome of PTO reexamination proceedings. ASCII Corp. v. STD Entertainment USA, Inc.,

21 | 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

22 | In determining whether to stay litigation pending reexamination by the PTO, courts

23 | generally consider the following factors: (1) the stage of litigation, i.e., whether discovery is

24 | almost complete and whether a trial date has been set; (2) whether a stay would cause

25 | undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether

26 | a stay will simplify the issues in question and trial of the case. See, e.g., Xerox Corp. v.

27 | 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

28 | The Court finds that this litigation has not proceeded so far that it would be unjust to

1   stay the action. Although this action was originally filed about a year ago, and the Court
2   recognizes that substantial amounts of discovery have already occurred, the more relevant
3   inquiry is whether discovery is nearing completion – it is not.[1] For instance, Magistrate Judge
4   Bencivengo recently granted the parties permission to take an additional 10 depositions per
5   side. [See Doc. #159 at 2.] No deadline for the completion of fact discovery has even been
6   set.  Moreover, the parties are just beginning to brief the preliminary issue of claim
7   construction and, in accordance with the decision above to vacate the bifurcated bench trial
8   on equitable defenses, no trial date is currently set for any aspect of this case.  In addition,
9   while the Court has already considered two motions for summary judgment, it previously put
10  off consideration of two others until after claim construction, and Plaintiff has just filed a
11  substantial summary judgment motion aimed at piercing Black & Decker's corporate veil.
12  The Court anticipates that further summary judgment motions regarding infringement and
13  patent validity will be filed once claim construction is complete.  Thus, a substantial amount
14  of resources will be employed by all parties and the Court even in advance of any eventual
15  trial.  See, e.g., Broadcast Innovation, L.L.C. v. Charter Communications, Inc., No. 03-cv-
16  2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623, at *26-31 (D. Colo. July 11, 2006) (granting
17  stay, in part, because of significant work remaining on motions for summary judgement, even
18  though trial date was less than three months away).

19          Plaintiff claims Defendants delayed filing their request for reexamination to gain a
20  tactical advantage over it. He claims that Defendants were aware of the prior art that they
21  reference in their reexamination request over seven months ago, but purposely delayed so
22  that the '184 Patent would expire during the reexamination process, thereby precluding
23  Plaintiff from offering any amendments to the claims. Defendants respond that there was no
24  intentional delay and that their decision to request reexamination was based, in part, on the
25  Supreme Court decision in KSR International Co. v. Teleflex Inc., 127 S. Ct. 1727 (2007),
26  which was only issued at the end of April.  The Court is not convinced that Defendants

27

28  [1] In reaching this determination, the Court has considered the surreply submitted by
    Plaintiff and, therefore, the pending ex parte request to file a surreply [Doc. #201] is
    **GRANTED**.

06cv1572

1  employed any improper tactics in filing their request for reexamination. While Plaintiff is
2  rightfully concerned that a reexamination in the twilight of his patent puts him at a distinct
3  disadvantage, he could have prevented this situation by filing suit many years ago, thereby
4  allowing sufficient time for any reexamination to occur before the patent expired.

5      Therefore, Plaintiff's cognizable claims of prejudice if a stay should be entered
6  basically boil down to his inconvenience in delaying final collection of any monetary award
7  of royalties, assuming he ultimately wins. However, as the court recognized in Broadcast,
8  the prejudice factor "is best summarized by one question: *do the Plaintiffs have an adequate*
9  *remedy at law?*" 2006 U.S. Dist. LEXIS 46623, at *32. Just as in Broadcast, the answer
10 here is that clearly Plaintiff does have an adequate remedy. Defendants point out, and
11 Plaintiff has not disputed, that the '184 Patent will expire in February 2008 independent of
12 reexamination. Given that a trial on the merits could not occur prior to that date, Plaintiff
13 would not have been granted any injunctive relief by this Court. Therefore, his claim would
14 be restricted to past monetary damages, which, with the addition of prejudgment interest, are
15 fully capable of compensating Plaintiff. Unfortunately, reexamination can be a drawn out
16 process, resulting in a significant delay in court proceedings. Protracted delay is always a
17 risk inherent in granting a stay, yet courts continue to stay actions pending reexamination.
18 The general prejudice of having to wait for resolution is not a persuasive reason to deny the
19 motion for stay. An average delay for reexamination of approximately 18-23 months is
20 especially inconsequential where Plaintiff himself waited as many as twelve years before
21 bringing the present litigation. (See PTO Reexamination Statistics at Ex. B to Niro Decl.;
22 Doc. #180-3.)

23     In addition, the Federal Circuit has recently confirmed that the PTO would not be
24 bound in its reexamination by the determinations of this Court. In re Trans Texas Holdings
25 Corp., 2006-1599 and 2006-1600, 2007 U.S. App. LEXIS 19909, at *14-19 (Fed. Cir. Aug.
26 22, 2007). Because of this, the Court finds that not only is Plaintiff unlikely to be prejudiced
27 in these proceedings by a stay pending the PTO reexamination, but Defendants would
28 potentially be prejudiced by *failing* to enter a stay. One court has explained this possibility

7

1 | accordingly:

> Not only could the Court and the PTO reach conflicting determinations, but one possible scenario could result in irreparable harm to [Defendant]: if this Court finds that the [patent] is not invalid and that [Defendant] has infringed it, and orders [Defendant] to pay damages to [Plaintiff] for such infringement, then [Defendant] would have no ability to recover those damages if at a later date the PTO determined that the [] patent is invalid.

Bausch & Lomb, Inc. v. Alcon Lab., Inc., 914 F. Supp. 951, 952 (W.D.N.Y. 1996). The Court finds such a possibility to be, at a minimum, a highly undesirable outcome.

Finally, the Court finds that the stay will result in the simplification of issues in this case. As explained by the Federal Circuit, "[o]ne purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983). The Broadcast court, elaborating on this point, explained:

> Shifting the patent validity issue to the PTO has many advantages, including:
>
> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
>
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination.
>
> 7. The cost will likely be reduced both for the parties and the Court.

2006 U.S. Dist. LEXIS 46623, at *9-10 (quoting Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)).

The Court believes that it will benefit from the PTO's evaluation of how the previously

8

1   unconsidered prior art references impact the claims of the patent-in-suit. The PTO's expert

2   evaluation is likely to be of assistance not only as to the issues of validity, but its

3   understanding of the claims is also likely to aid this Court in the preliminary process of claim

4   construction.

5       The Court finds that, especially in this case, the reexamination process has the

6   potential to significantly narrow the issues for trial because of the impending expiration of the

7   '184 Patent. While the parties have argued at length about exactly how this additional

8   variable affects the calculation of the likely outcome of reexamination, the Court need not

9   resolve this dispute to reach the proper conclusion. It is enough to note that when

10  reexamination is requested by a third party, as in this case, all claims are confirmed only 29%

11  of the time. (See PTO Reexamination Statistics at Ex. B to Niro Decl.; Doc. #180-3.) Since

12  no amendments can be offered to an expired patent, there is obviously a significant likelihood

13  that the validity of the claims at issue in this action will be affected by the reexamination

14  process.[2]

15      In addition, the Court expects that the reexamination process will not only aid the

16  Court in these proceedings, but should also redound to the benefit of the parties, both

17  Defendants and Plaintiff. As the Broadcast court explained in its discussion of the possibility

18  of prejudice from entering a stay:

19      If the PTO does not invalidate or otherwise alter the claims of the [] patent,
        the Plaintiffs' legal remedy remains unaffected . . . . Moreover, if the claims
20      are narrowed, both sets of parties will have benefitted by avoiding the
        needless waste of resources before this Court, and again, the Plaintiffs will
21      be able to pursue their claim for money damages at trial. Finally, if the claims
        are strengthened, the Plaintiffs' position will be as well, and their likelihood
22      of monetary damages will increase. See, e.g., Motson, 2005 U.S. Dist.
        LEXIS, 2005 WL 3465604 at *1 ("[I]f the PTO upholds the validity of plaintiff's
23      patent, 'the plaintiff's rights will only be strengthened, as the challenger's
        burden of proof becomes more difficult to sustain.'") (quoting Pegasus Dev.
24      Corp., 2003 U.S. Dist. LEXIS 8052, 2003 WL 21105073 at *2).

25

26      [2] Plaintiff has argued that the PTO is unlikely to grant reexamination precisely because
    the '184 Patent will expire soon. However, Plaintiff failed to produce any evidence to support
27  this contention. Moreover, even if Plaintiff is correct, and the PTO fails to grant
    reexamination (a decision which should issue no later than October 30, 2007), this Court
28  would immediately lift the stay and these proceedings would continue – a relatively
    insignificant 2-month delay being all that would result.

1  2006 U.S. Dist. LEXIS 46623, at *32-33.  Accordingly, the Court finds that a stay is
2  appropriate to avoid the risk of unnecessary litigation and to permit the clarification of issues
3  before this Court.

4      Therefore, Defendants' motion to stay this litigation is **GRANTED IN PART** and
5  **DENIED IN PART**.  With the exception of two pending motions, all proceedings are hereby
6  stayed pending the PTO's reexamination of the '184 Patent.  The Court will continue to hear
7  Plaintiff's pending motion for entry of default against Defendant Porter-Cable Corporation
8  [Doc. #182], which is calendared for hearing on October 12, 2007.  As was discussed above
9  in Section I, the Court will also continue to hear B&D's pending motion for reconsideration
10 of Magistrate Judge Bencivengo's August 3, 2007 order regarding production of Dennis
11 Dearing's attorney work product [Doc. #240], which is calendared for hearing on November
12 2, 2007.  The Clerk is directed to **VACATE** all scheduled discovery hearings, as well as the
13 claim construction hearing previously set for November 19, 2007.  All hearing dates will be
14 reset, to the extent appropriate, once the stay of these proceedings has been lifted.

15     Defendants are ordered to file a notice informing the Court of the PTO's decision on
16 the pending application for reexamination within 10 days of receipt of such decision.  If the
17 PTO declines B&D's request to reexamine the '184 Patent, the Court will immediately lift the
18 stay and recalendar all vacated hearing dates.      If, however, the PTO approves
19 reexamination, this stay will remain in place pending some resolution of those proceedings.
20 During the pendency of the reexamination, Defendants will be required to file a notice every
21 6 months apprising the Court of any change in the status of those proceedings.

22

23 **IV.**    **Motion for Partial Summary Judgment**

24     On August 30, 2007, Plaintiff filed a motion for partial summary judgment piercing the
25 corporate veils of the Black & Decker Defendants, or in the alternative, holding them to be
26 a single enterprise for purposes of patent infringement liability.  [Doc. #204.]  The motion is
27 presently calendared for hearing on October 26, 2007.  In light of the Court's entry of a stay
28 of these proceedings pending the PTO patent reexamination, the Court finds Plaintiff's

1  motion to be premature.  Accordingly, the Court hereby **DENIES** Plaintiff's motion without

2  prejudice.[3] As the Court is aware of the substantial volume of Plaintiff's motion, he is invited

3  to refile this motion once the stay has been lifted by simply filing a short notice of motion

4  which incorporates by reference his earlier filing.

5

6  **IT IS SO ORDERED.**

7

8  DATED:  September 10, 2007

9  _Barry Ted Moskowitz_

10 Honorable Barry Ted Moskowitz
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  _____

   [3] Plaintiff's pending motion to file confidential documents under seal in support of the motion for partial summary judgment [Doc. #204-5] is also **DENIED** as moot.

11

06cv1572

# Exhibit 6

1  | J. Christopher Jaczko (149317)
Allison H. Goddard (211098)
2  | JACZKO GODDARD LLP
4401 Eastgate Mall
3  | San Diego, California 92121
Phone: (858) 550-6150
4  | Fax: (858) 225-3500

5  | Attorneys for the Black & Decker Defendants

6  | Kenneth S. Klein (129172)
FOLEY & LARDNER LLP
7  | 402 West Broadway, Suite 2100
San Diego, California 92101
8  | Phone: (619) 234-6655
Fax: (619) 234-3510
9

Attorneys for Phillips Plastics Corporation
10 | and Hi-Tech Plastics, Inc.

11

12 | **IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13

| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | Case No. 06cv1572 BTM (CAB) |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND DEFENDANTS' JOINT MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS** |
| v. | |
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., PORTER-CABLE CORPORATION, VECTOR PRODUCTS, INC., PHILLIPS PLASTICS CORPORATION, HI-TECH PLASTICS INC. and B&D HOLDINGS LLC, | **Date:  August 31, 2007**<br>**Time: 11:00 a.m.**<br>**Courtroom 15, Fifth Floor**<br>**Hon. Barry Ted Moskowitz**<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |
| Defendants. | |

Case No. 06cv1572 BTM (CAB)

1    NOTICE IS HEREBY GIVEN that on August 31, 2007 at 11:00 a.m., or as soon

2    thereafter as the matter may be heard by the above-entitled Court, located at 940 Front Street,

3    San Diego, CA 92101-8900, each of the Defendants in this action, Phillips Plastics Corporation,

4    Hi-Tech Plastics, Inc., The Black & Decker Corporation, Black & Decker Inc., Black & Decker

5    (U.S.) Inc., individually and d/b/a Porter-Cable Corporation[1], Vector Products, Inc. and B&D

6    Holdings LLC, will and hereby do respectfully move for a stay of the above-captioned

7    proceeding pending the ongoing United States Patent & Trademark Office ("PTO")

8    reexamination of the patent in suit, U.S. Patent No. 4,935,184 ("the '184 patent").

9        A stay of the present litigation is particularly warranted given the current status of this

10   case. No trial date has been set. There is no deadline for the close of fact or expert discovery.

11   The Court has not conducted a *Markman* hearing or construed the terms of the '184 patent. In

12   fact, the parties have not even completed claim construction discovery or submitted claim

13   construction briefs; nor have the majority of the Defendants yet submitted initial Rule 26(a)(1)

14   Disclosures, which are due on August 31, 2007.

15       Therefore, a stay will conserve the resources of both the Court and the parties, and will

16   also provide the benefit of simplifying (if not eliminating) the issues for trial. Given that the

17   '184 patent will be expiring in approximately six months and that discovery remains in its initial

18   stages, Plaintiff, Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust

19   ("Plaintiff" or "Sorensen"), would not be prejudiced in any way by entry of an order staying the

20   present litigation pending the PTO's ongoing reexamination of the '184 patent.

21   ///

22

23

-----

24   [1]    Porter-Cable Corporation does not exist as a separate entity; rather, it has merged
into Black & Decker (U.S.) Inc., which operates in some instances as d/b/a Porter-Cable
Corporation.

- 1 -                          Case No. 06cv1572 BTM (CAB)

1       For the reasons set forth in greater detail in the supporting memorandum and related

2   pleadings submitted herewith, Defendants respectfully request that the Court order this case

3   stayed pending completion of the PTO's ongoing reexamination of the '184 patent.

4   Dated:  August 3, 2007           Respectfully submitted,

5         /s/ Raymond P. Niro, Jr.            /s/ Robert L. Binder
        Raymond P. Niro, Jr.               *Signed with permission*

6       Dina M. Hayes                Robert L. Binder
        Gregory P. Casimer           FOLEY & LARDNER LLP

7       Robert A. Conley            777 East Wisconsin Avenue
        NIRO, SCAVONE, HALLER & NIRO   Milwaukee, WI 53202

8       181 West Madison, Suite 4600     Phone:  (414) 271-2400
        Chicago, Illinois  60602-4515     Fax  (414).297-4900

9       Phone: (312) 236-0733
        Fax: (312) 236-3137            Kenneth S. Klein (129172)

10                       FOLEY & LARDNER LLP
        J. Christopher Jaczko (149317)   402 West Broadway, Suite 2100

11      Allison H. Goddard (211098)    San Diego, California 92101
        JACZKO GODDARD LLP      Phone: (619) 234-6655

12      4401 Eastgate Mall          Fax: (619) 234-3510
        San Diego, California  92121

13      Phone: (858) 550-6150       *Attorneys for Defendants Phillips and Hi-*
        Fax: (858) 225-3500         *Tech*

14
        *Attorneys for the Black & Decker*

15      *Defendants*

16

17

18

19

20

21

22

23

24

1

## PROOF OF SERVICE

2        I hereby certify that on August 3, 2007, I caused the foregoing NOTICE OF MOTION

3   AND DEFENDANTS' JOINT MOTION TO STAY THE LITIGATION PENDING THE

4   OUTCOME OF REEXAMINATION PROCEEDINGS to be electronically filed with the Clerk

5   of the Court using the CM/ECF system which will send notification of such filing to:

6        *Attorneys for Plaintiff*

7        J. Michael Kaler (158296)
         KALER LAW OFFICES
8        9930 Mesa Rim Road, Suite 200
         San Diego, California 92121
9        Phone: (858) 362-3151
         Fax: (858) 824-9073
10       michael@kalerlaw.com

11       Melody A. Kramer (169984)
         KRAMER LAW OFFICE
12       9930 Mesa Rim Road, Suite 1600
         San Diego, California 92121
13       Phone: (858) 362-3150
         Fax: (858) 824-9073
14       mak@kramerlawip.com

15       Patricia Shackelford (218647)
         9930 Mesa Rim Road, Suite 450
16       San Diego, California 92121
         Phone: (858) 362-3150
17       Fax: (858) 824-9073
         pashackelford@yahoo.com

18
         I certify that all parties in this case are represented by counsel who are CM/ECF
19
     participants.
20

21                              /s/ Raymond P. Niro, Jr.
                                Attorney for the Black & Decker Defendants
22
                                /s/ Robert L. Binder
23                              Attorney for the Phillips and Hi-Tech

24

1   J. Christopher Jaczko (149317)
    Allison H. Goddard (211098)
2   JACZKO GODDARD LLP
    4401 Eastgate Mall
3   San Diego, California 92121
    Phone: (858) 550-6150
4   Fax: (858) 225-3500

5   Attorneys for the Black & Decker Defendants

6   Kenneth S. Klein (129172)
    FOLEY & LARDNER LLP
7   402 West Broadway, Suite 2100
    San Diego, California 92101
8   Phone: (619) 234-6655
    Fax: (619) 234-3510
9
    Attorneys for Phillips Plastics Corporation
10  and Hi-Tech Plastics, Inc.

11                **IN THE UNITED STATES DISTRICT COURT**

12            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13   JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND 14   DEVELOPMENT TRUST, 15                          Plaintiff, 16          v. 17   THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & 18   DECKER (U.S.) INC., PORTER-CABLE CORPORATION, VECTOR PRODUCTS, 19   INC., PHILLIPS PLASTICS CORPORATION, HI-TECH PLASTICS INC. 20   and B&D HOLDINGS LLC, 21                          Defendants. | Case No. 06cv1572 BTM (CAB)  **MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS**  **Date:  August 31, 2007** **Time:  11:00 a.m.** **Courtroom 15, Fifth Floor** **Hon. Barry Ted Moskowitz**  NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

22

23

24

                                    Case No. 06cv1572 BTM (CAB)

1

## TABLE OF CONTENTS

2

I.      INTRODUCTION ........................................................................................... 1

3

II.     LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION ................. 2

III.    A STAY OF THE LITIGATION PENDING THE
4       PTO'S REEXAMINATION OF THE '184 PATENT IS WARRANTED ........................ 4

        A.      Defendants' Motion For A Stay Is Timely ............................................. 4

5
        B.      Sorensen Will Not Be Prejudiced By A Stay ........................................ 5

6       C.      A Stay Will Simplify The Issues For Trial
                Or Eliminate The Need For A Trial Altogether ..................................... 8

7       D.      A Stay Will Reduce The Burden Of
                Litigation On The Parties As Well As The Court .................................. 9
8
        E.      No Dilatory Tactics Or Motive By Defendants ................................... 10

9

IV.     CONCLUSION ............................................................................................... 11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

## TABLE OF AUTHORITIES

2

### Federal Cases

3

*Broadcast Innovation, LLC v. Charter Communs., Inc.,*
2006 U.S. Dist. LEXIS 46623 (D.Colo. Jul. 11, 2006) ...............................................4

4

*In re Cygnus Telecommunications Technology, LLC Patent Litigation,*
5   385 F.Supp.2d 1022 (N.D. Cal. 2005)...................................................................3

6   *Ethicon v. Quigg,*
    849 F.2d 1422 (Fed. Cir. 1988)............................................................................2

7

*Gould v. Control Laser Corp.,*
8   705 F.2d 1340 (Fed. Cir. 1983)..........................................................................3, 8

9   *Hewlett-Packard Co. v. Acuson Corp.,*
    1993 U.S. Dist. LEXIS 6449 (N.D. Cal. May 5, 1993) ...............................................7

10

*Ingro v. Tyco Indus., Inc.,*
11   1985 U.S. Dist. LEXIS 19300 (N.D. Ill. May 31, 1985) .............................................6

12   *KLA-Tencor Corp. v. Nanometrics, Inc.,*
     2006 U.S. Dist. LEXIS 15754 (N.D. Cal. Mar. 16, 2006).......................................7, 10

13

*KSR International Co. v. Teleflex Inc.,* 127 S. Ct. 1727 (2007) ...............................9

14

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.,*
15   2007 U.S. Dist. LEXIS 18785 (N.D. Cal. Feb. 26, 2007) ....................................3, 7, 8

16   *Photoflex Products, Inc. v. Circa 3 LLC,*
     2006 U.S. Dist. LEXIS 37743 (N.D. Cal. May 24, 2006).......................................3, 7

17

### Docketed Cases

18

*Predicate Logic, Inc. v. Distributive Software, Inc.,*
19   Case No. 01cv1951 (S.D. Cal. November 14, 2002)..............................2, 3, 5, 6, 7, 8

20

### Federal Statutes

21   35 U.S.C. § 303 .....................................................................................5

22   35 U.S.C. § 305.....................................................................................5

23   37 C.F.R. §1.530(j) ................................................................................8

24

1

**Other Authority**

2

*Manual of Patent Examining Procedure* (Rev. 5 Aug. 2006) § 2250 (III)....................................8

3

*House Report (Judiciary Committee),*
H.R.REP. 96-1307(I), 1980 U.S.C.C.A.N. 6460 .......................................................................10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.     INTRODUCTION

Each of the Defendants in this action, Phillips Plastics Corporation, Hi-Tech Plastics, Inc., The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., individually and d/b/a Porter-Cable Corporation[1], Vector Products, Inc. and B&D Holdings LLC, respectfully move for a stay of the above-captioned proceeding pending the ongoing United States Patent & Trademark Office ("PTO") reexamination of the patent in suit, U.S. Patent No. 4,935,184 ("the '184 patent").

Although Plaintiff, Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Plaintiff" or "Sorensen"), filed his Complaint against The Black & Decker Corporation on August 7, 2006, the remaining Black & Decker Defendants, Black & Decker Inc., Black & Decker (U.S.) Inc., Vector Products, Inc. and B&D Holdings LLC, were not added until much later and Defendants Phillips Plastics Corporation ("Phillips") and Hi-Tech Plastics, Inc. ("Hi-Tech"), were first joined as parties on March 9, 2007.

The case is still in the early stages.  The parties are to exchange initial claim construction briefs on September 26, 2007 and responsive briefs on October 17, 2007 (Doc. #151 at p.4).  A *Markman* hearing is scheduled for November 19, 2007 (Doc. #158).  After the hearing, the Court will schedule a Case Management Conference setting additional discovery and pretrial dates (Doc. #151 at p.5).  Accordingly, there are presently no deadlines for the close of fact discovery, expert discovery or for the filing of dispositive motions relating to the issues of infringement and validity of the '184 patent.  Nor has any trial date been set with respect to any of these issues.  The majority of the Defendants have not even submitted initial Rule 26(a)(1) Disclosures, which are due on August 31, 2007.

---

[1]     Porter-Cable Corporation does not exist as a separate entity; rather, it has merged into Black & Decker (U.S.) Inc., which operates in some instances as d/b/a Porter-Cable Corporation.

1    After completing its review and analysis of the prior art, particularly in light of the

2    recent *KSR* decision and the application of that case by the PTO, Defendant Black & Decker

3    (U.S.) Inc., through its Virginia counsel, filed a request for reexamination of the patent in suit

4    with the PTO on July 30, 2007 (Exhibit A[2], Reexamination Transmittal Form).  The request

5    seeks reexamination of all claims of the '184 patent being asserted by Sorensen against

6    Defendants in the present litigation (those being claims 1, 6-8 and 10) (see Doc. #69, Amended

7    Complaint at ¶26).

8    Therefore, a stay will conserve the resources of both the Court and the parties, and will

9    also provide the benefit of simplifying (if not eliminating) the issues for trial.  Given that the

10   '184 patent will be expiring in approximately six months independently of the reexamination

11   (and that discovery remains in its initial stages), Plaintiff will not be prejudiced in any way by

12   entry of an order staying the present litigation pending the PTO's ongoing reexamination of the

13   '184 patent.  As discussed herein, the Defendants' motion is well grounded in both law and fact,

14   and should therefore be granted by the Court.

15   **II.    LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION**

16   "Courts have inherent power to manage their dockets and stay proceedings, including

17   the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon v. Quigg*,

18   849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  Determining whether to grant a stay pending the

19   outcome of the PTO's reexamination is a matter soundly within the discretion of the district

20   court. *Predicate Logic, Inc. v. Distributive Software, Inc.*, Case No. 01cv1951, Doc. #126 at p.2

21

22

23

[2]    Exhibits A-B are appended to the Declaration of Raymond P. Niro, Jr., submitted

24   herewith.

1    (S.D. Cal. Nov. 14, 2002) (Moskowitz, J., presiding) (Exhibit 1[3]); *Photoflex Prods., Inc. v.*

2    *Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, *2-3 (N.D. Cal. May 24, 2006) (Exhibit 2).

3        When ruling on such a stay, courts have considered the following factors: (1) whether a

4    stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay

5    will simplify the issues in question and streamline the trial, and (3) whether discovery is

6    complete and whether a trial date has been set. *Predicate Logic*, Case No. 01cv1951, Doc. #126

7    at p.2; *Photoflex Prods. LLC*, 2006 U.S. Dist. LEXIS 37743 at *3; *Nanometrics, Inc. v. Nova*

8    *Measuring Instruments, Ltd.*, 2007 U.S. Dist. LEXIS 18785, *4 (N.D. Cal. Feb. 26, 2007)

9    (Exhibit 3).  There is a "liberal policy" in favor of granting motions to stay proceedings pending

10    the outcome of PTO reexamination proceedings. *Predicate Logic*, Case No. 01cv1951, Doc.

11    #126 at p.2; *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *4; *Photoflex Prods.*, 2006 U.S.

12    Dist. LEXIS 37743 at *3.

13        "A stay is particularly justified where the outcome of the reexamination would be likely

14    to assist the court in determining patent validity and, if the claims were cancelled in the

15    reexamination, would eliminate the need to try the infringement issue."  See *In re Cygnus*

16    *Telecommunications Tech., LLC Patent Litigation*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005).

17    Indeed, with respect to the issue of patent claim validity, the Federal Circuit has recognized that

18    the reexamination procedure serves to "eliminate trial of that issue (when the claim is cancelled)

19    or to facilitate trial of the issue by providing a district court with the expert view of the PTO

20    (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705

21    F.2d 1340, 1342 (Fed. Cir. 1983).

22

23    ─────────────────

    [3]        Exhibits 1-9 are appended to the Notice of Lodging of Authorities, submitted
24    herewith.

3

Several additional benefits associated with staying litigation pending the PTO's resolution of reexamination proceedings have been recognized:

    1.    Prior art presented to the court will have been first considered by the PTO, with its particular expertise.

    2.    Many discovery problems relating to prior art can be alleviated by the PTO examination.

    3.    In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

    4.    The outcome of the reexamination may encourage a settlement without the further use of the court.

    5.    The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

    6.    Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

    7.    The cost will likely be reduced both for the parties and the court.

*Broadcast Innovation, LLC v. Charter Communs., Inc.*, 2006 U.S. Dist. LEXIS 46623, *9-10 (D.Colo. Jul. 11, 2006) (Exhibit 4).

In this case, each and every relevant consideration weighs heavily in favor of staying the present litigation pending the outcome of the PTO's reexamination of the '184 patent.

**III.    A STAY OF THE LITIGATION PENDING THE PTO'S REEXAMINATION OF THE '184 PATENT IS WARRANTED**

A stay in this case is particularly appropriate for at least the following reasons: (1) Defendants' motion for a stay is timely; (2) Sorensen will not be prejudiced by a stay; (3) a stay will simplify the issues for trial; (4) discovery is not nearing completion and no trial date has been set; and (5) a stay will reduce the burden of litigation on the parties as well as the Court.

**A.    Defendants' Motion For A Stay Is Timely**

Black & Decker (U.S.) Inc. filed the request for reexamination of the '184 patent on July 30, 2007. The request was processed by the PTO and assigned Control No. 90/008,775 on

1   August 1, 2007 and Defendants promptly filed this motion to stay. The PTO is required to

2   conduct all reexamination proceedings with "special dispatch," 35 U.S.C. § 305, and will

3   determine *no later* than October 30, 2007 (three months from the July 30, 2007 filing date of the

4   request) whether there is a "substantial new question of patentability" affecting the claims of the

5   '184 patent. 35 U.S.C. § 303. According to recent data, the PTO grants over 90% of all

6   requests for reexamination (Exhibit B). There is no reason to delay entry of a stay.

7       This motion is clearly timely as this case is in its early stages. For example, Plaintiff did

8   not even add Defendants Phillips and Hi-Tech to the litigation until March 9, 2007. Phillips and

9   Hi-Tech have not yet conducted an ENE conference or taken any depositions or other discovery.

10  With the exception of Plaintiff and The Black & Decker Corporation, the parties have not even

11  submitted initial Rule 26(a)(1) Disclosures. There is no deadline set for the close of fact or

12  expert discovery, no pretrial deadlines and no trial date. Accordingly, ordering a stay at the

13  present time will effectively eliminate an enormous potential waste of resources for the parties

14  as well as the Court, since the Court will at a very minimum "benefit from the PTO's evaluation

15  of how the [prior art] impacts the claims of the patent-in-suit." *Predicate Logic*, Case No.

16  01cv1951, Doc. #126 at p.5 (granting motion to stay litigation filed 3 months prior to scheduled

17  date for claim construction hearing).

18      The Court should enter an order at this time staying the litigation pending the PTO's

19  ongoing reexamination of the '184 patent.

20      **B.    Sorensen Will Not Be Prejudiced By A Stay**

21      Sorensen will likely suggest that he would be prejudiced by a stay due to the progression

22  of the present litigation, or due to typical length of reexamination proceedings before the PTO.

23  Neither of these arguments has any merit. How can there be prejudice when the parties have

24

5

1   not yet exchanged claim construction briefs; no claim construction hearing has taken place;

2   there is no deadline for dispositive motions; and, there is no date set for trial?

3        Under similar circumstances, this Court has found a stay to be warranted. In the case of

4   *Predicate Logic, Inc. v. Distributive Software, Inc.*, a motion for stay was filed (and

5   subsequently granted) approximately three months prior to the scheduled date for a claim

6   construction hearing. Case No. 01cv1951, Doc. #126 at p.2. Although the *Predicate Logic* case

7   was nearly one year old (much like the present case), the Court noted that "this litigation has not

8   proceeded so far that it would be unjust to stay the action." *Id.* at p.3. Similarly, the present case

9   is not one in which reexamination of the '184 patent was sought on the eve of trial.

10        Furthermore, Sorensen cannot claim prejudice where he delayed in initiating the present

11   litigation. For example, in *Ingro v. Tyco Indus., Inc.*, the court granted a motion to stay

12   litigation pending the completion of a reexamination proceeding. 1985 U.S. Dist. LEXIS

13   19300, *10 (N.D. Ill. May 31, 1985) (Exhibit 5). The court's reasoning was based in part on the

14   fact that "plaintiff waited to commence litigation almost seven years after his first knowledge of

15   alleged infringement and almost six years after the alleged first contact between plaintiff and

16   Tyco." *Id.* at *6. The *Ingro* court held:

17        The court agrees that especially in light of plaintiff's own delay in initiating
          litigation, a stay pending completion of reexamination proceedings, which on
18        average involve 15.9 months from filing date to termination in the PTO, will
          constitute neither undue delay nor unreasonable delay.
19
*Id.*
20
          Although this Court found issues of fact on Black & Decker's motion for summary
21
   judgment of laches, there is no challenging the fact that Sorensen delayed some 12 years in
22
   bringing this lawsuit after first placing Black & Decker and Phillips on notice of infringement of
23
   the '184 patent in 1994. Given his delay, Sorensen can hardly suggest that he would be
24

6

1   prejudiced by a stay in the present litigation pending resolution of the PTO's ongoing

2   reexamination of the '184 patent. See also, *Hewlett-Packard Co. v. Acuson Corp.*, 1993 U.S.

3   Dist. LEXIS 6449, *5 (N.D. Cal. May 5, 1993) (Exhibit 6) (granting motion for stay and noting

4   that "[Plaintiff's] ten year delay in seeking to protect its patented interests weighs heavily

5   against denying [Defendant's] motion for stay").

6       Sorensen may also suggest that he would be prejudiced due to the typical length of

7   reexamination proceedings before the PTO. Such proceedings do take time – the PTO reports

8   that the average pendency of a reexamination proceeding is between 17 and 22 months (Exhibit

9   B, PTO Reexamination Filing Data). As this Court has recognized, however, "the general

10   prejudice of having to wait for resolution [of a reexamination proceeding] is not a persuasive

11   reason to deny the motion for stay." *Predicate Logic*, Case No. 01cv1951, Doc. #126 at p.4-5

12   (granting motion for stay). Courts have repeatedly held that the delay inherent to the

13   reexamination process does not constitute, by itself, undue prejudice. See e.g., *Photoflex*

14   *Prods.*, 2006 U.S. Dist. LEXIS 37743 at *7; *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *9;

15   *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, *7 (N.D. Cal. Mar. 16,

16   2006) (Exhibit 7). Moreover, some delay in the instant litigation "is more than off-set by

17   increased certainty of whether this single patent [the '184 patent] will survive reexamination and

18   whether there will be any need for litigation." *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at

19   *10.

20       Finally, a stay would in no way prejudice Sorensen by way of damages. The '184 patent

21   will expire in February of 2008 independently of the reexamination. Given that a trial on the

22   merits cannot realistically occur prior to that date, Sorensen has no entitlement to an injunction

23   against Defendants – his claim is solely for past monetary damages, which will not change

24

7

1    regardless of whether the case is stayed at the present time. *Nanometrics*, 2007 U.S. Dist.

2    LEXIS 18785 at *9. In other words, since Plaintiff cannot seek or obtain injunctive relief in this

3    case, there is no potential prejudice to Sorensen from a stay.

4         In sum, there is no identifiable prejudice which would impact Sorensen as a result of a

5    stay being entered in this case. The case remains at a relatively early stage, and the present time

6    is appropriate for the requested stay.

7    **C.    A Stay Will Simplify The Issues For Trial Or Eliminate The Need For A Trial Altogether**

8         As the Federal Circuit has explained with respect to the issue of patent claim validity,

9    "one purpose of the reexamination procedure is to eliminate trial (when the claim is cancelled)

10   or facilitate trial of that issue by providing the district court with the expert view of the PTO

11   (when a claim survives the reexamination proceedings)." *Gould*, 705 F.2d at 1342; see also

12   *Predicate Logic*, Case No. 01cv1951, Doc. #126 at p.5. These circumstances are especially

13   compelling here in light of the upcoming expiration of the '184 patent. Specifically, unlike most

14   reexamination proceedings, Sorensen will not be afforded the opportunity of amending the

15   claims of the '184 patent:

16
> *No enlargement of claim scope.* No amendment may enlarge the scope of the
17   > claims of the patent or introduce new matter. **No amendment may be proposed
> for entry in an expired patent. Moreover, no amendment, other than the**
18   > **cancellation of claims, will be incorporated into the patent by a certificate
> issued after the expiration of the patent.**
19
37 C.F.R. §1.530(j) (emphasis added).
20
> **The cancellation of the original patent claims is the only "amendatory"**
21   > **change permitted in an expired patent.**

22   *Manual of Patent Examining Procedure* § 2250(III) (emphasis added) (Exhibit 8).

23        Based purely upon the PTO's own data, the impending expiration of the '184 patent

24   creates a nearly 75% chance that *no* claims of the patent will survive the pending reexamination

8

1  proceeding.[4]  In addition to these favorable statistics, Defendants also believe the reexamination

2  of the '184 patent is particularly meritorious since it relies on prior art references never

3  considered by the PTO in issuing the '184 patent, including prior art virtually identical to even

4  the specific drawings and preferred embodiments of the '184 patent.  Applying the recent

5  Supreme Court *KSR* decision to the reexamination request further supports Defendants'

6  reexamination position. *KSR International Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007).

7        Simply put, the claims of the '184 patent (as well as Sorensen's ability to assert

8  infringement thereof) will live or die with the pending reexamination proceeding without

9  change.  As such, the reexamination will simplify (and likely eliminate entirely) the issues for

10  trial in this case.  If the present litigation is not stayed, there is a substantial risk of expending

11  enormous resources of the parties and the Court through discovery and motion practice on

12  claims that may ultimately be cancelled by the PTO.  Given these circumstances, one would be

13  hard pressed to find a situation in which a stay would be more appropriate.

14        **D.    A Stay Will Reduce The Burden Of Litigation On The Parties As Well As
                The Court**

15

16        With the request for reexamination of the '184 patent now pending before the PTO, there

17  is little, if any, justification for conducting parallel proceedings before this Court.  A stay would

18  reduce the burdens associated with litigation (such as cost and time) for not only the parties, but

19  the Court as well.  Indeed, this is the very reason that the reexamination process was codified.

20  In passing the legislation establishing the reexamination proceeding, Congress stated its

21  approval of district courts liberally granting stays within their discretion:

22

23        _____

        [4]      Recent data from the PTO indicates that reexamination results in complete
        cancellation of all originally issued claims of a patent 10% of the time, and results in the party
        being required to make amendments to the claims 64% of the time (Exhibit B).  Therefore, the
24  likelihood of rejection for an expired patent is 74%.

> It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pre-trial maneuvering which attempts to circumvent the reexamination procedure. **It is anticipated that these measures provide a useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.**

H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Ad. News 6460, 6463 (Exhibit 9 at p. 42) (emphasis added).

As discussed above, there is a significant chance that the PTO will invalidate the '184 patent. This creates a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings. Absent a stay, the parties will soon embark on a path of extensive (and highly expensive) written and oral discovery on the issues of infringement and validity. The parties will also need to prepare claim construction briefs, which the Court will ultimately evaluate in conjunction with a *Markman* hearing. It is likely (if not certain) that both parties will need to retain experts on the topics of infringement and validity of the '184 patent. Dispositive motions will follow. All of the costs and time associated with these tasks can be greatly reduced (if not eliminated) by staying the present litigation, with no prejudice to Plaintiff. A stay is appropriate under these circumstances.

### E.    No Dilatory Tactics Or Motive By Defendants

Defendants Phillips and Hi-Tech, as well as most of the Black & Decker Defendants, were only added to this case in February/March 2007 and are in the beginning stages of discovery. Indeed, there is no discovery cut-off or other pretrial deadlines for *any* of the parties, so "this is not a case where reexamination is sought on the eve of trial or after protracted discovery." *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754 at *8. Moreover, the change in the law set forth in the Supreme Court's *KSR* decision (upon which portions of the reexamination

10

1    request are based) occurred within the last few months.  There were no dilatory tactics or motive

2    involved in the request for reexamination or the motion to stay.

3    **IV.    CONCLUSION**

4         For all of the foregoing reasons, Defendants respectfully request that the Court order this

5    case stayed pending completion of the PTO's ongoing reexamination of the '184 patent.

6    Dated:  August 3, 2007                Respectfully submitted,

7         _____/s/ Raymond P. Niro, Jr._____              _____/s/ Robert L. Binder_____
         Raymond P. Niro, Jr.                            *Signed with permission*
8        Dina M. Hayes                                   Robert L. Binder
         Gregory P. Casimer                              FOLEY & LARDNER LLP
9        Robert A. Conley                                777 East Wisconsin Avenue
         NIRO, SCAVONE, HALLER & NIRO                    Milwaukee, WI 53202
10       181 West Madison, Suite 4600                    Phone:  (414) 271-2400
         Chicago, Illinois  60602-4515                   Fax  (414).297-4900
11       Phone: (312) 236-0733
         Fax: (312) 236-3137                             Kenneth S. Klein (129172)
12                                                       FOLEY & LARDNER LLP
         J. Christopher Jaczko (149317)                  402 West Broadway, Suite 2100
13       Allison H. Goddard (211098)                     San Diego, California 92101
         JACZKO GODDARD LLP                              Phone: (619) 234-6655
14       4401 Eastgate Mall                              Fax: (619) 234-3510
         San Diego, California  92121
15       Phone: (858) 550-6150                           *Attorneys for Defendants Phillips and Hi-*
         Fax: (858) 225-3500                             *Tech*
16
         *Attorneys for the Black & Decker*
17       *Defendants*

18

19

20

21

22

23

24

                                        11

1

**PROOF OF SERVICE**

2    I hereby certify that on August 3, 2007, I caused the foregoing MEMORANDUM IN

3    SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY THE LITIGATION PENDING

4    THE OUTCOME OF REEXAMINATION PROCEEDINGS to be electronically filed with the

5    Clerk of the Court using the CM/ECF system which will send notification of such filing to:

6    *Attorneys for Plaintiff*

7    J. Michael Kaler (158296)
     KALER LAW OFFICES
8    9930 Mesa Rim Road, Suite 200
     San Diego, California 92121
9    Phone: (858) 362-3151
     Fax: (858) 824-9073
10   michael@kalerlaw.com

11   Melody A. Kramer (169984)
     KRAMER LAW OFFICE
12   9930 Mesa Rim Road, Suite 1600
     San Diego, California 92121
13   Phone: (858) 362-3150
     Fax: (858) 824-9073
14   mak@kramerlawip.com

15   Patricia Shackelford (218647)
     9930 Mesa Rim Road, Suite 450
16   San Diego, California 92121
     Phone: (858) 362-3150
17   Fax: (858) 824-9073
     pashackelford@yahoo.com

18
     I certify that all parties in this case are represented by counsel who are CM/ECF

19   participants.

20

21              _____/s/ Raymond P. Niro, Jr._____
                Attorney for the Black & Decker Defendants
22
                _____/s/ Robert L. Binder_____
23              Attorney for the Phillips and Hi-Tech

24

12

1  J. Christopher Jaczko (149317)
   Allison H. Goddard (211098)
2  JACZKO GODDARD LLP
   4401 Eastgate Mall
3  San Diego, California 92121
   Phone: (858) 550-6150
4  Fax: (858) 225-3500

5  Attorneys for the Black & Decker Defendants

6  Kenneth S. Klein (129172)
   FOLEY & LARDNER LLP
7  402 West Broadway, Suite 2100
   San Diego, California 92101
8  Phone: (619) 234-6655
   Fax: (619) 234-3510
9
   Attorneys for Phillips Plastics Corporation
10 and Hi-Tech Plastics, Inc.

11                    IN THE UNITED STATES DISTRICT COURT

12                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | Case No. 06cv1572 BTM (CAB) |
| Plaintiff, | **DECLARATION OF RAYMOND P. NIRO, JR. IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS** |
| v. | |
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., PORTER-CABLE CORPORATION, VECTOR PRODUCTS, INC., PHILLIPS PLASTICS CORPORATION, HI-TECH PLASTICS INC. and B&D HOLDINGS LLC, | **Date:  August 31, 2007**<br>**Time:  11:00 a.m.**<br>**Courtroom 15, Fifth Floor**<br>**Hon. Barry Ted Moskowitz** |
| Defendants. | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

Case No. 06cv1572 BTM (CAB)

1  Raymond P. Niro, Jr., declares and states as follows:

2  1.      I am a partner at the law firm of Niro, Scavone, Haller & Niro, attorneys for

3  Defendant in this case. Unless otherwise stated herein, I have personal knowledge of the facts

4  stated in this declaration and if called upon by a court of law to do so, I could and would testify

5  competently to them.

6  2.      Attached hereto as Exhibit A are true and correct copies of: Bibliographic Data

7  and Transaction History from the PTO's PAIR System regarding the patent in suit; receipt

8  acknowledging filing of request for re-examination; Request for *Ex Parte* Reexamination

9  Transmittal Form; and, pages 1-4 of the request for reexamination.

10  3.      Attached hereto as Exhibit B is a true and correct copy of a PTO publication

11  entitled *Ex Parte* Reexamination Filing Data -- June 30, 2006.

12  I declare under penalty of perjury that the foregoing is true and correct.

13  Dated: August 3, 2007                          Respectfully submitted,

14          _/s/ Raymond P. Niro, Jr._
        Raymond P. Niro, Jr.                    Robert L. Binder
15      Dina M. Hayes                           FOLEY & LARDNER LLP
        Gregory P. Casimer                      777 East Wisconsin Avenue
16      Robert A. Conley                        Milwaukee, WI 53202
        NIRO, SCAVONE, HALLER & NIRO            Phone: (414) 271-2400
17      181 West Madison, Suite 4600            Fax (414).297-4900
        Chicago, Illinois 60602-4515
18      Phone: (312) 236-0733                   Kenneth S. Klein (129172)
        Fax: (312) 236-3137                     FOLEY & LARDNER LLP
19                                              402 West Broadway, Suite 2100
        J. Christopher Jaczko (149317)          San Diego, California 92101
20      Allison H. Goddard (211098)             Phone: (619) 234-6655
        JACZKO GODDARD LLP                      Fax: (619) 234-3510
21      4401 Eastgate Mall
        San Diego, California 92121             *Attorneys for Defendants Phillips and Hi-*
22      Phone: (858) 550-6150                   *Tech*
        Fax: (858) 225-3500
23
        *Attorneys for the Black & Decker*
24      *Defendants*

1

## EXHIBIT – PAGE INDEX

2

Exhibit No.                                                              Begins at Page

3

Exhibit A .............................................................................1

4

Exhibit B ...........................................................................10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

**PROOF OF SERVICE**

2     I hereby certify that on August 3, 2007, I caused the foregoing DECLARATION OF

3    RAYMOND P. NIRO, JR. IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY

4    THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS to

5    be electronically filed with the Clerk of the Court using the CM/ECF system which will send

6    notification of such filing to:

7    *Attorneys for Plaintiff*

8    J. Michael Kaler (158296)
     KALER LAW OFFICES
9    9930 Mesa Rim Road, Suite 200
     San Diego, California 92121
10   Phone: (858) 362-3151
     Fax: (858) 824-9073
11   michael@kalerlaw.com

12   Melody A. Kramer (169984)
     KRAMER LAW OFFICE
13   9930 Mesa Rim Road, Suite 1600
     San Diego, California 92121
14   Phone: (858) 362-3150
     Fax: (858) 824-9073
15   mak@kramerlawip.com

16   Patricia Shackelford (218647)
     9930 Mesa Rim Road, Suite 450
17   San Diego, California 92121
     Phone: (858) 362-3150
18   Fax: (858) 824-9073
     pashackelford@yahoo.com

19
         I certify that all parties in this case are represented by counsel who are CM/ECF

20   participants.

21

22                              _____/s/ Raymond P. Niro, Jr._____
                                Attorney for the Black & Decker Defendants
23
                                _____/s/ Robert L. Binder_____
24                              Attorney for the Phillips and Hi-Tech

                        - 3 -              Case No. 06cv1572 BTM (CAB)

# Exhibit A

| 90/008,775 | STABILIZED INJECTION MOLDING WHEN USING A COMMON MOLD PART WITH SEPARATE COMPLIMENT MOLD PARTS | 08-02-2007::17:17:20 |
|---|---|---|

## Bibliographic Data

| | | | |
|---|---|---|---|
| Application Number: | 90/008,775 | Customer Number: | - |
| Filing or 371 (c) Date: | 07-30-2007 | Status: | Reexam Preprocessing Completed - - Released to Assigned GAU |
| Application Type: | Re-Examination | Status Date: | 08-01-2007 |
| Examiner Name: | , | Location: | ELECTRONIC |
| Group Art Unit: | 3991 | Location Date: | - |
| Confirmation Number: | 9943 | Earliest Publication No: | - |
| Attorney Docket Number: | X32441 | Earliest Publication Date: | - |
| Class / Subclass: | 264/ | Patent Number: | - |
| First Named Inventor: | 4935184 , , | Issue Date of Patent: | - |

| | |
|---|---|
| Title of Invention: | STABILIZED INJECTION MOLDING WHEN USING A COMMON MOLD PART WITH SEPARATE COMPLIMENT MOLD PARTS |

**Close Window**

| 90/008,775 | STABILIZED INJECTION MOLDING WHEN USING A COMMON MOLD PART WITH SEPARATE COMPLIMENT MOLD PARTS | 08-02-2007::17:17:03 |

## Transaction History

| Date | Transaction Description |
|------|------------------------|
| 08-02-2007 | Notice of assignment of reexamination request |
| 08-02-2007 | Notice of reexamination request filing date |
| 08-01-2007 | Completion of Preprocessing - Released to Assigned GAU |
| 08-02-2007 | Application Is Now Complete |
| 08-01-2007 | Title Report |
| 07-30-2007 | Reexamination requested by third party requester |
| 07-30-2007 | Receipt of Original Ex Parte Reexam Request |

**Close Window**



**GREENBLUM & BERNSTEIN, P.L.C.**
Intellectual Property Causes
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

7/30/2007                                         File In: *Mailroom*

The Patent Office Date stamp hereon is an acknowledgement that, on the date
indicated, the Patent Office received the following:

(X) *Request for Ex Parte Reexamination Pursuant to 35 U.S.C. § 302 AND 37 § C.F.R. 1.51*
(X) *Certification of Service in Compliance with 37 C.F.R. § 1.510*
( ) Amendment _____        ( ) Claim of Priority & Certified
( ) Executed Assignment and cover letter      Copy of _____
( ) Executed S.E.S. ( ) S.E.S. Assertion
( ) Req. for Ext. of Time                 ( ) Declaration ( ) Executed
(X) Fee Filing          (X)                      ( ) Unexecuted
        Recording       ( )                      ( ) Copy from parent
        Issue           ( )               (X) Transmittal Letter
        Extension       ( )               ( ) Patent Application
        Publication     ( )                   ( ) Provisional ( ) Reexam
        _____     ( )                   ( ) Reissue    ( ) Design
( ) Fee Transmittal                           ( ) Continuation ( ) CIP
( ) Maintenance Fee Payment                   ( ) Divisional
( ) PTOL-85B Issue Fee & Publication Fee      _____ pages (w/abstract)
        (with Copy)
( ) Cover Letter Regarding Drawings           _____ claims _____ independent
( ) Design Patent Application Transmittal     _____ sheets of drawings
( ) Utility Patent Application Transmittal
( ) Provisional Application Cover Sheet
( ) Request for Continued Examination     ( ) I.O.S. form PTO-1449 &
    (RCE) including Submission                 Documents ( ) as attached
    Cover Letter                                        ( ) as listed on
( ) Credit Card Payment for $                              reverse
    (Form PTO-2038)                       ( ) One self-addressed postcard
(X) Check No. 59308  for $   2,520.00     ( ) Certification under 1.97(e)
( ) Rule 53b and 53f Letter for           ( ) Certificate of Mailing (C-O-M)
    Unexecuted Application                 (X) Returned Envelope
( ) Application Data Sheet                 (X) Appendix B    (X) Appendix F
(X) Appendix A                            (X) Appendix C   *including copy of*
                                          (X) Appendix D   *patent no.*
In the matter of : REEXAMINATION OF US PATENT NO. 4,935,184

Applicant :

Application No. :

Patent No.    :   4,935,184          Issued : June 19, 1990

Docket : X32441

PTO/SB/57 (07-07)
Approved for use through 07/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

## REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**                              **Attorney Docket No.: X32441**
**P. O. Box 1450**
**Alexandria, VA 22313-1450**                             **Date: July 30, 2007**

1. ☒ This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 4,935,184
   issued June 19, 1990    . The request is made by:
   ☐ patent owner.                        ☒ third party requester.

2. ☒ The name and address of the person requesting reexamination is:
   Arnold Turk, Esq.
   Greenblum & Bernstein, P.L.C.
   1950 Roland Clarke Place, Reston, VA 20191

3. ☒ a. A check in the amount of $ 2,520.00  is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);
   ☒ b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1) to
        Deposit Account No. 19-0089   (submit duplicative copy for fee processing); or
   ☐ c. Payment by credit card. Form PTO-2038 is attached.

4. ☒ Any refund should be made by ☐ check or ☒ credit to Deposit Account No. 19-0089   .
   37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. ☒ A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed.
   37 CFR 1.510(b)(4)

6. ☐ CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
   ☐ Landscape Table on CD

7. ☐ Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a. – c. are required.*
   a. ☐ Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i. ☐ CD-ROM (2 copies) or CD-R (2 copies); or
      ii. ☐ paper
   c. ☐ Statements verifying identity of above copies

8. ☐ A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. ☒ Reexamination of claim(s) 1, 2, 4, 6-10                        is requested.

10. ☒ A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on
    Form PTO/SB/08, PTO-1449, or equivalent.

11. ☒ An English language translation of all necessary and pertinent non-English language patents and/or printed
    publications is included.

[Page 1 of 2]
This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. § 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS: SEND TO: Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

{X32441 00232592.DOC}

**Exhibit A - Page 4**

PTO/SB/57 (07-07)
Approved for use through 07/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. ☒ The attached detailed request includes at least the following items:
   a. A statement identifying each substantial new question of patentability based on prior patents and printed publications.  37 CFR 1.510(b)(1)
   b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested.  37 CFR 1.510(b)(2)

13. ☐ A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. ☒ a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
   The name and address of the party served and the date of service are:

| James Michael Kaler | Edward W. Callan |
| The Law Offices of James M. Kaler | 3830 Valley Center Drive, No.705, PMB452 |
| 9930 Mesa Rim Road Suite 200, San Diego, CA 92121 | San Diego, CA 92130 |

   Date of Service:  July 30, 2007                                ; or

   ☐ b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address:  Direct all communication about the reexamination to:

   ☒  The address associated with Customer Number:   07055
   ☒  OR

☒ Firm or
Individual Name  Greenblum & Bernstein, P.L.C.

| Address | 1950 Roland Clarke Place | | |
| City | Reston | State  VA | Zip  20191 |
| Country | United States | | |
| Telephone | (703) 716-1191 | Email  aturk@gbpatent.com | |

16. ☒ The patent is currently the subject of the following concurrent proceeding(s):
   ☐ a. Copending reissue Application No. _____
   ☐ b. Copending reexamination Control No. _____
   ☐ c. Copending Interference No. _____
   ☒ d. Copending litigation styled:
      (1) Jens E. Sorensen v. Black Decker (U.S.) Inc., et al., Civil Action No. 06-cv-1572
      (2) Jens E. Sorensen v. Tecnica USA Corp. and Nordica USA Corp., Civil Action No. 06-cv-1941
      (3) Previous litigation listed in Request
   WARNING: Information on this form may become public. Credit card information should not be included on this form.  Provide credit card information and authorization on PTO-2038.

| Authorized Signature | July 30, 2007 |
| | Date |

| Arnold Turk | 33094 | ☐ For Patent Owner Requester |
| Typed/Printed Name | Registration No. | ☒ For Third Party Requester |

[Page 2 of 2]

{X32441 00232592.DOC}

**Exhibit A - Page 5**

Attorney Docket No. X32441
Attorney Docket No. SOR-BD-184
Request for Reexamination of U.S. Patent No. 4,935,184

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Inventor: | Jens Ole Sorensen | ) |
| | | ) |
| Patent No.: | 4,935,184 | ) |
| | | ) |
| Issue Date: | June 19, 1990 | ) |
| | | ) |
| Filing Date: | July 27, 1989 | ) |
| | | ) |
| Title: | Stabilized Injection Molding | ) |
| | When Using A Common | ) |
| | Mold Part With Separate | ) |
| | Complimentary Mold Parts | ) |

**Mail Stop *Ex Parte* Reexam**
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

### REQUEST FOR *EX PARTE* REEXAMINATION
### PURSUANT TO 35 U.S.C. § 302 AND 37 § C.F.R. 1.510

Pursuant to 35 U.S.C. § 302 and 37 C.F.R. § 1.510, the Third Party Requester hereby requests that reexamination of the above-identified patent be ordered by the U.S. Patent & Trademark Office.

### I.    CLAIMS FOR REEXAMINATION

Reexamination of claims 1, 2, 4 and 6-10 of U.S. Patent No. 4,935,184 ("the '184 patent") is requested and believed to be in order. The '184 patent is not expired and is still enforceable. A copy of the '184 patent is attached hereto as Appendix A as required by 37 C.F.R. § 1.510(b)(4).

Attorney Docket No. SOR-BD-184
Request for Reexamination of U.S. Patent No. 4,935,184

## II.     SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY

Substantial new questions of patentability are raised based upon the following patents and

printed publications:

| Reference Number | Country | Applicant or Assignee | Issue Date | Statutory Basis |
|---|---|---|---|---|
| 2,863,241 | U.S. | Gits | 12/09/58 | 102(b) |
| 3,178,497 | U.S. | Moscicki | 04/13/65 | 102(b), 103(a) |
| 4,422,995 | U.S. | Schad | 12/27/83 | 103(a) |
| 4,440,820 | U.S. | Shiho et al. | 04/03/84 | 102(b), 103(a) |
| 1 850 999 | Germany (DE) | Echterholter | 05/03/62 (published) | 102(b), 103(a) |
| 2 004 494 | U.K. (GB) | SEIMA | 04/04/79 (published) | 102(b), 103(a) |
| 60-119520 | Japan (JP) | Toyota Motor | 08/13/85 (published) | 102(b), 103(a) |

| Source | Title | Publication Date | Statutory Basis |
|---|---|---|---|
| Modern Plastics | New Vigor For Two-Shot Molding With Automation . . .Versatility . . .Ingenuity | 05/68 | 102(b), 103(a) |

A copy of each reference that has a bearing on the patentability of the claims of the '184

patent (including English translations thereof as appropriate) is enclosed in Appendix B herewith

in accordance with 37 C.F.R. § 1.510(b)(3). The cover page of Appendix B lists the identified

references in a PTO/SB/08 form.

With the exception of the Schad reference, none of the other identified references were

cited by either the applicant or the Examiner during prosecution of the application that issued as

the '184 patent. These newly cited references are more relevant than the art cited and considered

during prosecution of the '184 patent.

2

**Exhibit A - Page 7**

Attorney Docket No. SOR-BD-184
Request for Reexamination of U.S. Patent No. 4,935,184

As shown herein, the identified references anticipate or render obvious one or more claims of the '184 patent, alone or in combination with other references or the knowledge of one of ordinary skill in the art. Because none of the identified references were previously considered in the present context, and because the identified references teach or render obvious the claimed invention, a substantial new question of patentability is raised and reexamination should be granted with respect to each of claims 1, 2, 4 and 6-10 of the '184 patent. For ease of reference, a table listing each substantial new question of patentability that exists in view of the identified references appears at the beginning of Appendix C.

III.     CONCURRENT LITIGATION INVOLVING THE '184 PATENT

The '184 patent is currently involved in litigation. On August 7, 2006, Jens E. Sorensen as trustee of the Sorensen Research and Development Trust (the purported owner of the '184 patent) filed a Complaint asserting infringement of the '184 patent against The Black & Decker Corporation. The Complaint has since been amended to include allegations of patent infringement against Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation, Vector Products, Inc., Phillips Plastics Corporation, Hi-Tech Plastics, Inc., and B&D Holdings, LLC. The case is pending in the United States District Court for the Southern District of California, and is docketed as Civil Action No. 06-cv-1572. The '184 patent is also presently involved in a second matter pending in the same district against Tecnica USA Corporation and Nordica USA Corporation. That case is docketed as Civil Action No. 06-cv-1941.

Additionally, the '184 patent has previously been the subject of litigation in the following matters:

3

**Exhibit A - Page 8**

Attorney Docket No. SOR-BD-184
Request for Reexamination of U.S. Patent No. 4,935,184

- *Jens E. Sorensen as trustee of the Sorensen Research and Development Trust v. Premier Automotive Group, Ford Motor Company, and Jaguar Cars, Ltd.*, Civil Action No. 03-cv-1107, United States District Court for the Northern District of California

- *Jens E. Sorensen as trustee of the Sorensen Research and Development Trust and Jens Ole Sorensen v. DaimlerChrysler AG and Mercedes-Benz USA, LLC*, Civil Action No. 02-cv-4752, United States District Court for the Northern District of California (subsequently transferred to the United States District Court for the District of New Jersey and docketed as Civil Action No. 03-cv-1763)

- *In the Matter of Certain Automobile Tail Light Lenses and Products Incorporating Same, Jens E. Sorensen as trustee of the Sorensen Research and Development Trust and Jens Ole Sorensen v. DaimlerChrysler AG and Mercedes-Benz USA, LLC*, Investigation No. 337-TA-502, United States International Trade Commission

- *Lowe's Companies, Inc. and Lowe's Home Centers, Inc. v. Sorensen Research & Development Trust*, Civil Action No. 05-cv-234, United States District Court for the Western District of North Carolina

- *Digital Innovations LLC v. Sorensen Research & Development Trust*, Civil Action No. 05-cv-6428, United States District Court for the Northern District of Illinois

- *Nordica USA Corporation v. Jens Ole Sorensen, Jens Erik Sorensen, and Sorensen Research and Development Trust*, Civil Action No. 06-cv-91, United States District Court for the District of New Hampshire

- *Husqvarna Outdoor Products v. Sorensen Research & Development Trust*, Civil Action No. 06-cv-160, United States District Court for the Southern District of Georgia

- *Head USA, Inc. v. Jens E. Sorensen as trustee of the Sorensen Research and Development Trust*, Civil Action No. 06-cv-983, United States District Court for the District of Connecticut

- *Big Lots Stores, Inc. v. Sorensen Research & Development Trust*, Civil Action No. 06-cv-1089, United States District Court for the Southern District of Ohio

- *Jens E. Sorensen as trustee of the Sorensen Research and Development Trust v. Head USA, Inc.*, Civil Action No. 06-cv-1434, United States District Court for the Southern District of California

These cases are all believed to have been resolved by way of settlement and/or dismissal.

4

**Exhibit A - Page 9**

# Exhibit B

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.go

### _Ex Parte_ Reexamination Filing Data - June 30, 2006

1. Total requests filed since start of ex parte reexam on 07/01/81 ......................................8084

    a. By patent owner      3313   41%
    b. By other member of public      4606   57%
    c. By order of Commissioner      165   2%

2. Number of filings by discipline

    a. Chemical Operation      2496   31%
    b. Electrical Operation      2608   32%
    c. Mechanical Operation      2980   37%

3. Annual Ex Parte Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 340 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | | |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | | |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
| 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4. Number known to be in litigation.....................................................1895   23%

5. Determinations on requests.............................................................................7852

    a. No. granted .................................................................. 7160 ................... 91%

        (1) By examiner      7054
        (2) By Director (on petition)      106

    b. No. denied ..................................................................... 692 ................... 9%

        (1) By examiner      657
        (2) Order vacated      35

6.  Total examiner denials (includes denials reversed by Director).......................763

    a.  Patent owner requester        430    56%
    b.  Third party requester        333    44%

7.  Overall reexamination pendency  (Filing date to certificate issue date)

    a.  Average pendency    22.8  (mos.)
    b.  Median pendency    17.6  (mos.)

8. Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a.  All claims confirmed | 23% | 29% | 13% | 26% |
| b.  All claims cancelled | 7% | 12% | 19% | 10% |
| c.  Claims changes | 70% | 59% | 68% | 64% |

9.  Total ex parte reexamination certificates issued (1981 - present)....................5433

| | | |
|---|---|---|
| a.  Certificates with all claims confirmed | 1410 | 26% |
| b.  Certificates with all claims canceled | 554 | 10% |
| c.  Certificates with claims changes | 3469 | 64% |

10. Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a.  Certificates _ PATENT OWNER REQUESTER....................................................2360

| | | |
|---|---|---|
| (1)  All claims confirmed | 543 | 23% |
| (2)  All claims canceled | 174 | 7% |
| (3)  Claim changes | 1643 | 70% |

    b.  Certificates _ 3rd PARTY REQUESTER................................................................2934

| | | |
|---|---|---|
| (1)  All claims confirmed | 849 | 29% |
| (2)  All claims canceled | 353 | 12% |
| (3)  Claim changes | 1732 | 59% |

    c.  Certificates _ COMM'R INITIATED REEXAM .......................................................139

| | | |
|---|---|---|
| (1)  All claims confirmed | 18 | 13% |
| (2)  All claims canceled | 27 | 19% |
| (3)  Claim changes | 94 | 68% |

**Exhibit B - Page 11**

# Exhibit 7

1
2     FILED
3     02 NOV 14 AM 10: 15
4     CLERK, U.S. DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
5                                    DEPUTY
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10
11   PREDICATE LOGIC, INC.,                CASE NO. 01cv1951 BTM(CGA)
12                          Plaintiff,
                                           **ORDER GRANTING IN PART AND**
13        vs.                              **DENYING IN PART DEFENDANT'S**
                                           **MOTION TO STAY PROCEEDINGS**
14   DISTRIBUTIVE SOFTWARE, INC.,
15                          Defendant.
16
17        Defendant Distributive Software, Inc., has filed a motion for stay of proceedings.
18   For the reasons discussed below, Defendant's motion is GRANTED IN PART and
19   DENIED IN PART.
20
21                          I. **BACKGROUND**
22
23        Plaintiff Predicate Logic, Inc. filed this patent infringement action on October 23,
24   2001.  Plaintiff claims that Defendant is infringing one or more claims of United States
25   Patent No. 5,930,798 ("'798 Patent"), an invention entitled "Universal Data
26   Measurement, Analysis and Control System," by making, using, importing, offering for
27   sale, and/or selling software products including "Software Suite."
28        At the request of Plaintiff, default was entered against Defendant on January

                                 1

                                                              01CV1951

1   7, 2002. On January 17, 2002, Defendant filed a motion to set aside the default. The

2   next few months were spent litigating the issue of the propriety of the default. On May

3   7, 2002, the Court issued its order granting Defendant's motion to set aside default.

4       The Court held a status conference on August 29, 2002, at which time the

5   Markman hearing was set for January 6, 2003. An order filed on September 5, 2002,

6   set forth the various dates for the exchange of claims construction papers.

7       On October 8, 2002, Defendant filed its motion for stay of proceedings.

8   Defendant's motion is based on its Request for Reexamination of the '798 Patent

9   which was filed with the U.S. Patent and Trademark Office ("PTO") on October 7,

10  2002. The Request for Reexamination challenges all 20 claims of the '798 Patent

11  based on the textbook Building Effective Decision Support Systems by Sprague &

12  Carlson ("DSS Reference"), a reference that allegedly was not considered previously

13  by the PTO.

14                              II. ANALYSIS

15

16      Courts have inherent power to stay an action pending conclusion of PTO

17  reexamination proceedings. Ethicon, Inc. v. Quigg, 849 F.2d 1422,1426-27 (Fed. Cir.

18  1988). The decision whether to grant or deny a motion to stay proceedings pending

19  PTO reexamination proceedings rests within the sound discretion of the court. GPAC,

20  Inc. v. DWW Enterprises, Inc., 144 F.R.D. 60, 66 (D.N.J. 1992). There is a "liberal

21  policy" in favor of granting motions to stay proceedings pending the outcome of PTO

22  reexamination or reissuance proceedings. ASCII Corp. v. STD Entertainment USA,

23  Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

24      In determining whether to stay litigation pending reexamination by the PTO,

25  courts generally consider the following factors: (1) the stage of litigation, i.e., whether

26  discovery is almost complete and whether a trial date has been set; (2) whether a stay

27  would cause undue prejudice or present a clear disadvantage to the non-moving

28  party; and (3) whether a stay will simplify the issues in question and trial of the case.

                              2                          01CV1951

1   Id. at 63-64. See also Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y.
2   1999).

3        This litigation has not proceeded so far that it would be unjust to stay the action.
4   Although this action was filed about a year ago, the first six months were spent
5   litigating the issue of default. Some discovery has been exchanged but discovery is
6   not nearing completion. Trial has not been set. Compare Xerox Corp. v. 3Com Corp.,
7   69 F. Supp. 2d 404 (W.D.N.Y. 1999) (denying motion for stay where the case was
8   pending for almost two years and extensive discovery was conducted); Agar Corp. v.
9   Multi-Fluid, Inc., 983 F. Supp. 1126 (S.D. Tex. 1997) (denying motion for stay where
10  the case was pending for one year and nine months, discovery was well under way
11  and trial was set); Wayne Automation Corp. v. R.A. Pearson Co., 782 F. Supp. 516
12  (E.D. Wash. 1991) (denying motion for stay where the trial date was set and
13  defendant conducted extensive discovery).

14       Plaintiff claims Defendant delayed filing its Request for Reexamination to gain
15  a tactical advantage over it. Plaintiff further claims that the motion for a stay is a delay
16  tactic in keeping with Defendant's alleged discovery misconduct. Counsel for Plaintiff
17  claims that on July 8, 2002 counsel for Defendant stated that Defendant would be
18  filing a reexamination application. (Declaration of Andrew D. Skale in support of
19  Opposition, ¶ 8.) According to Plaintiff, Defendant purposefully delayed filing its
20  Reexamination Request until October in order to obtain information regarding
21  Plaintiff's infringement position while refusing to produce information regarding its
22  invalidity claims.

23       As ordered by the Court, Plaintiff supplied Defendant with an infringement
24  statement on September 27, 2002, and the parties exchanged statements of patent
25  construction on October 31, 2002. However, Plaintiff claims that Defendant has
26  refused to produce documents and responses to interrogatories regarding
27  Defendant's invalidity claims. A motion to compel is pending before Magistrate Judge
28  Aaron.

01CV1951

1    Defendant denies Plaintiff's contention that Defendant intentionally delayed the

2    filing of the Request for Reexamination. Defendant claims that although filing for

3    reexamination was one of the options being considered in early July, it did not decide

4    to file for reexamination until August 27, 2002. (Declaration of John W. Dozier in

5    support of Reply, ¶ 3.)    Defendant informed the Court that it would file for

6    reexamination at the status conference on August 29, 2002. Defendant also argues

7    that it has withheld production of certain documents and interrogatory responses

8    because they would reveal confidential and proprietary information. Defendant and

9    Plaintiff have been wrangling over the content of a proposed protective order since

10   July 16, 2002.    Defendant filed a motion for protective order on October 17, 2002,

11   which is currently pending before the Magistrate Judge.

12    For the most part, the papers submitted by Plaintiff and Defendant consist of

13   bickering over who is at fault for the failure to agree on a proposed protective order.

14   As far as the Court is concerned, there is some gamesmanship on both sides and the

15   Court need not enter the fray to decide the instant motion.

16    Based on the facts before it, the Court finds that there is insufficient evidence

17   to conclude that Defendant purposefully delayed filing its Request for Reexamination

18   or that the motion for stay is a delay tactic. To avoid any prejudice to Plaintiff in

19   connection with the discovery of Defendant's invalidity position, the Court will not stay

20   the *pending* discovery pertaining to Defendant's invalidity claims. The stay does not

21   apply to the pending motion for protective order or the pending motion to compel as

22   it pertains to Defendant's invalidity claims.

23    Plaintiff also claims that it will suffer prejudice as the result of a stay because

24   it is a small company which will be irreparably harmed by Defendant's alleged

25   continual infringement during the reexamination process. Unfortunately, reexamination

26   can be a drawn out process, resulting in a significant delay in court proceedings.

27   Protracted delay is always a risk inherent in granting a stay, yet courts continue to

28   stay actions pending reexamination. The general prejudice of having to wait for

4

1   resolution is not a persuasive reason to deny the motion for stay. Moreover,
2   Defendant counters that it would suffer prejudice if the stay is denied because it is a
3   small company which cannot afford to litigate claims that ultimately may be changed
4   or invalidated.

5        Finally, the Court finds that the stay will result in the simplification of issues in
6   this case. As explained by the Federal Circuit, "One purpose of the reexamination
7   procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is
8   canceled) or to facilitate trial of that issue by providing the district court with the expert
9   view of the PTO (when a claim survives the reexamination proceeding)." Gould v.
10  Control Laser Corp., 705 F.2d 1340 (Fed. Cir. 1983), cert. denied, 464 U.S. 935
11  (1983). The Court believes that it will benefit from the PTO's evaluation of how the
12  DSS Reference impacts the claims of the patent-in-suit.

13       Plaintiff argues that even if the patent-in-suit emerges from reexamination
14  amended, "most of the claim elements would emerge unchanged — likely only a few
15  additional terms would be added." (Memorandum of Points and Authorities in support
16  of Opposition, 15:20-22.) This is mere speculation on Plaintiff's part. It is equally
17  possible that a number of the claims will be significantly modified or canceled or that
18  the patent itself will be invalidated. Accordingly, the Court finds that a stay would be
19  appropriate to avoid the risk of unnecessary litigation and to permit the clarification of
20  issues before this Court.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

01CV1951

## III. CONCLUSION

For the reasons discussed above, Defendant's motion for stay of proceedings **[85-1]** is **GRANTED IN PART** and **DENIED IN PART**. With the exception of pending discovery pertaining to Defendant's invalidity claims, the Court hereby stays this action pending reexamination proceedings before the PTO. The stay does not apply to the pending motion for protective order or the pending motion to compel as it pertains to Defendant's invalidity claims. Defendant shall produce all discovery ordered by the Magistrate Judge that is subject to the pending motion. Defendant shall notify the Court when the PTO rejects or accepts Defendant's Request for Reexamination. Any dilatory practices by Defendant in connection with the reexamination proceedings will be grounds for vacating the stay. A status conference shall be held on May 13, 2002 at 2:30 p.m.

**IT IS SO ORDERED.**

Dated: _November 13, 2002_            _Barry Ted Moskowitz_

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

cc:   Magistrate Judge Aaron
      All parties and counsel of record

6