UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER, INC. and BLACK & DECKER (U.S.), INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO., LTD. <br><br> Defendants. | Civil Action No. 1:08-cv-00590 <br> Judge Manning <br> Magistrate Judge Keys |

**ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD.'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS PENDING THE OUTCOME OF DEFENDANTS' MOTION TO STAY**

Gary M. Ropski, Esq.
Robert S. Mallin, Esq.
Manish K. Mehta, Esq.
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611-5599
Telephone:    312-321-4200
Facsimile:    312-321-4299
rmallin@usebrinks.com
gropski@usebrinks.com
mmehta@usebrinks.com

Attorneys for Defendants,
ROYAL APPLIANCE MFG. CO. and
TECHTRONIC INDUSTRIES CO., LTD.

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| | A. Plaintiffs Delayed in Bringing this Lawsuit for Many Years | 2 |
| | B. Plaintiffs Rushed to Serve Discovery Despite the Pending Motion to Stay | 2 |
| III. | GRANTING AN EXTENSION FOR THE DISCOVERY DUE DATE WILL CONSERVE JUDICIAL RESOURCES AND THOSE OF THE PARTIES | 4 |
| IV. | PLAINTIFFS WILL NOT BE PREJUDICED BY A DISCOVERY EXTENSION AFTER WAITING ALMOST FOUR YEARS TO BRING THIS LAWSUIT | 5 |
| V. | PLAINTIFFS HAVE NO LEGITIMATE REASON FOR OPPOSING THE EXTENSION | 6 |
| VI. | CONCLUSION | 7 |

I.      INTRODUCTION

Royal Appliance Mfg. Co. ("Royal") and Techtronic Industries Co. Ltd. ("TTI") (collectively "Defendants") jointly move for an extension of time to respond to Black & Decker, Inc.'s and Black & Decker (U.S.) Inc.'s (collectively "Plaintiffs") discovery requests until after this Court's ruling on the pending Motion to Stay. Alternatively, Defendants request a protective order requiring the withdrawal of Plaintiffs' discovery requests and prohibiting service of the requests until after the Court has ruled on the pending Motion to Stay and issued a scheduling order.

Granting this Motion is particularly appropriate here. Specifically, the Defendants filed a Motion to Stay on April 7, 2008, pending the outcome of a Request for Reexamination of U.S. Patent No. 5,388,303 ("the '303 Patent"). This Court had set an Initial Status Conference for April 10, 2008. On April 8, after the Motion to Stay was filed, and two days prior to the Status Conference, pursuant to this Court's Standing Order requiring that a Joint Status Report be discussed and filed, counsel for the parties participated in a telephonic conference to discuss the Joint Status Report. On the same day, the Defendants served comprehensive interrogatory and document requests covering every issue in this case, including claim interpretation. On the next day, this Court issued a minute order setting a briefing schedule and vacating the status conference until after the Motion to Stay is decided. Presumably, the Court will not have ruled on the Motion to Stay before discovery responses are due on May 8, 2008, as briefing will not be completed until May 15. By granting this Motion, this Court will have the opportunity to rule on whether a stay in this case is appropriate prior to the exchange of formal discovery. This will result in a conservation of judicial resources as well as those of the parties. If the Court finds that a stay is proper, and should the United States and Patent and Trademark Office ("the PTO") determine that substantial new questions of patentability exist with respect to the '303 Patent, there is a high likelihood that the issues for trial will be simplified and the burden of litigation on the parties and the Court will be lessened.

Defendants requested that the Plaintiffs agree to extend the time to respond to the discovery requests, pending the Court's decision on the Motion to Stay, however the Plaintiffs refused. The Plaintiffs will not experience undue prejudice or be disadvantaged in any way

1

should the Motion be granted.  After all, it was the Plaintiffs that waited almost four years to file this suit, and any alleged delay or prejudice is a consequence of their own deliberate actions.

## II.     BACKGROUND

### A.     Plaintiffs Delayed in Bringing this Lawsuit for Many Years

Nearly four years before the filing of this lawsuit, on March 1, 2004, Plaintiffs sent a letter to Royal about the '303 Patent (Ex. 1).  In that letter, Plaintiffs alleged that Royal's Platinum Force and Power Reach vacuum cleaners, which are the subject of this current lawsuit, "may be covered by the '303 patent" (Ex. 1).  During the remainder of 2004, the parties exchanged correspondence about some of Royal's reasons why the claims of the '303 Patent did not cover the Platinum Force and Power Reach vacuums; settlement offers and counteroffers; the fact that Plaintiffs did not sell or market a commercial product embodying the claims of the '303 Patent in 2004; and whether Plaintiffs would produce certain information and documents relating to marking of a product it had sold in the past (see collection of correspondence at Ex. 2).  The last correspondence occurred on February 18, 2005, when Royal's counsel sent Plaintiffs' counsel a letter about Plaintiffs' marking of their prior commercial product (Ex. 3).  Plaintiffs never responded, and nearly three years after the February 18, 2005 letter, Plaintiffs filed this lawsuit.

### B.     Plaintiffs Rushed to Serve Discovery Despite the Pending Motion to Stay

On January 28, 2008, Plaintiffs filed this lawsuit alleging that the claims of the '303 Patent are infringed by Royal's Platinum Force and Power Reach vacuums.  On February 12, 2008, the Court set the initial status conference for April 10, 2008.

Prior to filing their answer and Royal's counterclaims, Defendants advised Plaintiffs that they intended to file a request for reexamination of the '303 patent and seek a stay of the litigation pending the outcome of the request for reexamination.  Plaintiffs requested the identification of the prior art that will be relied on in the request for reexamination because it "will not only help to evaluate [Defendants'] settlement proposal, but also to make a determination on whether [Plaintiffs] will oppose [Defendants'] suggested stay of the litigation" (Ex. 4).  In an attempt to avoid having to file a contested Motion to Stay and to provide adequate time to consider the stay issue before answering and attending the scheduled initial status hearing, Defendants offered to disclose the prior art that will be included in the request for

reexamination provided that Plaintiffs would agree (1) not to file its own request for reexamination or initiate any other proceeding in the PTO until after Royal filed its request for reexamination; (2) to provide a 21 day extension of time for Royal and TTI to answer the complaint; and (3) to advise whether Black & Decker would oppose a motion to stay no later than seven days before the answer was due (Ex. 5). Black & Decker rejected this proposal, and Defendants answered on March 31, 2008.

On April 7, 2008, the Defendants filed their Motion to Stay Pending the Outcome of the Request for Reexamination of U.S. Patent No. 5,388,303. In accordance with this Court's Standing Order concerning the Initial Status Conference and Report, the parties participated in a telephonic conference and exchanged correspondence on April 8 and April 9, 2008 regarding the joint status report and related matters that were to be discussed at the status conference. One matter of particular importance and disagreement was whether there was a need for an orderly approach to claim interpretation. Defendants believe that an orderly approach similar to the approaches adopted by many courts, including the Northern District of California, Western District of Pennsylvania, or Eastern District of Texas, was warranted.[1] Defendants outlined an appropriate procedure in the Joint Status Report that ultimately did not get filed because the Court vacated the initial status conference (Ex. 6).[2]

On April 8, 2008, shortly after the first discussion about the initial status conference and joint status report, Plaintiffs served their First Sets of Interrogatories and Document Requests (Ex. 7; Ex. 8). The discovery requests seek information relating to every issue in the case,

---

[1] Here in the Northern District of Illinois, at least one judge has adopted formal rules for claim construction (see Local Rules for the Honorable Judge St. Eve at http://www.ilnd.uscourts.gov/JUDGE/ST_EVE/pdf/ajs_claimconstruction.pdf).

[2] Many of the topics listed for discussion in Rule 26(f) were not resolved or not addressed in any way in the telephonic conference and correspondence. For example, open issues still include the dates for initial disclosures; a discussion about preserving evidence did not occur; the discovery schedule was not agreed; the limitation about the number of depositions is in dispute; there was no discussion about electronic discovery; and there was no discussion about privilege or protection of trial preparation materials. Many of these issues need to be addressed before discovery takes place. Under these circumstances, it is questionable whether a Rule 26(f) conference even occurred and whether serving discovery was appropriate.

3

including Defendants' claim interpretation.  On April 9, 2008, the Court issued a briefing schedule for the Motion to Stay and vacated the April 10, 2008 conference date for a date to be set in the ruling on the Motion to Stay.

In view of the Court's briefing schedule and decision to vacate the initial status conference until after ruling on the Motion to Stay, on April 10, 2008, Defendants requested that Plaintiffs either withdraw their discovery requests or extend the response date until after the Court's ruling on the Motion to Stay (Ex. 9).  On April 15, Plaintiffs advised Defendants that they would not agree to their extension request concerning the response date (Ex. 10).  As a result, Defendants filed this Motion.

**III.    GRANTING AN EXTENSION FOR THE DISCOVERY DUE DATE WILL CONSERVE JUDICIAL RESOURCES AND THOSE OF THE PARTIES**

Plaintiffs' discovery requests are designed to circumvent the main purpose for seeking a stay pending the outcome of the request for reexamination that Defendants will file: the preservation of judicial resources and the parties' resources.  Plaintiffs served nine interrogatories which include numerous subparts (the equivalent of at least 32 interrogatories) and 48 requests for production, which also include multiple subparts.  These discovery requests span nearly every possible topic and issue that is involved or might be involved in this case.  There is no doubt that responding to them will require significant time and resources.  Further, many of the requests are objectionable and possibly will result in a motion practice that will require the Court's involvement.  For example, Interrogatory No. 2 asks the Defendants' position on the "construction, interpretation and contended scope of each and every claim element of each asserted claim of the patent in suit" (Ex. 7, p.5).  Defendants believe that there should be an orderly process for claim construction similar to the procedures adopted by Judge St. Eve here in the Northern District of Illinois or other courts such as the Northern District of California and the Eastern District of Texas.  In fact, Defendants proposed such a scheduling order to the Plaintiffs to be included in the Joint Scheduling Order for the Court's consideration at the initial status conference (Ex. 6, pp. 4-5).  Because the status conference was vacated, the issue was not considered by this Court and likely would need to be considered prior to ruling on the Motion to Stay.  Granting this Motion will avoid the need for the Court and parties to expend resources until after the Motion to Stay is decided.  Then, if the Motion to Stay pending the reexamination proceeding is granted, the outcome of the proceeding will, at a minimum, simplify the issues in

question and streamline the trial. Indeed, the outcome of the reexamination proceeding may make a trial unnecessary. The Plaintiffs' requests for discovery cuts against the purposes of why a stay is appropriate, and to require responses prior to the Court's ruling on the Motion to Stay undermines the underpinnings of why a stay is appropriate.[3]

### IV.    PLAINTIFFS WILL NOT BE PREJUDICED BY A DISCOVERY EXTENSION AFTER WAITING ALMOST FOUR YEARS TO BRING THIS LAWSUIT

Granting this Motion will not result in any prejudice to the Plaintiffs. For the Plaintiffs to argue that they could somehow be prejudiced by agreeing to extend the discovery responses until after the Court rules on the Motion to Stay would be disingenuous in view of the Plaintiffs' complete failure to respond to Royal's February 18, 2005 letter in any way until filing this lawsuit nearly three years later. Indeed, to the extent that there would be any prejudice by granting an extension to respond to the discovery requests until after this Court rules on the Motion to Stay, it is insignificant and pales in comparison to the possible effects of Plaintiffs' delay in bringing this lawsuit.[4]

Any possible argument about "prejudice" is further belied by the positions that Plaintiffs took in seeking a stay of discovery pending a reexamination in the case *Jens Erik Sorensen, as Trustee of Sorensen Research and Dev. Trust v. The Black & Decker Corp. et al.*, Case No. 06 cv 1572 BTM (CAB) (S.D. Cal.). In that case, Black & Decker (the Plaintiff in this case) was sued for patent infringement by Sorensen Research Development & Trust ("SRDT"). Black & Decker filed a motion to stay discovery pending the outcome of a request for reexamination it had filed a few days before seeking the stay. SRDT opposed the stay and argued that the stay should be put off until the PTO determines whether the request is granted. In their reply brief, Black & Decker opposed that suggestion and stated:

---

[3] Notably, Defendants only participated in the initial status conference on April 8, 2008 because this Court's Standing Order required such a conference prior to the first status hearing. If there had not been a status hearing scheduled or if it had been vacated one day earlier, Defendants would not have participated in the conference and Plaintiffs indisputably would not have been able to serve discovery.

[4] Any argument of prejudice is also belied by Plaintiffs failure to seek a preliminary injunction and willingness to license their '303 patent. These acts are inconsistent with any claim of alleged prejudice.

5

> Given the enormous activity in this case, there is no reason to put off the stay for up to two months on the slight chance reexamination will not be granted. The better course is to enter the stay now, and on the remote possibility of denial of the reexamination - statistically less than 10% - the parties and the Court can pick-up where they left off.

(Ex. 11, p. 8).[5]  The same exact logic applies here.  Given the enormous amount of information sought by the Plaintiffs' discovery requests as well as the many issues that still need to be considered by the Court relating to these requests, the better course is to grant an extension of time to respond until after the Court rules on the Motion to Stay.  If the Court grants the stay, there will be no issues to deal with, and if the Court denies the Motion, then the parties can pick up where they left off.

## V.     PLAINTIFFS HAVE NO LEGITIMATE REASON FOR OPPOSING THE EXTENSION

As best can be determined, Plaintiffs have two reasons for refusing to agree to the requested extension.  Apparently, Plaintiffs' first reason for refusing to agree to extend the discovery relates to "the preservation of evidence" (Ex. 10).  However, Plaintiffs' alleged concern about "the preservation of evidence" is belied by their complete inactivity concerning this matter for nearly three years.  If there is any issue about the loss of evidence, it is the result of Plaintiffs' delay, not a short extension to answer discovery until after the Court rules on the pending Motion to Stay.  Further, even though Rule 26(f) expressly identifies the preservation of evidence as one of the topics to discuss, it was never raised by Plaintiffs during the telephonic conference or correspondence exchanged on April 8 and April 9.  More importantly, Plaintiffs' concern is more imagined than real.  Plaintiffs have not identified what evidence needs to be "preserved," and Defendants have no intention of destroying evidence.

The second alleged reason is to "insure that all of the asserted prior art is being submitted to the Patent Office" (Ex. 10).  It is unclear how discovery requests relating to issues such as noninfringement, sales volumes, inequitable conduct, willful infringement, royalty rates and an application of the *Georgia Pacific* factors, the development of the accused products and Plaintiffs' inequitable conduct charge will "insure that all of the asserted prior art is being

---

[5] Black & Decker was successful in obtaining its requested stay in its case against SRDT.

submitted to the Patent Office." Indeed, it has no relation at all. As Defendants made clear to Plaintiffs, there is prior art that creates a substantial new question of patentability with respect to the '303 patent, and it will be submitted in a request for reexamination filed no later than May 10, 2008.[6]

## VI.   CONCLUSION

Granting this Motion will preserve the reasons for seeking a stay in the first place – the conservation of judicial resources and party resources. Plaintiffs waited almost four years to bring this suit and will not be prejudiced by a short extension of time in responding to discovery requests until after this Court rules on the Motion to Stay. For all the forgoing reasons, the Court should grant Defendants' Motion to extend the time to answer Plaintiffs' discovery requests until 30 days after its ruling on the Motion to Stay, or in the alternative, grant a protective order requiring the Plaintiffs to withdraw their discovery requests until after the ruling on the Motion to Stay.

Dated:  April 17, 2008

Respectfully submitted,

/s/ Manish K. Mehta

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL  60611
Tel:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants,
ROYAL APPLIANCE MFG. CO. and
TECHTRONIC INDUSTRIES CO., LTD.

---

[6] Plaintiffs will receive a copy of the request when it is filed and will be able to review the prior art at that time. Defendants would have provided the prior art earlier, but Plaintiffs refused to even agree that they would not file their own request or other proceeding in the PTO until after Defendants filed their request.

7

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD.'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS PENDING THE OUTCOME OF DEFENDANTS' MOTION TO STAY is being served on the 17th day of April 2008, to the following attorney of record in the manner indicated.

Via filing with the Clerk of Court using the Case Management/electronic Case Filing ("CM/ECF") system:

>Raymond P. Niro, Jr.
>Niro, Scavone, Haller & Niro
>181 W. Madison Street – Suite 4600
>Chicago, IL   60602-4515
>
>Attorney for Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc.
>
>
>/s/Manish K. Mehta
>BRINKS HOFER GILSON & LIONE