IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD.,<br><br>                    Defendants. | Civil Action No. 08 cv 590<br><br>Judge Manning<br>Magistrate Judge Keys |

**BLACK & DECKER'S OPPOSITION TO ROYAL'S
MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY REQUESTS**

Defendants', Royal Appliance Mfg. Co. and Techtronic Industries Co. Ltd. (collectively "Royal"), request to delay initial, fundamental discovery should be denied for the following reasons:

1.     Royal's motion to stay is based on a "phantom" reexamination. Royal asks this Court to put an immediate and complete halt to this entire litigation because Royal "plans" and "intends" to file for reexamination at some point in the future. *No* reexamination request has been filed with the PTO. Of course, it is therefore impossible to know whether the PTO will even grant such a request. Worse, Royal has not identified to this Court or Black & Decker any alleged prior art that could possibly form the basis for such a request.

2.     In any event, Royal should be required to produce initial discovery responses regardless of whether the case is ultimately stayed. Even if Royal actually gets around to filing a reexamination request – or at least providing the Court and Black & Decker with the alleged

basis for the unfiled request – there are serious and practical benefits to the parties exchanging preliminary discovery responses and documents now, since it is not uncommon for such reexamination proceedings to take years. To facilitate the preservation of evidence, it certainly behooves the parties to gather and produce responsive documents now, rather than wait several years and risk even the possibility that documents could be inadvertently lost or destroyed. And since Royal has filed Counterclaims of invalidity, noninfringement and unenforceability, it should not be that difficult for it to set forth the factual bases for those assertions in an interrogatory response.

3.　　In addition, having Royal provide responses to Black & Decker's outstanding discovery requests will insure that ***all*** of Royal's alleged prior art will be submitted to the PTO for consideration in the event a request for reexamination is actually filed – it is not uncommon for companies like Royal to initiate reexamination proceedings on certain prior art, while holding back other prior art as a "hedge" if the reexamination turns out unfavorably for it. Also, this will force Royal to take consistent claim construction and other positions in both the litigation and reexamination.

4.　　Royal's motion is filled with exaggeration. For example, Royal now states that the parties never conducted a Rule 26(f) conference, but the agreed Joint Status Report that the parties were prepared to file proves otherwise (Exhibit 1). Royal is apparently willing to make any argument that fits the needs of the moment. Royal also misrepresents that Black & Decker delayed filing this suit – incorrectly asserting that Black & Decker delayed "nearly 3 years" in some portions of the brief and "nearly 4 years" in others – as if that could excuse Royal from producing basic discovery in any event.

5.  Finally, Royal did not cite a single case that granted an immediate stay of all proceedings before a reexamination request was even filed with the PTO. The <u>Sorensen</u> decision relied upon so heavily in Royal's motion, has no application here:

- Unlike this case, in <u>Sorensen</u>, a reexamination request had been filed ***before*** the motion to stay was presented, and both the Court and opposing counsel were given the prior art to evaluate as part of the motion to stay.

- More importantly, the Sorensen patent is already expired, so no amendments to the claims are permitted in reexamination. 37 C.F.R. § 1.530(j). Based on the PTO statistics and the expiration of the Sorensen patent, the Court determined that the reexamination could be completed in as little as 18 months. Here, the reexamination will likely take years to complete – that is, if Royal actually files, and the PTO grants, the request.

- In <u>Sorensen</u>, the parties exchanged extensive interrogatory responses, document production, claim construction positions, depositions and more ***before*** the stay was entered. Following <u>Sorensen</u>, Royal should likewise produce documents and responses to Black & Decker's outstanding interrogatories before a stay is considered.

Applying the only authority cited in Royal's motion, <u>Sorensen</u>, it is clear that the motion to delay basic discovery should be denied.

                                                                 Respectfully submitted,

                                                                 /s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
Paul C. Gibbons
Robert A. Conley
Laura A. Kenneally
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Fax: (312) 236 3137
rnirojr@nshn.com; gibbons@nshn.com
conley@nshn.com; lkenneally@nshn.com

Attorneys for Black & Decker Inc. and Black & Decker (U.S.) Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I caused the foregoing BLACK & DECKER'S OPPOSITION TO ROYAL'S MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY REQUESTS to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS, HOFER, GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Phone: (312) 321-4200
Fax: (312) 321-4299
gropski@usebrinks.com
rmallin@usebrinks.com
mmehta@usebrinks.com

Attorneys for Defendants
Royal Appliance Mfg. Co., d/b/a TTI Floor
Care North America, and Techtronic Industries
Co. Ltd.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                   /s/ Raymond P. Niro, Jr.
                                                   Attorney for Black & Decker