**Swierk, Susan L**

| | |
|---|---|
| **From:** | Swierk, Susan L |
| **Sent:** | Wednesday, April 09, 2008 4:58 PM |
| **To:** | 'Mallin, Robert' |
| **Cc:** | Mehta, Manish |
| **Subject:** | RE: Joint Status Report |

Robert – this is fine. We will go ahead and file.

Thanks,
Raymond

> **From:** Niro, Raymond P Jr
> **Sent:** Wednesday, April 09, 2008 4:55 PM
> **To:** Swierk, Susan L
> **Subject:** FW: Joint Status Report
>
>
> **From:** Mallin, Robert [mailto:rmallin@brinkshofer.com]
> **Sent:** Wednesday, April 09, 2008 4:48 PM
> **To:** Niro, Raymond P Jr
> **Cc:** Mallin, Robert; Mehta, Manish
> **Subject:** FW: Joint Status Report
>
> Raymond,
>
> Give me a call and let me know if this is okay.
>
>
> Robert S. Mallin
> Intellectual Property Attorney
> **Brinks Hofer Gilson & Lione**
> NBC Tower, Suite 3600
> 455 North Cityfront Plaza Drive
> Chicago, IL 60611-5599
> 312.321.4221 - Direct
> 312.321.4299 - Fax
> rmallin@usebrinks.com
> www.usebrinks.com
>
> |**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this messa Please notify the sender by replying to this message, and then delete the message from your system. Thank you.|
>
>
> **From:** Swierk, Susan L [mailto:swierk@nshn.com]
> **Sent:** Wednesday, April 09, 2008 4:32 PM
> **To:** Mallin, Robert
> **Cc:** Mehta, Manish
> **Subject:** RE: Joint Status Report

1

**Exhibit 1**

Robert –

In paragraph A(3), you are indicating that TTI has not been served or agreed to waiver of service. However, TTI has already submitted an answer to the complaint and filed an appearance. Please explain the nature of your procedural position here, so that we can address it with the Judge tomorrow.

Also, Defendants have submitted a motion to stay which is set for hearing tomorrow at the same time as the status conference. Why is it necessary for Defendants to also submit more than 1 full page of argument in the joint status report and why are you insisting that this argument appear before Black & Decker's 4-sentence position statement?

Attached is our final attempt at creating a joint status report. If this draft is not acceptable, we will simply provide our own version.

Raymond

**From:** Mallin, Robert [mailto:rmallin@brinkshofer.com]
**Sent:** Wednesday, April 09, 2008 3:58 PM
**To:** Swierk, Susan L; Niro, Raymond P Jr
**Cc:** Mehta, Manish; Mallin, Robert
**Subject:** RE: Joint Status Report

Dear Raymond

Attached is a slightly revised Joint Status Report in redline and (hopefully) final. The major change was inserting a separate section for the motion to stay as opposed to including it with each of our scheduling proposals. It makes more sense and is easier to read this way.

Please let me know if there are any changes.

Thanks
Robert

Robert S. Mallin
Intellectual Property Attorney
**Brinks Hofer Gilson & Lione**
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
312.321.4221 - Direct
312.321.4299 - Fax
rmallin@usebrinks.com
www.usebrinks.com

|**Please Note:** This message is intended for the individual or entity named above and may constitute a privileg confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose thi Please notify the sender by replying to this message, and then delete the message from your system. Thank y

**From:** Swierk, Susan L [mailto:swierk@nshn.com]
**Sent:** Wednesday, April 09, 2008 3:18 PM

2

Exhibit 1

**To:** Mallin, Robert
**Cc:** Mehta, Manish
**Subject:** RE: Joint Status Report

Robert –

Thanks for your email. Attached is a redlined version showing Black & Decker's proposed changes to your draft, as well as a clean, hopefully final version of the document.

If it is acceptable, please provide permission to sign on your behalf and we will arrange for filing and delivery of a courtesy copy to Judge Manning.

Raymond

>   **From:** Mallin, Robert [mailto:rmallin@brinkshofer.com]
>   **Sent:** Wednesday, April 09, 2008 2:17 PM
>   **To:** Swierk, Susan L; Niro, Raymond P Jr
>   **Cc:** Mehta, Manish
>   **Subject:** Joint Status Report
>
>
>   Dear Raymond
>
>   Attached is the edited joint status report. I do not believe that any of the report setting forth Plaintiffs' positions was touched in any way, but please review to confirm. Please let me know if you make any changes to the document. Finally, can you send me a copy of the final document to be filed for final review (i.e., non-redline).
>
>   Thanks
>   Robert
>
>
>
>   <<status joint initial report (mkm).doc>>
>
>
>
>   Robert S. Mallin
>   Intellectual Property Attorney
>   **Brinks Hofer Gilson & Lione**
>   NBC Tower, Suite 3600
>   455 North Cityfront Plaza Drive
>   Chicago, IL 60611-5599
>   312.321.4221 - Direct
>   312.321.4299 - Fax
>   rmallin@usebrinks.com
>   www.usebrinks.com
>
>   |**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.|

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD.,<br><br>                  Defendants. | Civil Action No. 08 cv 590<br><br>Judge Manning<br>Magistrate Judge Keys |

**JOINT STATUS REPORT**

Pursuant to the Court's Instructions for Initial Status Report, Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker") and Defendants Royal Appliance Mfg. Co., d/b/a TTI Floor Care North America ("Royal"), and Techtronic Industries Co. Ltd. ("TTI") (collectively "Defendants") submit the following Joint Status Report.

    **A.**    **Nature of the Case**

    1.    a.    Black & Decker asserts a claim for infringement of its U.S. Patent No. 5,388,303, which arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. § 1338(a). The Court has personal jurisdiction over each of the Defendants.

            b.    Royal and TTI denied infringement and asserted affirmative defenses of noninfringement; patent invalidity; patent unenforceability due to inequitable conduct; laches; equitable estoppel; a limitation to any claim of damages based on the time limitation for damages under 35 U.S.C. § 286; and a limitation to any claim of damages for failing to comply with the

**Exhibit 1**

provisions of 35 U.S.C. § 287. Royal has asserted counterclaims for noninfringement, invalidity and unenforceability.

      2.    a.    Black & Decker seeks damages, pursuant to 35 U.S.C. § 284, adequate to compensate for Royal's infringement of the '303 patent, but in no event less than a reasonable royalty. Black & Decker may claim additional damages (such as price erosion, if warranted after the taking of discovery on the issue). Black & Decker also seeks prejudgment interest, increased damages and attorneys' fees under 35 U.S.C. §§ 284 and 285, as well as injunctive relief. Black & Decker is unable to calculate the precise amount of actual damages at this time since it has not received discovery pertaining to sales, profits, marketing and financial information for the infringing products and related products.

          b.    Royal and TTI seek attorneys fees and costs under 35 U.S.C. §§ 284 and 285.

      3.    Royal and TTI have both appeared and filed Answers to the Complaint.

      4.    The major legal issues in this patent case include claim construction and Royal's defenses of invalidity, unenforceability, laches and equitable estoppel.

      5.    The major factual issues in this patent case include infringement, factual underpinnings for the determination of invalidity and enforceability, laches, equitable estoppel, damages and willfulness.

      6.    Citations to key authorities which will assist the Court in understanding and ruling on the issues will be presented through appropriate motion practice as the issues are crystallized during discovery. However, Royal and TTI contend that one important case relating to the standard for establishment on nonobviousness is the recent Supreme Court ruling: *KSR Int'l Co. v. Teleflex Inc.,* 127 S. Ct. 1727 (2007).

**Exhibit 1**

B.  **Draft Scheduling Order**

**The Pending Motion to Stay**

On April 7, 2008, Royal and TTI filed their Motion to Stay Pending the Outcome of the Request for Reexamination of U.S. Patent No. 5,388,303. At the present time, Black & Decker opposes the stay of discovery sought by Defendants Royal and TTI.

**Plaintiffs' Proposal for Scheduling**

Plaintiffs propose the following schedule:

1. The parties will exchange by April 25, 2008 the information required by Rule 26(a)(1), Fed.R.Civ.P.

2. Last day to join additional parties and amend the pleadings: July 31, 2008.

3. Fact discovery commenced in time to be completed by December 15, 2008.

4. Expert discovery commenced in time to be completed by March 31, 2009.

5. Reports from retained experts under Rule 26(a)(2):

    a. Initial reports from party bearing burden of proof on an issue due January 15, 2009;

    b. Rebuttal expert reports due February 16, 2009; and

6. All dispositive or partially dispositive motions to be filed by April 30, 2009.

**Defendants' Proposal for Scheduling and Claim Construction**

If the Court denies Royal's and TTI's motion to stay, then Defendants propose the following schedule:

1. Thirty days after the Court's decision on Royal's and TTI's motion to stay, the parties will exchange the information required by Rule 26(a)(1), Fed.R.Civ.P.

**Exhibit 1**

2. Last day to join additional parties and amend the pleadings: four months after the Court's decision on Royal's and TTI's motion to stay.

3. Fact discovery commenced in time to be completed: eleven months after the Court's decision on Royal's and TTI's motion to stay.

4. Expert discovery commenced in time to be completed: fifteen months after the Court's decision on Royal's and TTI's motion to stay.

5. Reports from retained experts under Rule 26(a)(2):

   a. Initial reports from party bearing burden of proof on an issue due twelve months after the Court's decision on Royal's and TTI's motion to stay.

   b. Rebuttal expert reports due thirteen months after the Court's decision on Royal's and TTI's motion to stay.

6. All dispositive or partially dispositive motions to be filed: no later than sixteen months after the Court's decision on Royal's and TTI's motion to stay.

**Royal and TTI also submit the following Claim Construction Procedure**

Royal and TTI submit that an orderly procedure for claim construction is needed including an identification of disputed terms, proposed claim constructions, and a claim construction hearing.

Royal and TTI submit that the parties adopt rules similar to the procedures used for patent cases in other courts, such as the Northern District of California, Western District of Pennsylvania, or Eastern District of Texas. Such a procedure would require Plaintiffs to disclose the asserted claims with their infringement contentions. The Defendants would then disclose their invalidity contentions. Next, the parties are to simultaneously exchange a list of claim limitations, terms, phrases, or clauses which each party contends should be construed by the

Court, and exchange thereafter a preliminary proposed claim construction for each term, phrase, or clause identified in the list. The parties would then see if they could agree to the interpretation of some or all of the disputed limitations, terms, phrases or clauses. The parties would then provide a joint claim construction statement to the Court, containing each disputed term.

Before the claim construction hearing, the parties would simultaneously file opening claim construction briefs and then simultaneously submit responsive claim construction briefs. The parties are to then jointly submit a claim construction chart identifying the terms in dispute, their proposed interpretations and the support for the terms in advance of the claim construction hearing.

Should the Court deny Plaintiffs' motion to stay, within 30 days thereafter, Royal and TTI submit that the parties shall confer and propose a joint scheduling order containing proposed dates for the claim construction procedure preferred by this Court.

**Other Provisions**

7.   The parties defer to the Court for the scheduling of the pretrial conference and trial.

8.   The limitations of the Federal Rules of Civil Procedure shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court. Defendants contend that the number of fact depositions should be increased to 15 per side.

9.   The parties are negotiating a proposed Protective Order for confidential information. Once finalized, the proposed Protective Order will be filed with the Court for approval.

10.  The parties will exchange electronic discovery proposals and work towards mutually agreeable terms to govern the discovery of electronic documents.

**C.    Trial Status**

1.    A jury trial has been requested.

2.    Black & Decker anticipates 5 court days for the completion of the jury trial. Royal and TTI anticipate that the jury trial will take 7 court days and that the bench trial for inequitable conduct will take an additional 2 days.

**D.    Consent to Proceed Before a Magistrate Judge**

The parties are considering whether or not they will consent to proceed before a Magistrate Judge for all proceedings including trial.

**E.    Settlement Status**

1.    The parties have engaged in settlement discussions, but have determined that settlement is not feasible at this time.

2.    At this time, the parties do not believe it would be productive to hold a settlement conference with Judge Manning or a magistrate judge.

Respectfully submitted,

| /s/ Raymond P. Niro, Jr. | /s/ Robert S. Mallin |
|---|---|
| Raymond P. Niro, Jr. | *signed with permission* |
| Paul C. Gibbons | Gary M. Ropski |
| Robert A. Conley | Robert S. Mallin |
| Laura A. Kenneally | Manish K. Mehta |
| NIRO, SCAVONE, HALLER & NIRO | BRINKS, HOFER, GILSON & LIONE |
| 181 West Madison, Suite 4600 | NBC Tower, Suite 3600 |
| Chicago, Illinois 60602 4515 | 455 North Cityfront Plaza Drive |
| Phone: (312) 236 0733 | Chicago, IL 60611-5599 |
| Fax: (312) 236 3137 | Phone: (312) 321-4200 |
| rnirojr@nshn.com; gibbons@nshn.com | Fax: (312) 321-4299 |
| conley@nshn.com; lkenneally@nshn.com | gropski@usebrinks.com |
| | rmallin@usebrinks.com |
| Attorneys for Black & Decker Inc. and Black & Decker (U.S.) Inc. | mmehta@usebrinks.com |
| | Attorneys for Royal Appliance Mfg. Co., d/b/a TTI Floor Care North America, and Techtronic Industries Co. Ltd. |

6

**Exhibit 1**