UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER, INC. and BLACK & DECKER (U.S.), INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO., LTD. <br><br> Defendants. | Civil Action No. 1:08-cv-00590 <br> Judge Manning <br> Magistrate Judge Keys |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS PENDING THE OUTCOME OF DEFENDANTS' MOTION TO STAY**

Defendants' present Motion merely seeks an extension of time to respond to Plaintiffs' numerous and comprehensive discovery requests until after the Court rules on the pending Motion to Stay. There is no doubt that Plaintiffs' rush to serve discovery was designed to circumvent the relief sought in the Motion to Stay, and undermine the notions of judicial economy. The arguments presented in the Opposition are misplaced, by focusing on whether this Court should grant the Motion to Stay the litigation pending the outcome of the reexamination request that will be filed no later than May 10, 2008. Plaintiffs' five arguments either have no bearing on this Motion or do not provide any valid reason for denying the present Motion for an extension of time. In fact, they also do not provide any valid reason to deny the pending Motion to Stay.

First, Plaintiffs' reference to a "phantom" reexamination has no bearing on this present Motion, which merely seeks an extension of time pending the Court's decision on the Motion to

Stay.  As the Defendants have previously represented, a reexamination *will be filed* no later than May 10, 2008, before the briefing is completed for the pending Motion to Stay.  Additionally, Plaintiffs irrelevantly argue that the present Motion should be denied because it is "impossible to know whether the PTO will even grant such a request."  Remarkably, the Plaintiffs took the *exact opposite position* in the *Sorensen* case when they argued that a complete stay of discovery *was* appropriate *before* the PTO decided whether to grant their request for reexamination.  (Ex. 11, p. 8).[1]  The situation is no different here.[2]

     Second, Plaintiffs argue that the Defendants should respond to the discovery requests "to facilitate the preservation of evidence."  Plaintiffs' newly-founded concern for the "preservation of evidence" flies in the face of their delay in bringing this lawsuit until nearly three years after the date of the last communication from Royal to Black & Decker in February of 2005 and nearly four years from the date of Black & Decker's first communication to Royal, in March of 2004.  It is also belied by Black & Decker's failure to raise the "preservation" of evidence issue during the initial status conference meeting despite the fact that it is identified in FED. R. CIV. P. 26(f) as a topic to be discussed.  Most telling is that in arguing that a stay was proper in the *Sorensen* case, Plaintiffs again took the exact opposite position when they argued, *inter alia*, that a complete stay of discovery was appropriate because there were two defendants recently added to the case who had not even exchanged initial disclosures.  (Ex. 11, pp. 4-5).

---

[1] Exhibits 1-11 were cited in Defendants' opening brief in support of this motion and are incorporated herein by reference.  Exhibits 12 and 13 are new and are attached hereto.

[2] It also is indisputable that the law requires that the decision on a request for reexamination be made within three months of the filing date (i.e., in this case, no later than August 10, 2008).  35 U.S.C. § 303.  It is also undeniable that over 90% of the requests for reexamination are granted.  (Ex. 12).

Third, Plaintiffs wrongly argue that requiring a response "will insure that *all* of Royal's alleged prior art will be submitted to the PTO for consideration." It is unclear how responding to any discovery, let alone discovery directed to: non-infringement positions; claim construction, interpretation and contended scope of each and every claim element of the each asserted claim of the '303 Patent; Defendants' organizational and operational structure; willful infringement; criticism or commentary on or about the Accused Products; communications with third parties; structure, function and operating characteristics, and methods of manufacture of the Accused Products; policies and practices for new product research; requests for funding for the Accused Products; all persons involved with the design or manufacture of the Accused Products; tests performed on the Accused Products; alterations or modifications of the Accused Products; sales of the Accused Products; financial reports of the Defendants; and licenses relating to the Accused Products, will insure that all prior art will be submitted to the PTO.[3]  (*See* Exs. 7, 8).

From the outset of this case, Defendants advised Plaintiffs and this Court that they became aware of prior art that they believe will invalidate the claims of the '303 Patent. This is the very same art that will be submitted to the PTO. There is no prior art being "held back" as Plaintiffs hypothetically argue.[4]

Fourth, Plaintiffs' allegation that Defendants' Motion is filled with exaggeration is absurd. It is undisputed that Plaintiffs delayed in bringing this lawsuit until nearly three years

---

[3] Plaintiffs attempt to trivialize their discovery requests by characterizing them as being "preliminary" is hardly credible in view of their number and scope.

[4] It is conceivable that additional prior art may come to light if the '303 Patent ever emerges from the PTO since the volume of prior art in the vacuum cleaner area is voluminous and discovery has not yet begun in earnest. Indeed, Plaintiffs may have even more relevant art in their possession. If the '303 Patent ever emerges from the reexamination proceeding, Black & Decker would be free to submit any later discovered art to the PTO to insure that the PTO considers all of the relevant prior art.

after the last communication sent by Royal to Plaintiffs in February 2005, and nearly four years after the first communication that Plaintiffs sent to Royal in March 2004. (*See* Exs. 1-3). To the extent Plaintiffs are arguing that Defendants have "exaggerated" this fact, they have provided no evidence to the contrary.[5]

Fifth, Plaintiffs wrongly argue that the *Sorensen* case has no application to the pending case. *Sorensen* is instructive because Black & Decker (the Plaintiffs in this case) successfully argued that a complete stay of discovery pending the outcome of a request for reexamination was appropriate under facts less compelling than those in this case. The three distinctions raised by Plaintiffs are of no consequence. In *Sorensen*, the motion to stay was filed a few days after the request for reexamination was filed, so it unsurprising that the opposing counsel was aware of the prior art contained in Black & Decker's reexamination request.[6] Here, Defendants offered to disclose the prior art to Plaintiffs, but that offer was rejected.[7] (Ex. 4). Black & Decker further mischaracterizes court's opinion in *Sorensen* by asserting that the court determined that the "reexamination could be completed in as little as 18 months" based on the PTO statistics and fact

---

[5] Furthermore, the preparation of a Joint Status Report is not the entire story behind whether a Rule 26(f) conference occurred. Plaintiffs do not deny, and indeed cannot, that many of the topics required for discussion during a Rule 26(f) conference were not discussed, and that there were many topics in dispute. Moreover it is not surprising that the report was prepared in anticipation of the May 10, 2008 Initial Status Conference, as such is required by this Court's Standing Order. Regardless, whether a true Rule 26(f) conference occurred is irrelevant to the present Motion which seeks an extension of time to answer discovery until after the Court rules on the Motion to Stay.

[6] Contrary to the Plaintiffs' representation, there is no evidence that the *Sorensen* Court was provided with the relevant prior art or ever considered it.

[7] In any event, pursuant to the PTO Rules, Black & Decker will be served with a complete copy of the reexamination request when it is filed, which will be no later than May 10, 2008. 37 C.F.R. §1.510(b)(5).

4

that the patent was soon to expire. To the contrary, the Court stated that "the general prejudice of having to wait for resolution is not a persuasive reason to deny the motion to stay," and then stated that the average delay of 18-23 months due to reexamination was "especially inconsequential" compared to Sorensen's delay in bringing suit.[8] (Ex. 13, p. 7). Plaintiffs further argue that the parties in *Sorensen* exchanged extensive discovery before the stay was entered, and same should be appropriate here. However, discovery took place in that case only because the request for reexamination was not filed until almost one year after the lawsuit was filed. By contrast, in this case, the Motion to Stay was filed immediately. Significantly, Plaintiffs also fail to mention two additional factors they relied on to successfully obtain a complete stay of discovery in the *Sorensen* case: (1) the recent addition of two defendants who had yet to even serve initial disclosures; and (2) that a "massive amount" of discovery still remained with respect to Black & Decker. (Ex. 11, pp. 4-5). The same applies here where there has not been an initial status conference, there is no scheduling order in place, there is no date set for exchanging initial disclosures and the parties have not yet exchanged them, and Plaintiffs' discovery requests seek "massive amounts" of information.

      Black & Decker has provided no valid reason why this Court should deny Defendants' Motion. Indeed, Black & Decker's Opposition is filled with red herrings which have no bearing on the current Motion in front of this Court. For the reasons set forth above and in the opening

---

[8] 2007 statistics show that the average and median pendency of reexamination proceedings is 24 and 18.6 months, respectively. (Ex. 12). However, the length of the proceeding is very much in control of the Plaintiffs. For example, if Plaintiffs do not intend to file a patent owner's statement, they can so advise the PTO and cut out two or more months from the proceeding. Likewise, patent owners can file responses to office actions promptly instead of waiting the normal two months (extendable up to 6 months) allotted.

brief, Defendants' respectfully request this Court to grant Defendants' Motion to extend the time to respond to Plaintiffs' discovery requests pending the Motion to Stay.

Dated:  April 21, 2008	Respectfully submitted,

/s/ Manish K. Mehta

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL  60611
Tel:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants,
ROYAL APPLIANCE MFG. CO. and
TECHTRONIC INDUSTRIES CO., LTD.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS PENDING THE OUTCOME OF DEFENDANTS' MOTION TO STAY is being served on the 21st day of April 2008, to the following attorney of record in the manner indicated.

Via filing with the Clerk of Court using the Case Management/electronic Case Filing ("CM/ECF") system:

> Raymond P. Niro, Jr.
> Niro, Scavone, Haller & Niro
> 181 W. Madison Street – Suite 4600
> Chicago, IL   60602-4515
>
> Attorney for Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc.
>
>
> /s/ Manish K. Mehta
> BRINKS HOFER GILSON & LIONE