IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Defendants. | Civil Action No. 08 cv 590 <br><br> Judge Manning <br> Magistrate Judge Keys |

**BLACK & DECKER'S RESPONSE TO DEFENDANTS' MOTION TO STAY**

After careful consideration, Black & Decker has decided that it does not oppose a stay of these proceedings pending reexamination of the '303 patent in suit. As stated in Defendants' brief, reexamination will "facilitate trial" on the issue of validity "by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) (Defs. Mem. at p. 3); see also In re Etter, 756 F.2d 852, 857 n.4 ( Fed. Cir. 1985) ("Reexamination may be a boon to patentees whose patents may by thereby strengthened…").

Black & Decker respectfully requests, however, that the Court's Order include a date certain by which the reexamination must be filed by Defendants, and that the Order include a provision for the disclosure of prior art by Defendants. This is similar to the approach taken in the Sorensen case cited throughout Defendants' motion. In Sorensen, the California court recently issued an order that: "Defendants are advised to identify and submit any relevant prior art that is not already being considered by the United States Patent Office as soon as possible to

facilitate the completion of the reexamination process within a reasonable time period" (Exhibit 1).

In this case, Black & Decker has requested that Defendants disclose to Black & Decker all applicable prior art of which they are aware. This will help insure a timely and complete reexamination process. The benefits of reexamination are diminished if Defendants are unwilling to provide *all* of the relevant information to Black & Decker *now*, not after the reexamination is completed and the stay lifted. A thorough review of the invalidity issues may also assist the parties in settlement discussions.

Black & Decker proposed a basic stipulation to this effect (Exhibit 2), which was curiously rejected by Defendants, raising a question as to whether Defendants are trying to keep certain prior art in "reserve" to cart out later if reexamination is unsuccessful.

Accordingly, Black & Decker does not oppose the stay, so long as it is filed without delay and Defendants submit to Black & Decker all applicable prior art of which they are currently aware to allow reexamination based upon a complete record and to enable the parties to potentially pursue an amicable resolution.

Respectfully submitted,

_____/s/ Raymond P. Niro, Jr._____
Raymond P. Niro, Jr.
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Fax: (312) 236 3137
rnirojr@nshn.com; gibbons@nshn.com
conley@nshn.com; lkenneally@nshn.com

Attorneys for Black & Decker Inc. and Black & Decker (U.S.) Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I caused the foregoing BLACK & DECKER'S RESPONSE TO DEFENDANTS' MOTION TO STAY to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS, HOFER, GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Phone:  (312) 321-4200
Fax:  (312) 321-4299
gropski@usebrinks.com
rmallin@usebrinks.com
mmehta@usebrinks.com

Attorneys for Defendants
Royal Appliance Mfg. Co., d/b/a TTI Floor
Care North America, and Techtronic Industries
Co. Ltd.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                    /s/ Raymond P. Niro, Jr.
                                                  Attorney for Black & Decker