**UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL APPLIANCE MFG. CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Defendants. | CASE NO.:   08-CV-590 <br><br> Judge Blanche M. Manning <br> Magistrate Judge Arlander Keys |

**ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING THE OUTCOME OF THE REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,388,303**

Plaintiffs' decision to no longer oppose the pending Motion to Stay is not surprising given that they moved for a stay in another lawsuit under facts much less compelling than the ones here, and in view of the case law that clearly supports staying this case.  What is surprising, however, is plaintiffs' disingenuous statement about their "careful consideration" of the stay issue.  The reality is that plaintiffs gave "careful consideration" to the request for a stay back in March and decided to oppose it on the outside chance that the relevant facts and controlling law would somehow be ignored and the stay would be denied.  Indeed, plaintiffs even refused to grant a short extension on discovery until after this Court ruled on the Motion to Stay, and forced defendants to file a motion for an extension to answer plaintiffs' extensive discovery requests.  With nothing to lose, plaintiffs "carefully considered" how they could oppose the stay and the extension to see what they could get.  Fortunately, plaintiffs' "carefully considered" litigation strategy was not rewarded.

Now, in order to avoid the expense of filing a what would be a clearly baseless opposition to the Motion to Stay, plaintiffs have again "carefully considered" the situation to see

what they can salvage and have decided to no longer oppose the stay. However, consistent with their "carefully considered" tactics in originally opposing the stay and refusing to grant an extension of time for discovery responses, they have placed two conditions on their agreement. Neither of these limitations is warranted, and in fact one of them is designed with an ulterior purpose.

The first condition is that the stay order includes a date certain for filing the request for reexamination. There is no need for this limitation as the request for reexamination was filed on May 10, 2008 (Ex. 8).

The second condition is for "a provision for the disclosure of prior art by Defendants." However, there is also no need for this provision as defendants have in fact submitted in the request for reexamination all prior art printed publications and patents that presently form the basis for their invalidity positions under 35 U.S.C. §§ 102 and 103. In particular, the request for reexamination includes 20 prior art references that create numerous substantial new questions of patentability (*see* the Form PTO-1449 identifying the references that form the basis for the substantial new questions of patentability attached at Ex. 9).[1] Those same 20 prior art references form the present basis for defendants' invalidity positions under 35 U.S.C. §§ 102 and 103. While plaintiffs try to establish some sort of bad faith on behalf of the defendants because they "curiously rejected" a "basic stipulation," ***plaintiffs did not advise this Court that defendants in fact provided a counter stipulation*** (Ex. 10). Indeed, only by purposefully failing to identify the full correspondence about the "stipulation," and acting as if there was a flat out refusal are plaintiffs able to make the arguments that they now proffer to support their second limitation. The counter stipulation made clear that defendants would provide *all* printed publications and

---

[1] Plaintiffs' argument about "reserving" prior art for later is belied by the content of the request for reexamination itself. The request is 155 pages long, there are 36 claim charts totaling 824 pages submitted with the request, and the request sets forth 1509 substantial new questions of patentability in total for the 13 claims.

patents that would have been identified in response to plaintiffs' Interrogatory No. 1.b. that seeks the present basis for defendants' §§ 102 and 103 invalidity contentions (Ex. 10).  The proposal also made clear that the stipulation would not be used as a basis for precluding defendants from relying upon any prior art during the litigation.  This proposal was rejected by plaintiffs (Ex. 11). Plaintiffs, consistent with their prior "careful consideration" of seeing what they can get, are apparently hoping to obtain some type of language in the stay order that, should the '303 patent somehow emerge from the reexamination proceeding, they can use in an effort to preclude defendants from relying upon prior art that defendants either have not yet discovered, reviewed or analyzed, or applied to the claims of the patent-in-suit.  In essence, plaintiffs are attempting to require defendants to develop *all* invalidity positions now, before discovery has even begun. Such a requirement is improper as it would circumvent one of the main purposes for the stay, and is also unnecessary in view of the complete submission of prior art printed publications and patents in the request for reexamination that forms the present basis for defendants' invalidity contentions.[2]

Accordingly, for the foregoing reasons, this Court should order this case stayed pending the PTO's completion of the reexamination of U.S. Patent No. 5,388,303 and not include any limitations in the order as none are required.

---

[2] Plaintiffs' reliance on the *Sorensen* case is misplaced.  What plaintiffs failed to advise the Court is that in *Sorensen,* the plaintiff had several pending motions, including a motion to accelerate the patent invalidity disclosures which require a party to develop their invalidity positions.  The alleged primary reason for the motion to accelerate was so that the plaintiff could collect all of the prior art and submit it during the reexamination proceeding (that was initiated by Black & Decker).  The Court, however, denied that motion and the other pending motions (*see* Ex. 1 to response).

Dated:  May 15, 2008 Respectfully submitted,

/s/ Manish K. Mehta

Gary M. Ropski
Robert S. Mallin
Manish K. Mehta
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL  60611
Tel:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ROYAL APPLIANCE MFG. CO.'S AND TECHTRONIC INDUSTRIES CO. LTD'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING THE OUTCOME OF THE REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,388,303 is being served on the 15th day of May 2008, to the following attorney of record in the manner indicated.

Via filing with the Clerk of Court using the Case Management/electronic Case Filing ("CM/ECF") system:

>Raymond P. Niro, Jr.
>Niro, Scavone, Haller & Niro
>181 W. Madison Street – Suite 4600
>Chicago, IL   60602-4515
>
>Attorney for Plaintiffs, Black & Decker Inc.
>and Black & Decker (U.S.) Inc.
>
>
>/s/ Manish K. Mehta
>BRINKS HOFER GILSON & LIONE