## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 590 | **DATE** | May 23, 2008 |
| **CASE TITLE** | *Black & Decker, Inc. v. Royal Appliance Mfg., Co.* | | |

**DOCKET ENTRY TEXT**

The defendants' motion to stay [20-1] is granted. The case shall be placed on the court's suspense docket until such time as either party moves to lift the stay.

■[ For further details see text below.]

00:00

### STATEMENT

The plaintiffs Black & Decker, Inc. and Black & Decker (U.S.), Inc. have sued defendants Royal Appliance Mfg. Co. and Techtronic Indus. Co. Ltd. for patent infringement over technology used in two of the defendants' vacuum cleaners.

The defendants deny that the patent at issue—Black & Decker's '303 patent—is valid or enforceable. On May 10, 2008, the defendants filed with the U.S. Patent and Trademark Office a request that the '303 patent be reexamined. The defendants believe that upon reexamination and in light of prior art not previously considered, the PTO will agree with them that the '303 patent is invalid.

The defendants have asked the court to stay this case because reexamination by the PTO is likely and may well dispose of all of the claims raised in this case. In support, it cites numerous cases in which courts have stayed litigation pending the outcome of PTO reexamination proceedings. *See, e.g.*, *Hamilton Indus., Inc. v. Midwest Folding Prods Mfg. Corp.*, No. 89 CV 8696, *1990 WL 37642*, at *1 (N.D. Ill. Mar. 20, 1990) (stays pending PTO reexaminations conserve judicial resources, facilitate an efficient disposition of patent disputes, and are to be liberally granted).

Black & Decker does not oppose a stay, but wants it conditioned on the defendants' agreement that they will produce to either Black & Decker or the PTO all of the relevant prior art. The condition requested by Black & Decker is similar to the one imposed in *Sorensen v. Rally Manufacturing, Inc.*, No. 08 CV 60 (S.D. Cal. Apr. 25, 2008) (slip op.). In *Sorensen*, the court granted the defendant's request for a stay on the condition that the defendant "identify and submit any relevant prior art that is not already being considered by the United States Patent Office as soon as possible to facilitate the completion of the reexamination process within a reasonable time period." *Id.* at 2.

While the court in *Sorensen* conditioned its imposition of a stay on the defendant's full disclosure of prior art,

**STATEMENT**

the court did not cite any authority that requires such a condition be imposed, and Black & Decker has not cited any such authority. The court therefore declines to impose such a condition on the defendants in this case.

Moreover, the defendants assert in their reply brief that they "have in fact submitted in the request for reexamination all prior art printed publications and patents that presently form the basis for their invalidity positions." (R.32 at 3.) Because counsel for the defendants has represented, as an officer of the court, that his client has already given to the PTO all of the relevant prior art, the condition requested by Black & Decker appears to be unnecessary.

Accordingly, this case is stayed and placed on the court's suspense docket until such time as either party moves to lift the stay.

rs/cpb